**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Bytemark, Inc. ("Bytemark" or "Plaintiff"), files this Original Complaint against Defendant Masabi Ltd. ("Masabi" or "Defendant") and as claim for relief states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for patent infringement under the Patent Act.

**PARTIES**

2. Bytemark is a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036.

3. Bytemark is generally in the business of providing a secure mobile ticketing platform for transit, tourism, and events through smartphone apps, point-of-sale plugins, and open APIs. Bytemark is a market leader in providing mobile ticketing technologies to the transit industry and delivers a comprehensive platform that improves the ticket and payment experience for consumers and merchants.

4. On information and belief, Masabi is a United Kingdom corporation with its principal place of business at 56 Ayres Street, London, SE1 1EU, United Kingdom.

5. On information and belief, Masabi is in the business of offering for sale and selling mobile ticketing applications.

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

7. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35, U.S.C. § 1 *et seq.*

8. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

9. This Court has personal jurisdiction over Defendant because of Defendant's offering for sale and sale of its infringing mobile ticketing applications and systems in the State of Texas.

## BACKGROUND

10. Bytemark is the owner of all rights, title and interest in and to United States patent Nos. 8,494,967 ("the '967 Patent"), attached hereto as Exhibit A, and 9,239,993 ("the '993 Patent"), attached hereto as Exhibit B (collectively the "Patents-in-Suit").

11. The Patents-in-Suit disclose and claim Bytemark's V3 Ticketing Technology.

12. Bytemark offers for sale visual validation mobile ticketing applications and systems disclosed and claimed by the patents-in-suit including but not limited to the V3 Ticketing Technology.

13. On information and belief, Masabi is offering for sale and selling its visual validation mobile ticketing applications and systems that infringe at least claims 1, 17, and 18 of

the '967 Patent literally and/or under the doctrine of equivalents and at least claim 1 of the '993 Patent literally and/or under the doctrine of equivalents.

14. Masabi has sold its infringing visual validation applications and systems to the Massachusetts Bay Transportation Authority ("MBTA") in Boston, Massachusetts and the Southern California Regional Rail Authority ("Metrolink") in Los Angeles, California.

15. On information and belief, over the past few years, Masabi has offered for sale its infringing visual validation mobile ticketing applications and systems in Texas to Capital Metropolitan Transit Authority ("CMTA") in Austin, VIA Metropolitan Transit ("VIA") in San Antonio, Dallas Area Rapid Transit ("DART") in Dallas, and Metro Transit Authority of Harris County ("METRO") in Houston.

16. On information and belief, Masabi has also sold its infringing visual validation applications and systems to the New Orleans Regional Transit Authority ("RTA") and the Regional Transportation Commission of Southern Nevada ("RTC").

**COUNT ONE**
**INFRINGEMENT OF U. S. PATENT NO. 8,494,967**

17. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-16 herein.

18. Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 17, and 18 of the '967 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems in Texas and elsewhere in the U.S.

19. In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 17, and 18 of the '967

Patent indirectly by inducing the infringement of the '967 Patent claims by third parties including but not limited to MBTA, Metrolink, CMTA, VIA, DART, and METRO by inducing the purchase and use of the infringing systems and applications.

20. Masabi knowingly and specifically intended third parties to infringe the '967 Patent's claims. Masabi knew of the '967 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '967 Patent's claims by third parties.

21. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 17, and 18 of the '967 Patent indirectly by contributing to the infringement of the '967 Patent's claims by third parties, including without limitation, MBTA and Metrolink.

22. As a result of Masabi's infringement of the '967 Patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

23. Masabi's infringement of the '967 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '967 Patent.

24. Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '967 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Masabi from continuing such infringement.

**COUNT TWO**
**INFRINGEMENT OF U. S. PATENT NO. 9,239,993**

25. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-24 herein.

26. Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '993 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems in Texas and elsewhere in the U.S.

27. In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '993 Patent indirectly by inducing the infringement of the '993 Patent claims by third parties including but not limited to MBTA, Metrolink, CMTA, VIA, DART, and METRO by inducing the purchase and use of the infringing systems and applications.

28. Masabi knowingly and specifically intended third parties to infringe the '993 Patent's claims. Masabi knew of the '993 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '993 Patent's claims by third parties.

29. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claim 1 of the '993 Patent indirectly by contributing to the infringement of the '993 Patent's claims by third parties, including without limitation, MBTA and Metrolink.

30. As a result of Masabi's infringement of the '993 Patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

31. Masabi's infringement of the '993 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '993 Patent.

32. Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '993 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Masabi from continuing such infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Bytemark, Inc., prays for relief, as follows:

A. That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 8,494,967, together with all rights of recovery under such patent for past and future infringement thereof;

B. That United States Patent No. 8,494,967 is valid and enforceable in law and that Defendant has infringed said patent;

C. That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 9,239,993, together with all rights of recovery under such patent for past and future infringement thereof;

D. That United States Patent No. 9,239,993 is valid and enforceable in law and that Defendant has infringed said patent;

E. Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent Nos. 8,494,967 and 9,239,993, including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed;

F. That Defendant's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

G. Entering a preliminary and permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and

successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the patents-in-suit, including without limitation, from continuing to make, use, sell and/or offer for sale;

      H.    That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

      I.    Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: May 20, 2016          Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*