**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Bytemark, Inc. ("Bytemark" or "Plaintiff"), files this First Amended Complaint against Defendant Masabi Ltd. ("Masabi" or "Defendant") and as claim for relief states as follows:

## PRELIMINARY STATEMENT

1. This is an action for patent infringement under the Patent Act.

## PARTIES

2. Bytemark is a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036.

3. Bytemark is generally in the business of providing a secure mobile ticketing platform for transit, tourism, and events through smartphone apps, point-of-sale plugins, and open APIs. Bytemark is a market leader in providing mobile ticketing technologies to the transit industry and delivers a comprehensive platform that improves the ticket and payment experience for consumers and merchants.

4. On information and belief, Masabi is a United Kingdom corporation with its principal place of business at 37 Bevenden Street, London, United Kingdom N1 6BH.

5. On information and belief, Masabi is in the business of offering for sale and selling mobile ticketing applications.

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

7. This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

8. Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

9. This Court had personal jurisdiction over Defendant because of Defendant's offering for sale of its infringing mobile ticketing applications and systems in the State of Texas.

## BACKGROUND

10. Bytemark is the owner of all rights, title and interest in and to United States patent Nos. 8,494,967 ("the '967 Patent") and 9,239,993 ("the '993 Patent") (collectively the "patents-in-suit").

11. The patents-in-suit disclose and claim Bytemark's V3 Ticketing Technology.

12. Bytemark offers for sale the visual validation mobile ticketing applications and systems disclosed and claimed by the patents-in-suit including but not limited to the V3 Ticketing Technology.

13. Masabi is offering for sale and selling its visual validation mobile ticketing applications and systems, including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA, that infringe at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23,

and 34 of the '967 Patent (the "'967 asserted claims") literally and/or under the doctrine of equivalents and at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent (the "'993 asserted claims") literally and/or under the doctrine of equivalents.

14. Bytemark and Masabi are competitors in the niche mobile ticketing market. Competitors in this market frequently bid against each other to provide mobile ticketing services to municipalities and other entities across the nation.

15. As a competitor in this market, Masabi is aware of patents issued that disclose and claim inventions relevant to the mobile ticketing market. At least one of the patent-in-suit, the '967 Patent, has been previously asserted in a patent infringement action against another competitor in the mobile ticketing market and the case was the subject of national press.

16. On information and belief, Masabi has been aware of the inventions disclosed and claimed in the patents-in-suit since they were issued. Nevertheless, Masabi consciously decided to offer for sale, sell, and practice its infringing visual validation mobile ticketing applications and systems, including its infringing products and systems, the Masabi-NICE gomobile and Masabi-mticket MBTA.

17. Masabi has sold its infringing visual validation applications and systems to the Massachusetts Bay Transportation Authority ("MBTA") in Boston, Massachusetts, the Southern California Regional Rail Authority ("Metrolink") in Los Angeles, California, and Nassau Inter-County Express in Nassau County, New York ("NICE").

18. On information and belief, over the past few years, Masabi has offered for sale its infringing visual validation mobile ticketing applications and systems in Texas to Capital Metropolitan Transit Authority ("CMTA") in Austin, VIA Metropolitan Transit ("VIA") in San

Antonio, Dallas Area Rapid Transit ("DART") in Dallas, and Metro Transit Authority of Harris County ("METRO") in Houston.

19. On information and belief, Masabi has also sold its infringing visual validation applications and systems to New Orleans Regional Transit Authority ("RTA") and Regional Transportation Commission of Southern Nevada ("RTC").

20. Masabi has and continues to market its infringing Masabi-NICE gomobile and Masabi-mticket MBTA applications and systems through press releases, case studies, and demonstrative online videos.

## COUNT ONE
## INFRINGEMENT OF U. S. PATENT NO. 8,494,967

21. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-20 herein.

22. Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA in Texas and elsewhere in the U.S.

23. In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by inducing the infringement of the '967 asserted claims by its customers including but not limited to MBTA, Metrolink, CMTA, VIA, DART, NICE, and METRO by encouraging these customers and others to purchase and use the

4

infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket MBTA.

24. Masabi knowingly and specifically intended its customers infringe the '967 asserted claims. As a close competitor in the niche mobile ticketing market, Masabi has had actual notice of the '967 Patent no later than the filing of Plaintiff's Original Complaint and on information and belief, Masabi has had knowledge of the '967 Patent at the time of its issuance and/or soon thereafter.

25. Despite actual notice of infringement, Masabi continues to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for its infringing applications with the knowledge or willful blindness that its conduct will induce its customers to infringe the '967 asserted claims.

26. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by contributing to the infringement of the '967 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

27. Masabi has contributed and continues to contribute to the infringement of at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent because it knew that its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use.

28. As a result of Masabi's infringement of the '967 asserted claims, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that is adequate to

compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

29. Masabi's infringement of the '967 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '967 Patent.

30. Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '967 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Masabi from continuing such infringement.

**COUNT TWO**
**INFRINGEMENT OF U. S. PATENT NO. 9,239,993**

31. Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-30 herein.

32. Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA in Texas and elsewhere in the U.S.

33. In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent indirectly by inducing the infringement of the '993 asserted claims by its customers including but not limited to MBTA, Metrolink, CMTA, VIA, DART, NICE, and METRO by inducing the purchase and use of the infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket MBTA.

34. Masabi knowingly and specifically intended third parties to infringe the '993 Patent's claims. As a close competitor in the niche mobile ticketing market, Masabi has had actual notice of the '967 Patent no later than the filing of Plaintiff's Original Complaint and on information and belief, Masabi has had knowledge of the '967 Patent at the time of its issuance and/or soon thereafter.

35. Despite actual notice of infringement, Masabi continues to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for its infringing applications with the knowledge or willful blindness that its conduct will induce its customers to infringe the '993 asserted claims.

36. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent indirectly by contributing to the infringement of the '993 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

37. Masabi has contributed and continues to contribute to the infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent because it knew that its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use.

38. As a result of Masabi's infringement of the '993 asserted claims, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that is adequate to

compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

39. Masabi's infringement of the '993 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '993 Patent.

40. Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '993 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Masabi from continuing such infringement.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief, as follows:

A. That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 8,494,967, together with all rights of recovery under such patent for past and future infringement thereof;

B. That United States Patent No. 8,494,967 is valid and enforceable in law and that Defendant has infringed said patent;

C. That Plaintiff is the owner of all right, title, and interest in and to United States Patent No. 9,239,993, together with all rights of recovery under such patent for past and future infringement thereof;

D. That United States Patent No. 9,239,993 is valid and enforceable in law and that Defendant has infringed said patent;

E. Awarding to Plaintiff its damages caused by Defendant's infringement of United States Patent Nos. 8,494,967 and 9,239,993, including an assessment of pre-judgment and post-judgment interest and costs, and an award of supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting, as needed;

F. That Defendant's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284.

G. Entering a preliminary and permanent injunction against Defendant, its officers, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of the patents-in-suit, including without limitation, from continuing to make, use, sell and/or offer for sale;

H. That this is an exceptional case and awarding to Plaintiff its costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

I. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: September 30, 2016

Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

Darius Keyhani
Meredith & Keyhani, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com

9

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 30th day of September, 2016. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____

Andy Tindel