**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI LTD'S RENEWED MOTION AND BRIEF IN SUPPORT OF**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Masabi Ltd. ("Masabi')
moves to dismiss all of Plaintiff Bytemark, Inc's ("Bytemark") claims and causes of action
because its First Amended Complaint for Patent Infringement ("Complaint"), (Dkt. No. 36), fails
to state a claim upon which relief can be granted. The issue presented here is should this court
grant this motion and dismiss this suit where Plaintiff has failed to meet the pleading
requirements. We answer in the affirmative.

## I.      BACKGROUND

On May 20, 2016 Bytemark filed suit asserting infringement of U.S. Patent Nos.
9,239,993 ("'993 patent"), and 8,494,967 ("967 patent"), both entitled "Method And System For
Distributing Electronic Tickets With Visual Display".  On September 16, 2016 Masabi filed a
Motion To Dismiss For Failure To State A Claim, (Dkt. No. 26). Instead of responding to
Masabi's motion to dismiss and correcting the defects in the Complaint, Plaintiff responded on
September 30, 2016 by filing its First Amended Complaint, (Dkt. No. 36).

Plaintiff's First Amended Complaint failed to address the same issues that were raised in Masabi's Motion To Dismiss (Dkt. No. 36).   Thus, the amended complaint fails due to the same defects as were in the original complaint. Moreover, Plaintiff's Amended Complaint not only repeats the same mistakes from those set forth in the original May 2016 Complaint,  but Plaintiff now doubles down on those defects by now adding 30 new patent claims to the complaint.   That is, the original complaint asserted 4 claims were infringed, and now Plaintiff asserts 34 claims are infringed. Asserting more patent claims, each of which are defectively plead and thus non-compliant under Rule 12(b)(6), does not make the complaint compliant.   Masabi submits that Plaintiff's Amended Complaint again fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  This motion should be granted.

## II.     THE DEFECTIVE COMPLAINT

According to their abstract, the '993 and '967 patents are directed to "a novel system and method for distributing electronic ticketing such that the ticket is verified at the entrance to venues by means of an animation or other human perceptible verifying visual object that is selected by the venue for the specific event."  ('993 patent, Dkt. No. 1-2).

Plaintiff's original complaint only asserted claims 1, 17, and 18 of the '967 Patent and claim 1 of the '993 Patent.  Plaintiff now asserts claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent are infringed literally and/or under the doctrine of equivalents.  Further Plaintiff now asserts claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent are infringed literally and/or under the doctrine of equivalents.

Claim 1 of the '967 patent requires:

2

A method by a server system for obtaining visual validation of the possession of a purchased electronic ticket on a user's computer device for presentation to a ticket taker comprising:

> receiving from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object that confirms that the user possesses the previously purchased electronic ticket for utilization of a service monitored by the ticket taker, the visual validation display object configured to be readily recognizable visually by the ticket taker;

> receiving from the user's computer device a token associated with the received request; determining whether a token associated with the purchased electronic ticket has been stored in a data record associated with the received request, and if it has, whether the received token is valid; and

> in dependence on the determination that the received token is valid, causing an activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object that causes upon visual recognition by the ticket taker, the user to be permitted to utilize the service monitored by the ticket taker.

Claim 17 of the '967 patent requires:

A non-transitory computer readable data storage medium containing computer program code that when loaded and executed by a computer system causes the computer system to perform a method for obtaining visual validation of the possession of a purchased

electronic ticket on a user's computer device for presentation to a ticket taker comprising the steps of:

> receiving from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object that confirms that the user possesses the previously purchased and valid electronic ticket for utilization of a service monitored by the ticket taker, the visual validation display object configured to be readily recognizable visually by the ticket taker;

> receiving from the user's computer device a token associated with the received request;

> determining whether a token associated with the purchased electronic ticket has been stored in a data record associated with the received request, and if it has, whether the received token is valid; and

> in dependence on the determination that the received token is valid, causing an activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object that causes upon visual recognition by the ticket taker, the user to be permitted to utilize the service monitored by the ticket taker.

Claim 18 of the '967 patent requires:

A system for obtaining visual validation of the possession of a purchased electronic ticket on a user's computer device for presentation to a ticket taker comprising one or more computers operatively connected that are configured to:

receive from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object that confirms that the user possesses the previously purchased and valid electronic ticket for utilization of a service monitored by the ticket taker, the visual validation display object configured to be readily recognizable visually by the ticket taker;

receive from the user's computer device a token associated with the received request;

determine whether a token associated with the purchased electronic ticket has been stored in a data record associated with the received request, and if it has, whether the received token is valid; and

in dependence on the determination that the received token is valid, cause an activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object that causes upon visual recognition by the ticket taker, the user to be permitted to utilize the service monitored by the ticket taker.

Claim 1 of the '993 patent requires:

A method performed by a computer system for displaying visual validation of the possession of a previously purchased electronic ticket for utilization of a service monitored by a ticket taker comprising:

transmitting a token associated with a previously purchased electronic ticket to a remote display device,

wherein the token is a unique alphanumeric string, and

wherein a copy of the unique alphanumeric string is stored on a central computer system;

validating the token by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system to provide a ticket payload to the remote display device;

securing a validation display object prior to transmission to provide a secured validation display object;

transmitting to the remote display device a secured validation display object associated; with the ticket payload; and

enabling the remote display device to display the secured validation display object upon validation of the token for visual recognition by the ticket taker or preventing the remote display device from displaying the secured validation display object in the event that the token is not validated.

Claim 8 of '993 patent requires:

A system for validating previously purchased electronic tickets for utilization of a service monitored by a ticket taker, comprising:

a central computer system and

at least one remote display device operatively connected to the central computer system over a data communication network,

wherein the central computer system:

transmits a token associated with the previously purchased electronic ticket to the at least one remote display device,

wherein the token is a unique alphanumeric string, and

wherein a copy of the unique alphanumeric string is stored on the central computer system; and

upon a request received in the at least one remote display device, validates the token associated with the previously purchased electronic ticket by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system to provide a ticket payload to the at least one remote display device;

secures a validation display object prior to transmission to provide a secured validation display object;

transmits to the remote display device over the data communication network the secured validation display object associated with the ticket payload, and

wherein the remote display device:

enables display of the secured validating display object upon validation of the token for visual recognition by the ticket taker or prevents the remote display device from displaying the secured validation display object in the event that the token is not validated.

The Amended Complaint at paragraphs 16, 18 and 19 is replete with phrases such as "on information and belief". For both asserted patents, Plaintiff accuses Masabi of direct (literal and doctrine of equivalents), indirect and contributory infringement. (*Id.* at ¶¶ 13, 23, 26-27, 32-33, 34, and 36-37).

Masabi submits that Plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In particular, Plaintiff's complaint does not adequately plead direct infringement because they do not identify any specific application or system that

purportedly literally infringes either patent or any features or processes of these unidentified applications or systems that purportedly read on any elements of claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent or claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent.

Additionally, Plaintiff's Complaint fails to adequately plead indirect infringement because they do not identify any facts plausibly showing that Defendant possessed the specific intent to encourage its customers to infringe any of the 34 asserted claims. Plaintiff's Complaint fails to adequately plead contributory infringement because they do not allege which component(s) are sold by Defendant or any facts regarding the Defendant's knowledge that any accused products sold were especially made or adapted for infringing use. And finally, Plaintiff's Complaint fails to adequately plead willful infringement because they do not articulate how the Defendant's making, using or offering for sale any product amounted to an egregious case of infringement of either patent and make no factual allegations regarding any products or components of products that infringe on any specific claim elements of the '967 or '993 patent. Accordingly, this motion should be granted.

### III.    LEGAL STANDARD

To survive a motion to dismiss, the Plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court must accept as true all factual allegations of the complaint, *Erickson v.Pardus*, 551 U.S. 89, 94 (2007), the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*

While a plaintiff is allowed to plead claims upon information and belief, "the complaint must set forth the basis for such belief." *United States ex rel Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003).

When presented with a motion to dismiss for failure to state a claim, the Court must conduct a two-part analysis. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). First, the district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, the district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Id.* Put another way, a complaint must do more than aver that the plaintiff is entitled to relief; it must "show" such an entitlement through its facts. *S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citation omitted).  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.  The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby v. City of Aberdeen*, 681 F.3d 217 (5th Cir. 2012).

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. §

271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of infringement alone, however, is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp.*, 471 at 1306.

To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005); *Ruby Sands v. American National Bank Of Texas*, No. 2:15-cv-1955, pp 4-5 (E.D. Tex. June 28, 2016).

## IV.     ANALYSIS

### A.  Direct Infringement

#### a.  Plaintiff Failed to Plead Literal Infringement

Regarding the '967 patent, Plaintiff at paragraph 22 alleged:

> Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including

10

the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket

MBTA in Texas and elsewhere in the U.S.

Regarding the '993 patent, Plaintiff at paragraph 32 alleged:

> Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to
>
> infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3,
>
> 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent by
>
> offering for sale, using, and/or selling, distributing, promoting or providing for
>
> use by others the infringing visual validation mobile ticketing applications and
>
> systems including the exemplary products/systems the Masabi-NICE gomobile
>
> and Masabi-mticket MBTA in Texas and elsewhere in the U.S.

Plaintiff's allegations fail to comply with the pleading requirements of Federal Rule of

Civil Procedure 8, and as set forth by the Supreme Court in *Twombly* and *Iqbal*.  Rule 8(a)(2)

requires that a complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and

the grounds upon which it rests." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-

751-JDL, 2015 WL 5000397, at *2 (E.D. Tex June 3, 2015) (quoting *Twombly*, 550 U.S. at 545).

In the present case, Plaintiff must "plead facts sufficient to place the alleged infringer on notice

as to what he must defend." *Id.* at *2.  Although "detailed factual allegations are not required, a

complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible

on its face." *Id*. at *2 (internal citations omitted).  Plaintiff Bytemark's Amended Complaint does

not meet these standards.  It merely states that Defendant allegedly infringes claims 1, 2, 3, 4, 5,

6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent, and claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent, by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA in Texas and elsewhere in the U.S.  (Complaint at ¶ 22, 32).   The simple recitation of patent claim numbers combined with the term "infringing visual validation mobile ticketing applications and systems" and then referencing two Masabi systems in Texas fails to provide Defendant with proper notice of what is alleged to be infringed. Without even a basic assertion of how any Masabi product allegedly infringes any claim elements of the asserted claims, Masabi has not been provided fair notice of the grounds upon which any claim rests or sufficient facts, even if accepted as true, that any such claim may be plausible on its face.

Masabi does not now, nor has it ever, had any product operating in Texas.   The Complaint does not identify any product sold anywhere else in the United States.  Further it does not identify any features or processes that purportedly read on any elements of the '967 or '993 patent claims.  In fact the Complaint fails to discuss any claim elements applied to any features of the accused system.  Instead the sole reference in the Complaint is to "visual validation mobile ticketing applications and systems" which encompasses a wide range of mobile ticketing applications and systems that are not encompassed by either the '967 patent or the '993 patent.

The Complaint further fails to provide any factual basis for the allegation that Defendant has literally infringed claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent, and claims 1-17 and 22-24 of the '993 Patent, as it fails to properly identify what features of any specific application either offered for sale or sold. Furthermore the Complaint has not identified

12

any aspect of any Defendant product that relates to the recited language of the '967 or the '993 patent.  It is well-settled that "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Core Wireless*, 2015 WL 5000397, at *4.

In addition, each of claim 1, 17 and 18 of the '967 patent require "receiving from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object that confirms that the user possesses the previously purchased … electronic ticket."  The Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that requests verification of a previously purchased ticket or requests the obtaining of a visual validation display object to confirm such possession.  Similarly, claims 1, 17, and 18 of the '967 patent require that any infringing system "receive from the user's computer device a token associated with the received request."  Again, the Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that receives a token associated with a received request to verify purchase of a previously purchased electronic ticket.

Finally, claims 1, 17 and 18 of the '967 patent require that an infringing system "in dependence on the determination that the received token is valid, causing an activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object."  The Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that transmits a data file comprising a visual validation display object in response to the determination that a token associated with a received request to validate a previously purchased ticket is valid.  To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention during

the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a).  Plaintiff has not pled any facts to support that the Defendant has directly infringed any asserted claim of the '967 patent. Plaintiff's claim for direct infringement of claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 patent should be dismissed.

Independent claim 1 of the '993 patent requires "transmitting a token associated with a previously purchased electronic ticket to a remote display device."  Independent claim 8 of the '993 patent requires "transmits a token associated with a previously purchased electronic ticket to the at least one remote display device."  The Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that transmits a token associated with a previously purchased ticket.

Independent claim 1 of the '993 patent further requires "validating the token by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system to provide a ticket payload to the remote display device." Independent claim 8 of the '993 requires "upon a request received in the at least one remote display device, validates the token associated with the previously purchased electronic ticket by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system to provide a ticket payload to the at least one remote display device."  The Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that validates a token associated with a previously purchased ticket to obtain a ticket payload.

Independent claim 1 of the '993 patent also requires "enabling the remote display device to display the secured validation display object upon validation of the token" and " preventing the remote display device from displaying the secured validation display object in the event that

the token is not validated." Independent claim 8 of the '993 patent requires the feature "enables display of the secured validating display object upon validation of the token for visual recognition by the ticket taker or prevents the remote display device from displaying the secured validation display object in the event that the token is not validated." The Complaint does not identify any process in any system made, used, offered for sale or sold by Defendant that enables or prevents a visual validation object from displaying based on the validation of a token associated with a previously purchased ticket.

Plaintiff's Complaint for direct infringement fails to identify any claim element that is present in any feature of any accused system. Accordingly, Plaintiff has not pled any facts to support that the Defendant has directly infringed independent claims 1 or 8 of the '993 patent, nor any other asserted claim of the '993 patent. Likewise Plaintiff has not pled any facts to support that the Defendant has directly infringed independent claims 1, 17 and 18 of the '967 patent, nor any other asserted claim of the '967 patent. The case should be dismissed.

**b.  Plaintiff Failed to Plead Infringement By The Doctrine Of Equivalence**

The Plaintiff has pled infringement under the doctrine of equivalence of claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent  and claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent. (Complaint, Dkt. 36, ¶¶13 and 23). However, Plaintiff has failed to identify which elements of the accused Masabi system is an equivalent to any corresponding claim element of any of the 34 asserted claims. In fact, as supported above, Plaintiff has failed to identify any elements of any specific accused Masabi system at all that infringe either literally or under the doctrine of equivalents. The pleading of infringement under the doctrine of equivalents is entirely void of any factual pleading regarding any alleged elements of any Masabi system or how any of these alleged elements of any Masabi

system read on any element of any claim of  the '967 or '993 patent.  Plaintiff's pleading of infringement under the doctrine of equivalents does not even rise to a threadbare recital of the elements of any claim.  Plaintiff's claims for infringement under the doctrine of equivalents should be dismissed.

### B. Indirect/Inducement Infringement

Plaintiff failed to plead Masabi 1) specifically intended for its customers to infringe either of the asserted patents, and 2) knew that its customer's acts constituted infringement.  *In re Bill of Lading Transmissions & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2013).

Regarding the '967 patent, Plaintiff at paragraphs 23-25 alleged:

23. In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by inducing the infringement of the '967 asserted claims by its customers including but not limited to MBTA, Metrolink, CMTA, VIA, DART, NICE, and METRO by encouraging these customers and others to purchase and use the infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket MBTA.

24. Masabi knowingly and specifically intended its customers infringe the '967 asserted claims. As a close competitor in the niche mobile ticketing market, Masabi has had actual notice of the '967 Patent no later than the filing of Plaintiff's Original Complaint and on information and belief, Masabi has had knowledge of the '967 Patent at the time of its issuance and/or soon thereafter.

25. Despite actual notice of infringement, Masabi continues to perform affirmative Acts that constitute infringement including offering for sale, selling, distributing,

promoting, or providing support and back-end management and service for its

infringing applications with the knowledge or willful blindness that its conduct will

induce its customers to infringe the '967asserted claims.

Here, Plaintiff's Amended Complaint for both of the asserted patents does not meet the

pleading standard for induced infringement. To state a claim for induced infringement under 35

U.S.C. § 271(b), Plaintiff must plead facts demonstrating that Defendant "actively induce[d]

infringement of a patent." 35 U.S.C. §271(b). A claim for induced infringement under 35 U.S.C.

§271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant

knowingly induced the infringement with the specific intent to encourage the other's

infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp*., 420 F.3d 1369,

1378 (Fed. Cir. 2005). The intent element requires that the defendant "[know] that the induced

acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060,

2068 (2011); *see also DSU Med. Corp.,* 471 F.3d at 1306 (Fed. Cir. 2006) ("[I]nducement

requires that the alleged infringer knowingly induced infringement and possessed specific intent

to encourage another's infringement."). Thus, the complaint must contain facts plausibly

showing that the defendant (1) specifically intended for its customers to infringe the asserted

patent, and (2) knew that the customer's acts constituted infringement. *In re Bill of Lading at*

1339.

The Complaint does not contain any facts plausibly showing that Defendant possessed

the specific intent to encourage its customers to infringe either the '967 patent or the '993 patent.

The Complaint is entirely devoid of any facts in support of allegations of direct infringement not

to mention any facts that could in any way be construed as showing that Defendant knew its

customer's acts constituted (alleged) infringement or knowingly and with intent encouraged such

(alleged) infringement.   Plaintiff's claims for indirect/inducement of infringement should be dismissed.

### C.  <u>Contributory Infringement</u>

Plaintiff's contributory infringement claim failed to allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc.*, 424 F.3d at 1312 (Fed. Cir. 2005).  Further, Plaintiff's Complaint failed to include specific, non-conclusory factual allegations demonstrating that the defendant offered to sell or sold a "component…for use in practicing a patented process constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent" and the component sold or offered for sale has no "substantial noninfringing use…." 35 U.S.C. § 271(c); See *In re Bill of Lading*, 681 F.3d at 1332 n.4, 1337.

Instead, Plaintiff's only contributory infringement assertions regarding the '967 patent are found in paragraphs 26-27:

> 26. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by contributing to the infringement of the '967 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

> 27. Masabi has contributed and continues to contribute to the infringement of at Least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent because it knew that its applications and systems it offers for sale and sells,

18

including but not limited to its Masabi-NICE gomobile and Masabi-mticket

MBTA, are infringing and are not suitable for substantial noninfringing use.

Likewise, Plaintiff's contributory infringement assertion regarding the '993 patent is found in paragraphs 36-37:

36. In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent indirectly by contributing to the infringement of the '993 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

37. Masabi has contributed and continues to contribute to the infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent because it knew that its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use.

Here, Plaintiff's complaint for both of the asserted patents failed to allege any facts that plausibly raise a claim for contributory infringement. The Complaint makes the most threadbare recitation that Defendant is liable for contributory infringement. The Complaint fails to allege which component(s) are sold by Defendant. The Complaint fails to contain any facts regarding the Defendant's knowledge that any accused products sold were especially made or adapted for infringing use. The Complaint has further failed to allege what, if any, elements of any asserted patent are alleged to be infringed by the "third parties". The Defendant is left with mere conjecture as to not only which products the Plaintiff accuses, but what elements of such

products allegedly infringe the asserted patents and which elements of the accused products may be allegedly infringed by third parties.  The Complaint is also devoid of any facts to support that any of Defendant's products or their use by third parties have no substantial non-infringing uses. The Complaint lacks any allegations that could establish Defendant's liability for contributory infringement.  Therefore, Plaintiff's claims for contributory infringement should be dismissed.

### D. <u>Willful Infringement</u>

The Supreme Court of the United States has recently modified the standard for willful infringement in *Halo Electronics, Inc. v. Pulse Electronics, Inc.,* 136 S. Ct. 1923 (2016).  The Supreme Court held that a court should exercise its discretion as provided in 35 U.S.C. § 284 in order to determine whether to award enhanced damages, and in doing so the focus should be on whether the patentee has shown that this is an "egregious case of misconduct beyond typical infringement." *Id.* at 1932-36; *see also id* at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (emphasis in original); *PPC Broadband, Inc. v. Corning Optical Commc'ns. RF, LLC*, 5:11-cv-761(GLS/DEP),2016 WL 3365437, at *5 (N.D.N.Y. June 16, 2016).

Regarding the '967 patent, Plaintiff at paragraph 29 alleged:

> Masabi's infringement of the '967 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '967 Patent.

Regarding the '993 patent, Plaintiff at paragraph 39 alleged:

> Masabi's infringement of the '993 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '993 Patent.

Plaintiff failed adequately to plead a claim for willful infringement.  Instead, Plaintiff only made a general averment with no facts and no context for its willful infringement claim. The Complaint does not articulate how the Defendant's making, using or offering for sale any product amounted to an egregious case of infringement of the patent.  In fact, the Complaint makes no factual allegations regarding any products or components of products that infringe on any specific claim elements of the '967 or '993 patent.   The Complaint does not articulate any knowledge of infringement, contributory infringement, or inducement of infringement from which such egregious behavior could possibly be derived.  The Complaint lacks any allegations that could establish Defendant's liability for willful infringement.  Therefore, Plaintiff's claims for willful infringement should be dismissed.

### E.   Plaintiff Should Be Precluded From Asserting 30 New Claims

In Plaintiff's May 2016 Complaint (Dkt. No. 1) only 4 claims, i.e., claims 1, 17 and 18 of the '967 patent and claim 1 of the '993 patent were pled. No other claims were even mentioned, much less plausibly pled.  Here, Plaintiff has expanded its Amended Complaint to now assert 34 claims - again each of which have been improperly pled.

Defendant moves to preclude Plaintiff from amending its complaint to the now asserted 34 claims. Rule 8 required the Complaint to give the defendant fair notice of what the claims are – at the outset of this suit.  Plaintiff failed to do so with the initial 4 claims that were asserted. It should be precluded now from expanding its case by asserting an additional 30 claims which suffer from the same defects as the original 4 asserted claims.

## V.      CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted and this case should be dismissed with prejudice. If the Court should deny Defendant's motion, then Defendant courteously requests thirty (30) days to file a response to the Complaint.

Dated:  October 21,  2016

Respectfully submitted,

FISHMAN STEWART PLLC

By:      */s/ Douglas P. LaLone* (P45751)
Douglas P. LaLone (P45751)
Thomas E. Donahue (P57089)
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel.: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com


SHANNON, GRACEY, RATLIFF & MILLER LLP

By:      */s/ Kasia Brozynski* (24036277)
Kasia Brozynski
Texas Bar No. 24036277
Antonio S. Devora
Texas State Bar No. 24074133
Sorana G. Ban
Texas State Bar No. 24061520
901 Main Street, Suite 4600
Dallas, Texas 75202
(214) 245-3068 Telephone
(214) 245-3097 Fax
Email: kbrozynski@shannongracey.com
adevora@shannongracey.com
sban@shannongracey.com

*Attorneys for Defendant Masabi Ltd.*

22

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 21st day of October 2016.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

By:   */s/ Katarzyna Brozynski*_____
Katarzyna Brozynski