**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED, |
| | § | |
| Defendant. | § | **PATENT CASE** |

**PLAINTIFF BYTEMARK, INC.'S OPPOSITION TO DEFENDANT MASABI LTD.'S RENEWED MOTION AND BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Bytemark, Inc. ("Plaintiff" or "Bytemark") hereby opposes Defendant Masabi Ltd.'s ("Defendant" or "Masabi") Renewed Motion and Brief in Support of Motion to Dismiss for Failure to State a Claim ("Renewed Motion to Dismiss").

**I.      INTRODUCTION**

On May 20, 2016 Bytemark filed a complaint ("Original Complaint") alleging that Masabi infringed various claims of U.S. patent Nos. 8,494,967 ("the '967 Patent") and 9,239,993 ("the '993 Patent") (collectively the "Patents-in-Suit"). *See* Pl.'s First Amended Complaint ("Amended Complaint") (Dkt. No. 1). On September 16, 2016 Masabi filed a motion to dismiss Bytemark's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On September 30, 2016 Plaintiff filed its First Amended Complaint. (Dkt. No. 36). Masabi filed its Renewed Motion to Dismiss 21 days later, on October 21, 2016. (Dkt. No. 39).

The Court should deny Masabi's Renewed Motion to Dismiss for the following four reasons. First, Defendant's argument that Plaintiff should be precluded from asserting additional

patent claims in its First Amended Complaint is baseless as Plaintiff was entitled to amend its complaint as a matter of course consistent with Rule 15(a)(1)(B). Second, Masabi's Renewed Motion to Dismiss is procedurally defective as it is untimely. Masabi's Renewed Motion to Dismiss was filed four days after its response was due under Rule 15(a)(3).

Third, Plaintiff's allegations that Masabi infringed the asserted claims of the Patents-in-Suit directly, by inducement, and contributory well exceed Rule 8(a)'s notice pleading standard. Finally, Bytemark's allegations of willful infringement are more than sufficient to meet the applicable pleading standards and provide Masabi with sufficient notice. Accordingly, Masabi's Renewed Motion to Dismiss should be denied.

## II. STANDARD OF REVIEW

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *3 (E.D. Tex. Apr. 26, 2016). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). "The test at this initial stage is not one of ultimate success or even probable success on the merits." *Erfindergemeinschaft*, 2016 WL 1643315, at *3. In the patent context, a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:13-CV-507, 2016 WL 4204136, at *2–3 (E.D. Tex. Aug. 9, 2016). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *1 (E.D. Tex. Aug. 10, 2012). "A district

2

court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wright v. Nationwide Mut. Ins. Co.*, No. 6:09 CV 183, 2010 WL 278482, at *1 (E.D. Tex. Jan. 19, 2010).

III. **ARGUMENT**

A. **Plaintiff's First Amended Complaint comports with Federal Rule of Civil Procedure 15(a)(1)(B) and Defendant's Renewed Motion to Dismiss is untimely and should be discarded**

Plaintiff's First Amended Complaint was properly filed under Federal Rule of Civil Procedure 15(a)(1)(B) and Defendant's Renewed Motion to Dismiss is untimely and should be discarded. First, Defendant argues that Plaintiff should be limited to the claims asserted in its Original Complaint. Defendant cites no law to support its assertion – nor can it. Under Rule 15(a)(1)(B) a party may amend its pleading once as a matter of course within 21 days after service of a motion to dismiss under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant filed its Motion to Dismiss on September 16, 2016 and Plaintiff filed its First Amended Complaint on September 30, 2016 – 14 days later. Thus, Plaintiff's First Amended Complaint was properly filed within 21 days of Defendant's service of its Motion to Dismiss and the additional claims asserted therein should not be excluded.

Second, as a procedural matter, the Court should discard Masabi's Renewed Motion to Dismiss because it is untimely. Under Rule 15(a)(3), "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Here, Masabi filed its Renewed Motion to Dismiss 21 days after service of Bytemark's amended pleading. Accordingly, its Renewed Motion to Dismiss is procedurally defective and should not be considered by the Court.

### B. The allegations contained in Plaintiff's First Amended Complaint sufficiently state its infringement claims

Bytemark's claims of: (1) direct infringement; (2) inducement; and (3) contributory infringement satisfy the pleading requirements of Rule 8(a)(2).

#### 1. Bytemark's direct infringement claims are sufficiently pled

Plaintiff's direct infringement allegations far exceed Rule 8(a)(2)'s pleading requirements and provide Masabi with sufficient notice of which of its products allegedly infringe the Patents-in-Suit. In addition to identifying each of the asserted claims of each of the Patents-in-Suit, Plaintiff's First Amended Complaint identifies the category of product accused of infringement, Masabi's visual validation mobile ticketing application and system, and specifically identifies exemplary products by name, the Masabi-NICE gomobile and the Masami-mticket MBTA. *See* Amended Complaint at ¶¶ 13, 16, 20, 22, and 32 (Dkt. No. 36).

Defendant's argument that Plaintiff's direct infringement claims are insufficient because they do not describe how any Masabi product infringes on a claim-element by claim-element basis is inconsistent with Rule 8(a)(2). In this jurisdiction, such information is typically provided during discovery in the form of a plaintiff's infringement contentions pursuant to Patent Local Rule 3-1. *See* P.R. 3-1; *WiAV Networks, LLC v. 3com Corp.*, No. CIV.A. 5:09-CV-101DF, 2009 WL 6048922, at *3 (E.D. Tex. Dec. 15, 2009). "Thus, the infringement contentions - not the complaint - must provide the information [the defendant] seeks regarding how its accused products allegedly infringe the asserted claims." *WiAV Networks*, 2009 WL 6048922, at *3. Notwithstanding, Defendant received all of this information before Plaintiff filed its First Amended Complaint by way of Bytemark's Infringement Contentions, which were served on September 16, 2016. (Dkt. No. 27).

Additionally, Defendant's claim that the First Amended Complaint does not identify any product sold anywhere else in the United States is categorically untrue.  Plaintiff specifically identifies multiple parties within the U.S., by city and state, that Masabi has sold or offered to sell its infringing systems and applications to.  *See* Amended Complaint at ¶¶ 17, 18, 19, 23, 26, 33, and 36.  For example, Plaintiff states "Masabi has sold its infringing visual validation applications and systems to the Massachusetts Bay Transportation Authority ("MBTA") in Boston, Massachusetts, the Southern California Regional Rail Authority ("Metrolink") in Los Angeles, California, and Nassau Inter-County Express in Nassau County, New York ("NICE").  *Id.* at ¶ 17.  In sum, the allegations contained in Bytemark's First Amended Complaint provide Masabi with ample notice and far exceed the pleading requirements of Rule 8(a)(2).

### 2. Plaintiff's inducement claims satisfy Rule 8(a)

For an inducement claim to survive a motion to dismiss, a "[c]omplaint must contain sufficient facts plausibly showing that Defendants specifically intended a third party to infringe the [ ] patent and knew the third party's acts constituted infringement." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-CV-229, 2012 WL 9864381, at *4 (E.D. Tex. July 27, 2012).  The intent element requires only that the defendant knew the induced acts constitute infringement and this knowledge may arise when Plaintiff files suit.  *Content Guard Holdings, Inc. v. Amazon.com, Inc.,* No. 2:13-CV-1112-JRG, 2015 WL 1432158, at *2 (E.D. Tex. Mar. 30, 2015); *InMotion* Imagery, 2012 WL 3283371, at *3 ("Failing to allege pre-suit knowledge of the patent "is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period").

Defendant's argument that Bytemark fails to plead that Masabi specifically intended for its customers to infringe each of the asserted patents and knew that its customer's acts constituted infringement is without merit.  Bytemark's First Amended Complaint identifies the customers Masabi induced, including but not limited to MBTA, Metrolink, CMTA, VIA, DART, NICE, and METRO, and states that Masabi violates 35 U.S.C. § 271(b) "by encouraging these customers and others to purchase and use the infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket MBTA."  *See* Amended Complaint at ¶¶ 17, 18, 23, 33 (Dkt. No. 36).  Bytemark's Original Complaint contains similar allegations.  *See* Pl.'s Original Complaint at ¶¶ 19 and 27 (Dkt. No. 1).  In addition, Bytemark also asserts that "[d]espite actual notice of infringement, Masabi continues to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and services for its infringing applications with the knowledge or willful blindness that its conduct will induce customers to infringe..."  *See* Amended Complaint at ¶¶ 26 and 35.  Further, Bytemark's allegations that Masabi is aware of Bytemark's patents given the niche nature of the mobile ticketing market and the national press of a patent infringement suit involving the '967 Patent further support Bytemark's inducement claims.  *Id.* at ¶¶ 14-16.  At a minimum, Masabi has been on notice of its customer's infringement and has continued to encourage this infringement since Plaintiff filed its Original Complaint on May 20, 2016.

### 3.     Plaintiff's contributory infringement claims satisfy Rule 8(a)

Bytemark sufficiently alleges contributory infringement.  A plaintiff claiming contributory patent infringement under 35 U.S.C. § 271(c) must plead (1) an act of direct infringement, (2) that the defendant "knew that the combination for which its components were especially made was both patented and infringing," and (3) that the components have "no substantial non-infringing

uses." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005); *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2015 WL 5786501, at *1 (E.D. Tex. Sept. 30, 2015). A party is not required to identify specific direct infringers to state a claim for contributory infringement. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009); *Core Wireless* Licensing, 2015 WL 5786501, at *3. Also, a party need not assert detailed allegations in support of its claim that the defendant's product lack substantial noninfringing uses. *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 AJN, 2014 WL 3955172, at *4 (S.D.N.Y. Aug. 12, 2014)(noting the difficulty of alleging facts to demonstrate a negative at the pleading stage and stating that "numerous post-*Iqbal* cases have not required detailed factual allegations in support of a plaintiff's claim that a defendant's product lacks substantial noninfringing uses."). Further, the fact that a contributory infringement claim is essentially a duplication of a direct infringement claim is not fatal provided that both are adequately pled. *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 AJN, 2014 WL 3955172, at *5 (S.D.N.Y. Aug. 12, 2014).

Here, Bytemark's allegations support its contributory infringement claims. First, contrary to Masabi's assertions, Bytemark sufficiently alleges acts of direct infringement both by Masabi and by its customers. Bytemark specifically states that Masabi sold its infringing visual validation applications and systems to MBTA, Metrolink, and NICE and also alleges that Masabi provides back-end management and service for its infringing applications. *See e.g.*, Amended Complaint at ¶¶ 16, 17, 22, 25, 26, 27, 32, 35, 26, and 37. These allegations support an inference that Masabi's customers are using Masabi's infringing applications and systems, and are thus also infringing.

Second, Plaintiff sufficiently alleges Masabi knew its applications and systems infringe the Patents-in-Suit. Bytemark alleges that Masabi had knowledge of the Patents-in-Suit as a close

competitor in the niche mobile ticketing market, through a patent infringement lawsuit involving the '967 Patent that was the subject of national press, and since Plaintiff filed its Original Complaint in May 2016. *Id.* at ¶¶ 14, 15, 16, 24-27. Third, Bytemark alleges that the "its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use." *Id.* at ¶¶ 27 and 37. These allegations satisfy Rule 8(a).

    **C.    Plaintiff's First Amended Complaint sufficiently pleads willful infringement**

Bytemark adequately alleges sufficient facts to support its claims of willful infringement. Infringement is willful when the infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Nonend Inventions, N.V. v. Apple. Inc.,* No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740, at *2 (E.D. Tex. Mar. 11, 2016)[1]. The "bar for pleading willful infringement is not high" and a party need only show "some limited factual basis regarding knowledge" to state a claim for relief of willful infringement. *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-CV-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012). Further, this Court has recognized that a patentee may rest its willfulness claim on a defendant's post-suit conduct. *Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*, No. 9:08-CV-171, 2009 WL 9091275, at *4 (E.D. Tex. Sept. 2, 2009). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise

---

[1] Masabi cites *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016) to support its argument that Bytemark failed to plead a claim for willful infringement. *Halo Electronics* does not apply to pleading, though it nevertheless *relaxed* the standard required to prove willful infringement. *WesternGeco L.L.C. v. ION Geophysical Corp.*, No. 2013-1527, 2016 WL 5112047, at *4 (Fed. Cir. Sept. 21, 2016)(explaining that *Halo Electronics* overruled "the unduly rigid" *Seagate* test and replaced the previous clear-and-convincing evidence standard with the preponderance of the evidence standard.).

to the stringent standard required by Rule 9(b)." *Content Guard Holdings*, 2015 WL 1432158, at *2.

Here, Bytemark's First Amended Complaint satisfies the willful infringement pleading standard. First, Bytemark alleges that Masabi had pre-suit awareness of the Patent-in-Suit. For example, Bytemark states that the parties are competitors in a niche market and frequently bid against each other and "as a competitor in this market, Masabi is aware of patents issued and that disclose and claim inventions relevant to the mobile ticketing market." Amended Complaint at ¶¶ 14-15. Further, Bytemark's allegation that "the '967 Patent [...] has been previously asserted in a patent infringement action against another competitor and the case was the subject of national press" supports an inference that Masabi was aware of at least the '967 Patent. *Id.* at ¶ 15. Bytemark further asserts that Bytemark was aware of the inventions disclosed and claimed in the patents-in-suit since they were issued. *Id.* at ¶ 16. Given the niche nature of the market, these allegations plausibly support Bytemark's claim that Masabi had pre-suit knowledge of the Patents-in-Suit and the inventions disclosed and claimed therein and nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *See e.g.*, *id.* at ¶¶ 15, 16, 24, and 34.

Second, even if the First Amended Complaint's allegations did not support an inference that Masabi had pre-suit knowledge of Bytemark's patents, Bytemark properly alleges willfulness based on Masabi's post suit conduct. For example, Plaintiff alleges that "[d]espite actual notice of infringement, Masabi continues to perform affirmative acts that constitute infringement including offering for sale, selling, distributing, promoting, or providing support and back-end management and service for its infringing applications with the knowledge or willful blindness that its conduct will induce its customers to infringe [the Patents-in-Suit]." *Id.* at ¶¶ 20, 24, 25, 34,

9

and 35. Masabi's post-suit infringement is further supported by the fact Masabi continues infringing the Patents-in-Suit even after the Original Complaint was filed over five months ago. *Id.* at 25 and 35. Accordingly, these allegations are sufficient to clear the low bar for pleading pre-suit and post-suit knowledge and allow Bytemark's willful infringement claims to advance through discovery.

### D. If necessary, Plaintiff respectfully requests leave to amend its First Amended Complaint

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as ... bad faith ... —the leave sought should, as the rules require, be 'freely given.'") In the event the Court grants Defendant's Motion to Dismiss, Plaintiff respectfully requests leave to amend its First Amended Complaint as this case is in its infancy and there would be no prejudice to Defendant.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Masabi's Motion to Dismiss or, if Masabi's motion is granted, that Plaintiff be afforded leave to amend its First Amended Complaint.

Dated: November 7, 2016

          Respectfully submitted,

          */Andy Tindel w/ permission of Lead Attorney/*

          Darius Keyhani
          Meredith & Keyhani, PLLC
          125 Park Avenue, 25th Floor
          New York, New York 10017
          Tel. (212) 760-0098
          Fax (212) 202-3819
          dkeyhani@meredithkeyhani.com

>ANDY TINDEL
>Texas State Bar No. 20054500
>MT² LAW GROUP
>MANN | TINDEL | THOMPSON
>112 East Line Street, Suite 304
>Tyler, Texas 75702
>Telephone: (903) 596-0900
>Facsimile: (903) 596-0909
>Email: atindel@andytindel.com
>
>*Attorneys for Plaintiff Bytemark, Inc.*

### CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 7th day of November, 2016. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_/s/ Andy Tindel_

Andy Tindel