**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH
PROTECTIVE ORDER AND PRODUCTION OF SOURCE CODE**

Plaintiff Bytemark, Inc. ("Bytemark"), files this Motion to Compel Compliance with Protective Order and Production of Source Code and shows:

**INTRODUCTION**

1. Bytemark seeks an order from the Court compelling Defendant Masabi, Ltd. ("Masabi") to produce its Source Code Materials relevant to the accused products in this action in conformity with the Protective Order entered in this action. The parties negotiated an agreed Protective Order for this action and thereafter filed a joint motion (Doc. No. 31) for entry of this agreed Protective Order. The Court granted this joint motion and entered the parties' agreed Protective Order (Doc. No. 35) (the "Protective Order") on September 21, 2016. A true and correct copy of the relevant portions of the Protective Order entered in this action are attached as Exhibit A.

**FACTUAL BASIS FOR REQUEST FOR RELIEF**

2. The Protective Order entered in this action clearly allows a party to review the computer source code of the opposing party and sets forth certain conditions governing access to this source code as well as the procedures to be observed by the parties for producing, reviewing

and utilizing any relevant source code in this action. Under the terms of the Protective Order, a producing Party may designate certain Protected Material[1] as "RESTRICTED CONFIDENTIAL SOURCE CODE".[2] Paragraph 9 of the Protective Order limits access to and disclosure of Protected Material designated as RESTRICTED CONFIDENTIAL SOURCE CODE to individuals listed in paragraph 5(a-b) and (e-g) of the Protective Order. Exhibit A, ¶ 9.

3. Paragraph 10 of the Protective Order sets forth the additional restrictions that apply to Protected Material designated as RESTRICTED CONFIDENTIAL SOURCE CODE. Specifically, paragraph 10(a) provides that:

> Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (h and k) below. Additionally, **except as provided in paragraph 10(k) below**, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

Exhibit A, ¶ 10(a) (emphasis supplied). Although paragraph 10(a) provides that the default location for the production of Source Code Material is a stand-alone computer located at the offices of the producing Party's outside counsel, that paragraph is expressly subject to the exception provided in paragraph 10(k) of the Protective Order. The paragraph 10(k) exception referenced in paragraph 10(a) of the Protective Order reads as follows:

---

[1] "Protected Material" is defined in the Protective Order as "any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material. Protective Order (Doc. No. 35) ¶ 1.

[2] "Source Code Material" is defined in the Protective Order as including "computer source code and/or live data (that is, data as it exists residing in a database or databases)." Exhibit A, ¶ 8.

> A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e)[3] above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

Exhibit A, ¶ 10(k) (emphasis supplied). Accordingly, under the terms of the Protective Order, a receiving Party may request a producing Party to provide an authorized person with its Source Code Material either on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.

4. In accordance with paragraph 10(k) of the Protective Order, Bytemark initially requested that Masabi produce its Source Code Material to Bytemark by placing it on one of the allowed forms of removable electronic media and then mailing it to Bytemark's expert for his review and analysis. *See* Exhibit B attached hereto which is a true and correct (redacted) copy of an email communication sent by Dariush Keyhani, Lead Attorney for Bytemark, to Douglas LaLone, Lead Attorney for Masabi, on March 30, 2017 summarizing prior conversations between the parties on the source code production dispute. After Masabi refused this request, Bytemark then proposed to send its expert (or other authorized representative) to Masabi's counsel's office to physically pick up the Source Code Material on one of the specified forms of removable

---

[3] Paragraph 10(e) limits access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) of the Protective Order. Exhibit A, ¶ 10(e).

electronic media listed in the Protective Order. *Id.* Despite subsequent repeated attempts by Bytemark to have Masabi produce its Source Code Material to Bytemark on one of the forms of removable electronic media (or paper) authorized by the Protective Order, Masabi has persisted in its position that Bytemark's expert may only review and/or printout portions of its Source Code Material on a stand-alone computer in the law offices of Masabi's outside defense counsel in Bloomfield Hills, Michigan. *Id.* This despite the fact that Bytemark has clearly, and on numerous occasions, assured Masabi that Bytemark was not requesting or requiring that its source code be electronically transmitted to Bytemark over a network, including a LAN, an intranet, or the Internet. *Id.*[4] As shown above, Masabi's position is contrary to the terms of the Protective Order previously agreed to by the parties and thereafter entered by the Court. There is simply no reason to put Bytemark to the additional expense and inconvenience of requiring its expert, Roy A. Griffin III of RG Expert Engineering Services, to travel from his home in El Paso, Texas to Masabi's outside counsel's offices in Michigan to review Masabi's source code when the Protective Order allows that same information to be sent to Masabi's expert by a much more convenient and cost effective method of delivery.

5. Given Masabi's steadfast refusal to allow Bytemark's expert to review and analyze relevant computer source code in this action in a manner and method specifically provided for by the provisions of the Protective Order governing the production and use of a party's confidential information, Bytemark has been forced to move the Court for an order compelling Masabi to

---

[4] "To be clear, we are not requesting that Masabi electronically transmit its Source Code Material to Bytemark over a network, including a LAN, an intranet, or the Internet. If Bytemark was requesting Masabi's Source Code Material for a court proceeding or a deposition we would require that. However, at this point in the litigation Bytemark is requesting Masabi's Source Code Material so that its expert may review it in conjunction with developing his opinions and conclusions in this case. The wording of the Protective Order expressly allows Bytemark to receive Masabi's Source Code Material via whatever allowed form of removable electronic media that Masabi chooses to provide it in for a purpose such as this." Exhibit B.

comply with the Court's Protective Order by producing its Source Code Material to Bytemark's expert in accordance with the provisions of paragraph 10(k).

## LEGAL BASIS FOR RELIEF

6.  Local Rule P.R. 3–4(a) imposes an affirmative obligation on the accused infringer to produce source code and all other relevant materials reasonably needed for the Plaintiff to understand *for itself* how the technology at issue operates and functions. *See Edward D. Ioli Trust v. Aviglion Corp.,* 2012 WL 5830711, at *4 (E.D. Tex. 2012). The Protective Order agreed to and entered in this action sets forth the procedures by which the parties have chosen to facilitate their respective compliance obligations with P.R. 3-4(a). Bytemark is requesting the Court to enforce one of the methods for accessing and reviewing Source Code Material that the parties agreed to in the Protective Order they submitted to the Court for entry.

## REQUEST FOR RELIEF

WHEREFORE, Bytemark requests the Court to order Masabi to produce its Source Code Material to Bytemark's expert or another person authorized under paragraph 10(e) of the Protective Order either on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier, within ten (10) days from entry of an order granting this motion to compel. Bytemark additionally requests that the Court award attorney's fees and costs incurred by Bytemark in bringing this motion and for such other and further relief as the Court may deem just and proper.

Dated: April 28, 2017

Respectfully submitted,

/Andy Tindel w/ permission of Lead Attorney/

Dariush Keyhani
Meredith & Keyhani, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Tel. (212) 760-0098
Fax (212) 202-3819
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 28th day of April, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

/Andy Tindel/

Andy Tindel

## **CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff Bytemark, Inc. have complied with the meet and confer requirements of Local Rule CV-7(h) and the foregoing Motion to Compel Production of Source Code is opposed by Defendant Masabi, Ltd. The personal conferences required by Local Rule CV-7(h) have been conducted; intially via telephone conferences between Dariush Keyhani, Lead Attorney for Bytemark, and Douglas LaLone, Lead Attorney for Masabi, on November 29, 2016, December 13, 2016 and January 10, 2017 and subsequently via telephone conference between Andy Tindel, Local Counsel for Bytemark, and Kasia Brozynski, Local Counsel for Masabi, on April 27, 2017. As the parties' differing interpretations of the requirements of the Court's Protective Order regarding production of Source Code Material have not been reconciled, no agreement could be reached with respect to how and where Masabi's Source Code Material should be produced to Bytemark and discussions regarding this issue have now conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ Dariush Keyhani

Dariush Keyhani
Lead Attorney for Bytemark, Inc.

_____

Andy Tindel
Local Counsel for Bytemark, Inc.