| | |
|---|---|
| From: | Darius Keyhani |
| To: | Douglas P. LaLone |
| Cc: | Andy Tindel; Thomas E. Donohue; Michael T. Fluhler; Lisa Conner; "Brozynski, Kasia" |
| Subject: | RE: ▇▇▇▇▇▇▇ - Bytemark v Masabi |
| Date: | Thursday, March 30, 2017 12:14:26 PM |

Doug- I have not heard back regarding Bytemark's ▇▇▇▇, please let me know where that stands.

In the meantime, in connection with discovery, I would like to schedule a call to discuss the availably of witnesses and scheduling of depositions. Also Bytemark wanted to request for 30 day extension for its responses to Masabi's interrogatories and request for admissions.

Finally, as we discussed, I understand from our prior communications and meet and confers that we have a difference of interpretation regarding the language of the Protective Order and the parties' discovery obligations in connection with the production of source code. As I indicated, we believe that the Protective Order obligates Masabi to produce its relevant Source Code Material to Bytemark's expert (or other authorized representative under paragraph 10(e) of the Protective Order) on removable electronic media (e.g., DVD, CD-ROM flash memory) if so requested by Bytemark.

In accordance with the terms of the Protective Order, we requested that Masabi place its Source Code Material on one of the allowed forms of removable electronic media and mail it to our expert – you declined. We then proposed to have Bytemark send its expert (or authorized representative) to physically pick up (at your office) the Source Code Material on one of the specified forms of removable electronic media – you also refused that request. In fact, you indicated that Masabi's source code could only could be reviewed in your offices and/or portions printed out there. We believe that Masabi's position in that regard is contrary to the terms of the Protective Order entered by the Court in this action.

Paragraph 10(a) of the Protective Order indicates that a party's source code material may only be reviewed on a stand-alone computer located at the office of the producing party's outside counsel <u>except as provided in paragraph 10(k)</u>. Paragraph 10(k) states that "A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or <u>removable electronic media</u> (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer."

To be clear, we are not requesting that Masabi electronically transmit its Source Code Material to Bytemark over a network, including a LAN, an intranet, or the Internet. If Bytemark was requesting Masabi's Source Code Material for a court proceeding or a deposition we would require that. However, at this point in the litigation Bytemark is requesting Masabi's Source Code Material so that its expert may review it in conjunction with developing his opinions and conclusions in this case. The wording of the Protective Order expressly allows Bytemark to receive Masabi's Source Code Material via whatever allowed form of removable electronic media that Masabi chooses to provide it in for a purpose such as this.

I have heard no plausible argument or interpretation of the Court's Protective Order that would support Masabi's position that its Source Code Material may only be reviewed by Bytemark's expert at a stand-alone computer located in your offices in Michigan. As shown above, the Protective Order specifically authorizes the request that Bytemark is making and that Masabi is consistently refusing to honor. As we appear to be at an impasse on this issue, we are going to request the Court's intervention on this matter.

Darius