**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S
OPENING CLAIM CONSTRUCTION BRIEF**

**I.   INTRODUCTION**

Defendant Masabi Ltd. ("Masabi" or "Defendant") presents a multitude of proposed constructions for the claim terms of the asserted claims of U.S. Patent Nos. 8,494,967 (the "'967 Patent") and 9,239,993 (the "'993 Patent") (collectively the "Patents-in-Suit"). Defendant attempts to rewrite these terms by arbitrarily inserting language into the claims based solely on attorney argument that supports its theories of noninfringement and invalidity, without any support from the intrinsic record of the Patents-in-Suit. Indeed, in its entire claim construction brief Masabi does not once cite the specifications of the Patents-in-Suit.

To support its noninfringement story, Defendant proffers a global theory of construction that construes each claim element to require online internet access and participation of a server. Defendant's theory is contrary to the Patents-in-Suit's specifications, which explicitly contemplate an embodiment that practices the invention offline where a ticket payload is transferred to the customer's remote device at the time of the purchase of the ticket. To support its invalidity

arguments, Defendant also attempts to unjustifiably broaden the construction of terms without any support from intrinsic evidence.

In sum, Defendant's self-serving attorney crafted constructions, are simply an attempt to rewrite the claims of the Patents-in-Suit to support Masabi's defenses of noninfringement and invalidity and are inconsistent with the well-settled canons of claim construction as set out in *Phillips* and progeny and must be rejected.

## II. APPLICABLE LAW

As discussed in Plaintiff's opening claim construction brief, *Phillips* sets out the legal standards, priority of evidence, and hierarchy of sources under which patent claims are to be constructed. *Phillips v. AWH Corporation*, 415 F.3d 1303 (Fed. Cir. 2005). Further, as this Court held in *Packet Intelligence*, relying on the Federal Circuit, if the context surrounding the claim language clarifies the meaning of a disputed claim and addresses the construction dispute between the parties, no claim construction is necessary and the ordinary and customary meaning of the claim is sufficient. *Packet Intelligence LLC v. Netscout Sys., Inc.*, No. 2:16-CV-230-JRG, 2017 WL 1001203, at *9 (E.D. Tex. Mar. 15, 2017). *See also U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) ("Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy."); *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("[D]istrict courts are not (and should not be) required to construe every limitation present in a patent's asserted claims."); *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010) ("Unlike *O2 Micro*, where the court failed to resolve the parties' quarrel, the district court rejected Defendants' construction."). The Federal Circuit assigns a subordinate role

to extrinsic evidence and any claim construction approach that scarifies the intrinsic record in favor of extrinsic evidence should be rejected. *Phillips*, 415 F.3d at 1319; *Blue Calypso, Inc. v. Groupon, Inc.,* 93 F. Supp. 3d 575, 582 (E.D. Tex. 2015).

Additionally, to disavow or disclaim the full scope of a claim term, the patentee's statements in the specification or prosecution history must amount to a "clear and unmistakable" surrender. *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1329 (Fed. Cir. 2009). "Where an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable." *3M Innovative Props. Co. v. Tredegar Corp.*, 725 F.3d 1315, 1326 (Fed. Cir. 2013); *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-80-JRG, 2017 WL 1190373, at *7 (E.D. Tex. Mar. 29, 2017).

## III. ARGUMENT

### A. U.S. Patent No. 8,494,967

#### 1. "Possession"

The word "possession" does not appear in the specification of the '967 or the '993 patents. It only appears in the preambles of claims 1, 17, and 18 of the '967 patent, and claim 1 of the '993 patent.

'967 claim 1 is exemplary:

> 1. A method by a server system for obtaining visual validation of the possession of a purchased electronic ticket on a user's computer device for presentation to a ticket taker comprising:

The plain and ordinary meaning of the term "possession" is "the right to use." This ordinary meaning is confirmed by the language in the first element of the body of claim 1:

> receiving from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object <u>that confirms that the user possesses the previously purchased electronic ticket</u> for utilization of a service monitored by the ticket taker,

3

(emphasis added)

In the context of the claims a user has a ticket that was purchased, and therefore has the right to use it. Masabi's construction, based on reference to extrinsic evidence (Dkt. No. 59, p. 8) proposes that the word "ownership" may be a reasonable construction for the term "possession." Plaintiff would accept this construction as a compromise. Masabi's proposed constructions that arbitrarily and with no bases add the language and claim limitations "local physical presence on a local device" or "stored on a user's computer device" are inconsistent with the applicable law and should be rejected by the Court.

    **2.**    **"user possesses"**

As previously described in relation to the term "possession," Claim 1 makes it clear that it is the user that has "the right to use" or "owns" the ticket, and that the visual validation display object serves to confirm that "the right to use" and/or "owns" the ticket: "...to obtain a visual validation display object that confirms that the user possesses the previously purchased electronic ticket …" (emphasis added). '967 Claims 17 and 18 mirror this language as well.

As with "possession," in the context of the claims a user has a ticket that was purchased, and therefore the "user has the right to use" it or "owns" it. Masabi's proposed constructions that arbitrarily and with no bases add the language and claim limitations "user has a physical presence on a local device" or "stored on a user's computer device" are inconsistent with the applicable law and should be rejected by the Court.

    **3.**    **"visual validation display object"**

The term "visual validation display object" is not explained in any of the claims of the patent nor does the surrounding language in the claims resolve or address any difference in

4

proposed constructions between the parties. Bytemark has proposed the following construction of the term "visual validation display object" based on support of the specification:

> "Data, computer code, or command that facilitates the display on the customer's device of an animation or other human- perceptible visual image sufficient to enable a ticket taker to instantaneously visually recognize and verify the ticket" (*see* '967 Abstract, ['967 1:15 – 43],['967 2:4 – 65], ['967 3:12 – 40], ['967 3:55 – 60], ['967 4: 5 – 6], ['967 4: 12 - 16], ['967 9: 19 – 49], ['967 10: 5 – 10], '967 FIGURE 10, '967 FIGURE 11)

Masabi's constructions rely on extrinsic evidence by cobbling together dictionary definitions of the claim term's words and then, without any support from the patent claims or specification, arbitrarily inserts language in an attempt to put the language of the claim within the scope of prior art and to put Defendant's infringing system outside of the scope of the claim. Furthermore, Masabi's first proposed construction is overly broad as to encompass within its construction prior art that has been specifically excluded by the specification. (*See e.g.* '967 2:12 – 22, 3:20 – 23). For these reasons, the Court should reject Masabi's proposed constructions.

### 4. "previously purchased ticket"

Masabi's construction consists of self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal precedent and is inapplicable. While Plaintiff believes the plain and ordinary meaning is clear, as a compromise Plaintiff will accept Defendant's dictionary definition of "previously" as meaning "at a previous or earlier time." The Court should reject other constructions arbitrarily crafted by Masabi's counsel as part of its noninfringement theory that are not supported by the language of the claims or the specification.

### 5. "request to verify purchase"

Masabi's construction consists of self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal

5

precedent and is inapplicable. In particular, Masabi's construction inserts a limitation that verification must occur between a server and a user device. Nothing in the claims or specification supports this construction. To the contrary, Masabi's construction frustrates an embodiment in the patent that contemplates a customer not having internet before a payload's use, where in <u>the purchase</u> of the ticket <u>causes</u> a ticket payload including the validating visual object to be downloaded to the customer's device. '967 4:32 – 42 (emphasis added). Accordingly, Bytemark's construction is appropriate and should be adopted.

### 6. "activation"

In an attempt to narrow the claim to meet its theory of noninfringement, again, Masabi inserts language into the claim implicating a server despite the fact that the specification of the patent discloses an embodiment that is explicitly at odds with this construction. '967 4:32 – 42. Masabi's self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal precedent and is inapplicable and should be rejected by the Court. While Plaintiff asserts that the plain and ordinary meaning should apply, as a compromise Plaintiff would accept Defendant's dictionary definition of "activation" as defined as "the action or process of making something active or operative."

### 7. "receiving from the user's computer device a request to verify purchase of a previously purchased electronic ticket and to obtain a visual validation display object that confirms that the user possesses the previously purchased electronic ticket"

Masabi's does not support its construction with the sources of support as set out by *Phillips* and progeny and again crafts its construction consistent with its theory of noninfringement. In addition to inserting language relating to a server as previously discussed, Masabi limits the term "user device" to "mobile device," in contradiction to the teachings of the specification. ('967 2:6 – 11). Masabi's self-serving construction is inapplicable and should be rejected by the Court.

With the exception of Bytemark's construction of the term "visual validation display object," the original language of this claim element should be interpreted in accordance with the plain and ordinary meaning of the original claim language.

### 8. "confirms that the user possesses the previously purchased electronic ticket"

Defendant does not cite the specification to support its construction, but instead inserts a temporal limitation that is not supported by any intrinsic evidence. The Court should reject the self-serving construction crafted by Masabi's counsel that has no support in the language of the claim or the specification. Plaintiff believes the plain and ordinary meaning is clear and therefore no construction is required. As a compromise Plaintiff would accept Defendant's dictionary definition of "previously" as meaning "at a previous or earlier time."

### 9. "causing an activation"

Masabi's construction does not find support in any intrinsic or extrinsic evidence and its attorney argument crafted from thin air for the sole purpose of evading infringement and is inapplicable. Additionally, the second part of Masabi's construction modifies the first phrase: "that is immediately displayed without user interaction." This modifier appears to be similar to that of dependent claims 7 and 28. Thus, the phrase improperly imports dependent claim limitations into independent claims. Finally, like the first phrase, this modifier does not relate directly to the term "causing an activation." Accordingly, Masabi's construction should be rejected.

Plaintiff asserts that the plain and ordinary meaning should apply. As a compromise, Plaintiff would accept Defendant's proposed dictionary definition of activation as "the action or process of making something active or operative," as previously discussed.

**10. "activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object"**

Masabi's construction consists of self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal precedent and is inapplicable. With the exception of "visual validation display object," which Plaintiff previously provided a construction for based on the specification of the '967 Patent, Plaintiff proposes the claim have its plain and ordinary meaning. As a compromise, Plaintiff would accept Defendant's dictionary definition of the term activation as "the action or process of making something active or operative."

**11.   Claim terms and phrases not addressed by Defendant**

Plaintiff maintains its position on its proposed constructions as laid out in its opening claim construction brief. For the remaining claims that Masabi asserts no construction is needed, Plaintiff agrees.

**B.    U.S. Patent No. 9,239,993**

**1.    "validation display object"**

As addressed with respect to the '967 Patent, Masabi's construction is based on dictionary definitions and arbitrary language added by Masabi's counsel in an attempt encompass prior art that has been specifically excluded by the specification. (*See e.g.*, '993 2:16 – 26, 3:24 – 27). Defendant's failure to rely on the language of the claims or the specification in its proposed constructions and its arbitrary insertion of language is inconsistent with well-settled principles of claim construction in *Phillips* and applicable law. Bytemark's proposed construction is supported by the intrinsic evidence, in particular the specification, and should be adopted.

**10.   "activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object"**

Masabi's construction consists of self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal precedent and is inapplicable. With the exception of "visual validation display object," which Plaintiff previously provided a construction for based on the specification of the '967 Patent, Plaintiff proposes the claim have its plain and ordinary meaning. As a compromise, Plaintiff would accept Defendant's dictionary definition of the term activation as "the action or process of making something active or operative."

**11.    Claim terms and phrases not addressed by Defendant**

Plaintiff maintains its position on its proposed constructions as laid out in its opening claim construction brief. For the remaining claims that Masabi asserts no construction is needed, Plaintiff agrees.

**B.    U.S. Patent No. 9,239,993**

**1.    "validation display object"**

As addressed with respect to the '967 Patent, Masabi's construction is based on dictionary definitions and arbitrary language added by Masabi's counsel in an attempt encompass prior art that has been specifically excluded by the specification. (*See e.g.*, '993 2:16 – 26, 3:24 – 27). Defendant's failure to rely on the language of the claims or the specification in its proposed constructions and its arbitrary insertion of language is inconsistent with well-settled principles of claim construction in *Phillips* and applicable law. Bytemark's proposed construction is supported by the intrinsic evidence, in particular the specification, and should be adopted.

### 2. "previously purchased ticket"

As with this term in the '967 Patent as detailed above, Masabi's construction consists of self-serving attorney argument drafted for the mere purpose of evading infringement with no support of authorities or sources as set out by unequivocal precedent and is inapplicable. While Plaintiff believes the plain and ordinary meaning is clear, as a compromise Plaintiff will accept Defendant's dictionary definition of "previously" as meaning "at a previous or earlier time." Plaintiff rejects, however, the definition crafted by Masabi's counsel as part of its noninfringement theory based on no support from the claims or specification.

### 3. "remote display object

Defendant provides no bases to support its proposed construction. As has been the case with Defendant's previous proposed constructions, its construction of "remote display device" is based solely on attorney argument, inserts language into the claim from thin air to support its theory of noninfringement, and thus should be rejected. Accordingly, Plaintiff asks that the Court to accept the plain and ordinary meaning of this term.

### 4. "validating the token"

The term "validating the token" only appears in claim 1 of the '993 Patent and does not appear in the specification. The plain and ordinary meaning of "validating the token" is "establishes the legitimacy of the token."[1] In contrast to this plain and ordinary meaning, Masabi's construction brings in additional extraneous terms and requirements. For example, Masabi's construction specifies the manner in which validation must take place:

> "comparing the unique character string associated with a purchased ticket…
> with a unique character string stored on the server."

---

[1] http://www.thefreedictionary.com/validating

But, Masabi's language is at odds with the literal claim language that follows the term "validating the token":

> "validating the token by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system"

Therefore, through its construction of the term "validating the token," Masabi changes the meaning of the larger claim phrase "validating the token by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system."  Masabi, further errs in its construction by replacing the original language "on the central computing system" with "stored on the server," as '993 claim 1 does not reference a server at all.  Masabi further errs in its construction by adding new limitations to the ticket purchase and transmission requirements that have nothing to do with the term "validating the token":

> "…a purchased ticket generated during a discreet and prior operation (wherein the purchase is effectuated and a token is sent to the mobile device) …"

Masabi's proposed construction that arbitrarily and with no bases adds the language and claim limitations including "during a discreet and prior operation (wherein the purchase is effectuated and a token is sent to the mobile device)" is inconsistent with the applicable law on claim construction and should be rejected by the Court.

### 5. Claim terms and phrases not addressed by Defendant

Plaintiff maintains its position on its proposed constructions as laid out in its opening claim construction brief.  For the remaining claims that Masabi asserts no construction is needed, Plaintiff agrees.

Dated: May 10, 2017

10

Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 10th day of May, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

*/s/ Andy Tindel*

Andy Tindel