# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI LTD'S MOTION AND BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS**

List of Exhibits

| | | |
|---|---|---|
| Exhibit A | Bytemark's '967 Patent – Masabi GoMobile Infringement Contentions |
| Exhibit B | Bytemark's '967 Patent – Masabi MBTA Infringement Contentions |
| Exhibit C | Bytemark's '993 Patent – Masabi GoMobile Infringement Contentions |
| Exhibit D | Bytemark's '993 Patent – Masabi MBTA Infringement Contentions |
| Exhibit E | Masabi April 7, 2017 Rule 11 Letter to Bytemark |
| Exhibit F | Declaration of Ben Whitaker as sent to Bytemark |
| Exhibit G | Bytemark's April 28, 2017 Letter to Masabi in Response to Masabi's April 7, 2017 Letter |
| Exhibit H | Bytemark's May 19, 2017 Response to Masabi's Requests to Admit 1-37 |

Pursuant to Local Patent Rule 3-1, Defendant Masabi LTD moves this Court to strike Plaintiff Bytemark's Infringement Contentions for a failure to identify where each and every element of each asserted claims is allegedly found in the Accused Products.

1. Plaintiff Bytemark's Infringement Contentions are insufficient under Patent Rule 3-1 ("P.R. 3-1") because they fail to identify where each and every element of each asserted claim is allegedly found in the Accused Products. Bytemark's contentions are filled with prejudicial defects: they parrot claim language, cite documents without explaining their relevance, they incorporate bare screen shots without identifying the portions of those screens upon which Bytemark relies and explaining how anything depicted on the screens allegedly meets the recited limitations, and rely on one hundred and six (106) separate assertions of elements across the two accused products and the two asserted patents that are based solely on "upon information and belief".

2. Bytemark's Infringement Contentions (Exhibits A-D) do not reveal a good-faith position. Bytemark's Infringement Contentions do not provide the Defendant notice of what is specifically accused of meeting the limitations of the claims. Bytemark's Infringement Contentions were due August 16, 2016 and the Defendant agreed to give them additional time until September 16, 2016 to have them completed. [See DN11-1] This additional time afforded Bytemark sufficient time to put forth infringement contentions that were compliant with P.R. 3-1 & 3-2. They were not. Despite Masabi's repeated insistence that Bytemark's infringement contentions are deficient, including an April 7, 2017 Rule 11 Sanction Notice letter enumerating the deficiencies (Exhibit E), Bytemark has failed to supplemented its infringement contentions.

3. Because Bytemark has refused to provide Masabi with meaningful notice of Bytemark's infringement theories, and Bytemark has had over a year to put its case in order, Masabi requests that the Court strike Bytemark's Infringement Contentions. In the alternative, Masabi requests that the Court compel Bytemark to serve amended contentions that comply with P.R. 3-1 within 5 days of this Court's order, allow Masabi to amend its responsive disclosures as appropriate, and continue the trial date.

## I.     BACKGROUND

4. On May 20, 2016 Bytemark filed suit asserting infringement of U.S. Patent Nos. 9,239,993 ("'993 patent"), and 8,494,967 ("'967 patent"), both entitled "Method And System For Distributing Electronic Tickets With Visual Display". Bytemark began this suit in May 2016 by alleging infringement of "at least claims 1, 17 and 18" of the '967 patent and "at least claim 1 of the '993 patent." After Masabi filed a Rule 12(b)6 motion to dismiss this suit, the premises of which was that the Complaint was defective on its face, Bytemark responded and surprisingly expanded its allegations in September 2016 to now include asserted claims 1-6, 17-23 and 34 of the '967 patent, and claims 1-17, and 22-24 of the '993 patent. Bytemark's Infringement Contentions were due August 16, 2016 and the Defendant agreed to give them additional time until September 16, 2016 to have them completed. [See DN11-1] Bytemark served its Infringement Contentions on Defendant on September 16, 2016.

5. During multiple phone conversations between opposing counsels over the past year, Masabi has repeatedly advised Bytemark that Masabi's accused Transit Ticketing System does <u>not operate within the scope of the asserted claims</u>. Last year Masabi produced to Bytemark Masabi's Operation Flow Chart along with a substantiating declaration (Exhibit F, Bates No. MAS-0011645) which clearly shows elements of the '967 and '993 claims that are

2

missing from the accused Transit Ticketing System (Accused Products). Bytemark has failed to rebut this evidence.

6. Masabi has made its accused source code available to Bytemark's expert at the location of Masabi's counsel's office located in Bloomfield Hills, MI. That code was made available to Bytemark's expert on October 11, 2016 as part of Masabi's Non-infringement contentions. To date Bytemark has failed to even take the time to inspect Masabi's computer code.

7. At least in their April 7, 2017 letter Masabi has put Bytemark on notice of the insufficiency of their infringement contentions. Bytemark has not responded by way of supplementing their infringement contentions. Rather, Bytemark responded by a letter from their counsel on April 28, 2017 merely stating "Bytemark firmly believes that Masabi is infringing its asserted claims as detailed in Bytemark's infringement contentions which will be elaborated on in Bytemark's expert disclosures after the completion of fact discovery." [Exhibit G] Despite Bytemark's attorney arguments, the only documents they have produced to support their baseless positions are the defective infringement contentions - which should be stricken with prejudice. Bytemark has repeatedly failed to supplement their infringement contentions despite having considerable discovery, including the source code itself, made available to it. Interestingly, Bytemark relies on bolstering their infringement contentions only after expert disclosures and after completion of fact discover. This is not in compliance with Local Patent Rule 3-1 ("P.R. 3-1"). This motion to strike Bytemark's infringement contentions should be granted.

8. Masabi has further produced prior art, and invalidity claim charts, to Bytemark, clearly demonstrating asserted USPN 8,494,967and 9,223,993 are invalid. Again Bytemark has failed to respond to this evidence with proof. Instead Bytemark's attorney merely argues we are

wrong. Thus, on May 18, 2017, filed an IPR petition with the USPTO to start the invalidation proceedings for USPN 8,494,967. See IPR #  IPR2017-01449.

## II.  ARGUMENT

### A. Bytemark Failed To Provide Notice On An Element By Element Basis Of What Is Specifically Accused Of Infringement

9. Under the express requirements of Rule 3-1(c), patentees must produce a "chart identifying specifically where <u>each</u> element of each asserted claim is found within <u>each</u> Accused Instrumentality." P.R. 3-1(c) (emphasis added). A chart "must particularly point to the portion of the Accused Product which is asserted to perform the function described in each claim limitation" such that defendants have "adequate notice and information with which to litigate their cases." *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706, 714 (E.D. Tex. 2008). Patentees are also required to be "as specific as possible" in identifying the accused products, P.R. 3-1(b), and must disclose whether any element is claimed to be present under the doctrine of equivalents. P.R. 3-1(d). P.R. 3-1 contentions "must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement." *UltimatePointer LLC v. Nintendo Co.*, Nos. 11-cv-496, 11-cv-571, 2013 WL 6253767, at *2 (E.D. Tex. Dec. 3, 2013) (quoting *Realtime Data, LLC v. Packeteer, Inc.*, No. 08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009)); see also *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (the Patent Rules are meant to "provide all parties with adequate notice and information with which to litigate their cases").

### B. Bytemark's Infringement Contentions Violate PR 3-1(c) As They Fail To "Identify[] Specifically Where Each Element of Each Asserted Claim Is Found Within Each Accused Instrumentality"

10. Bytemark's Infringement Contentions do not put Masabi on notice of what Bytemark claims infringes the asserted claims, nor do they explain how the Accused Products

4

allegedly infringe the asserted claims. Several courts have held infringement contentions like Bytemark's to be inadequate. For example, courts have held that a patentee's infringement contentions are inadequate where they "incorporate[] screen shots in lieu of explanatory text," such that the defendant must "guess what particular system (or aspect of a particular system) [plaintiff] is accusing of meeting each limitation." *Digital Reg. of Tex., LLC v. Adobe Sys. Inc.*, No. 12-cv-01971, 2013 WL 3361241, at *3-4 (N.D. Cal. July 3, 2013); see also *Droplets, Inc. v. Amazon.com*, No. C12-03733, 2013 WL 1563256, at *3-5 (N.D. Cal. Apr. 12, 2013) (holding that infringement contentions comprised of many pages of screen shots for each limitation "fail to provide the factual basis of the [patentee's] contentions" without an explanation as to "which language from the claim limitations corresponds to the selected . . . screen shots"); *Global Sessions LP v. Travelocity.com LP*, No. 10-cv-671, 2012 WL 1903903, at *7 (E.D. Tex. May 25, 2012) ("Simply charting www.amazon.com as a representative example to illustrate specific theories of infringement for multiple websites is insufficient . . . ."). Courts have also held contentions are inadequate where they merely parrot the claim language. See, e.g., *H-W Tech., L.C. v. Apple, Inc.*, No. 11-cv-651, 2012 WL 3650597, at *4, *7 (E.D. Tex. Aug. 2, 2012) (ordering patentee to supplement infringement contentions, in part because the existing contentions "merely recite[d] language from the claims at issue without providing any support for some of their elements").

11.     Bytemark's contentions commit all of the above offenses. They utilize screen shots and links to the Defendant's website in combination with mere parroting of the claim language. In addition, they are replete with numerous citations merely to "upon information and belief" without identifying specific elements of the accused products on which to rely on such belief. Bytemark produced four (4) infringement contention claim charts referenced as exhibits

5

A-D on September 16, 2016 (Exhibits A-D). These claim charts failed to identify a large number of elements of the recited claims:

> Exhibit A – '967 Patent in view of the Nice gomobile product
>
> > Bytemark stated 29 assertions of elements relegated to on information and belief.
>
> Exhibit B – '967 Patent in view of the mticket MBTA product
>
> > Bytemark stated 29 assertions of elements relegated to on information and belief.
>
> Exhibit C – '993 Patent in view of the Nice gomobile product
>
> > Bytemark stated 24 assertions of elements relegated to on information and belief.
>
> Exhibit D – '993 Patent in view of the mticket MBTA product
>
> > Bytemark stated 24 assertions of elements relegated to on information and belief.

12. Bytemark set forth, in total, 106 instances of "on information and belief" in its infringement contentions. With Defendants free phone applications available online, eight months of access to the source code, and the easily accessible information on Defendant's websites that contradicts their position, it is clear Bytemark has failed to comply with rules P.R. 3-1 & 3-2. Furthermore, the citations to Masabi's websites, at times, contradict their assertions of "upon information and belief". In just one particular example, Plaintiff asserts as their basis for alleging infringement of claim 1 of the '967 patent that the accused product discloses:

> receiving from the user's computer device a token associated with the received request;

And in Bytemark's contention chart they merely allege:

> On information and belief, purchasing a ticket, **activating a ticket**, and obtaining a visual validation display object **are on-line transactions involving a Masabi server system**. (**Exhibit A**, pg. 5; Exhibit B, pg. 6)

However, in the SAME infringement chart for claim 1, Plaintiff's include the following snapshot of Masabi's accused Nicebus website:

6

> **If I lose cell phone service while trying to use my ticket, will my mobile ticket still work?**
>
> Mobile tickets do not need cell phone or wifi service to be displayed; however, service or wifi is needed to purchase a ticket. **You must purchase your ticket before boarding the bus.**
>
> If you lose cell phone service after boarding the bus, you will still be able to activate and display purchased tickets. You will not be able to make any purchases or other changes until your cell phone or wifi service is restored.

13. It is facially inconceivable that Plaintiffs actually hold "information and belief" that at a minimum the "activating a ticket" is "on-line transactions involving the Masabi server system" as alleged when their own citations to the Nicebus website clearly indicate otherwise – "If you lose cell phone service after boarding the bus, you will still be able to activate and display purchase tickets." It is clear that Bytemark's charts do not "particularly point to the portion of the Accused Product which is asserted to perform the function described in each claim limitation" such that defendants have "adequate notice and information with which to litigate their cases." Masabi has been left to speculate on how Bytemark intends to apply the elements of each claim to the Accused Products which is precisely the scenario that P.R. 3.1 was written to avoid. The Court should strike Bytemark's contentions as failing to comply with P.R. 3.1.

C. **Bytemark's Impermissible Blanket Assertions Regarding Infringement Under The Doctrine Of Equivalents Violates P.R. 3-1(d).**

14. Patentees cannot rely on blanket assertions that, to the extent they cannot prove literal infringement, every limitation of every claim is present under the doctrine of equivalents. See, e.g., *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12-cv-729, 2013 WL 3894880, at *2-9 (S.D. Cal. July 26, 2013) (holding that such generalized contentions were insufficient to "alert the alleged infringer which theories the patentee believes its pre-filing investigation supports"). Each of

Bytemark's claim charts states for each and every claim elements merely "L; D/E" without any discussion or analysis (Exhibits A-D). These blanket allegations of potential infringement by equivalents – without so much as an attempt to claim there is evidence supporting the allegations – is improper. Under the Patent Rules, claim charts must show "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." P.R. 3-1(d) (emphasis added); see also *Ameranth*, 2013 WL 3894880, at *2-9; *ICON Internet Competence Network B.V. v. Travelocity.com* LP, No. 11-cv-01131, 2013 WL655024, at *10-11 (N.D. Tex. Feb. 22, 2013) (boilerplate doctrine of equivalents contentions inadequate); Schutz Container Sys., Inc. v. Mauser Corp., No. 09-cv-3609, 2010 WL 2408983, at *2 (N.D. Ga. June 11, 2010) (holding that if plaintiff wants to assert a claim under the doctrine of equivalents, it must amend its "boilerplate" contentions "to assert such a claim on a limitation-by-limitation basis"). The Court should strike Bytemark's contentions under the doctrine of equivalents.

**D.   Masabi Has Met The 4 Part Test For Striking Bytemark's Defefective Contentions**

15.   In deciding whether infringement contentions should be struck, this Court considers the following factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *H-W Tech.*, 2012 WL 3650597 at *6 (citing *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822). Here, all four factors weigh in favor of striking Bytemark's deficient contentions.

**a.   Bytemark Has No Explanation For Delay, And Has Not Been Diligent In Providing Or Supplementing Its Infringement Contentions.**

16. Bytemark's heavy reliance on general screen shots, links to the Masabi websites, and extensive use of "upon information and belief" and its refusal to supplement these with a disclosure of how specific products practice specific claim limitations is unexcused. Not only does Bytemark have no explanation for delay, they acknowledge their deficiencies when they explain that the details of the infringement contentions "will be elaborated on in Bytemark's expert disclosures after the completion of fact discovery." (Exhibit G) Bytemark could have, but chose not to, point out, highlight, or annotate specific portions of those documents it intends to rely on. It could have, but chose not to, explain how what is depicted allegedly meets the recited limitations.

17. Bytemark's failure to explain how it contends that Masabi practices each limitation of the asserted claims is not excused by a failure to receive needed fact discovery. On (insert date) Masabi produced an Operation Flow Chart (Bates No. MAS-0011645) which clearly shows elements of the '967 and '993 claims that are missing from the accused Transit Ticketing System (Accused Products). Not once has Bytemark countered this evidence nor supplemented their infringement contentions accordingly. To point out the defects in Bytemark's case, Masabi provided a declaration of Ben Whitaker, the head of innovation for Masabi (Exhibit F). Whitaker authenticated Masabi's Operation Flow Chart (Bates No. MAS-0011645) and confirmed that the accused system operates in accordance with said chart. (Exhibit F, ¶ 9) Bytemark has been invited to depose him, and have not. His declaration points out the elements of the '967 and '993 patents that are missing from the Accused Products. Bytemark has failed to rebut this evidence of non-infringement.

18. Even more egregious, the accused source code has been available to Bytemark's expert at the location of Masabi's counsel's office located in Bloomfield Hills, MI since October

11, 2016. That code was made available to Bytemark's as part of Masabi's Non-infringement contentions. To date Bytemark has failed to even take the time to inspect Masabi's computer code. Under P.R 3-1 (g) "the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements." Id. at 2. Bytetmark has failed to comply with P.R. 3-1(g) and no excuse for failing to do so.  Bytemark's irrational position that the source code should be "mailed to them" in contradiction to the clear language of the protective order is not an excuse either.  They have had eight (8) months to arrange an inspection and have made **no** effort to do so.

      b. **Striking Bytemark's Infringement Contentions Is The Appropriate Sanction**

    19.    While the decision whether to strike Bytemark's Infringement Contentions lies within the discretion of the Court, doing so is the most appropriate remedy because Bytemark continues to fail to provide an element by element basis for infringement.  In fact, Bytemark has consistently avoided any clear position on claim interpretation or any other information with which Defendants can use to infer HOW Plaintiffs believe they infringe.  Bytemark's claim construction asserts virtually every term and phrase of the claims has the "plain and ordinary meaning" which further prevents insight into their infringement contentions.  Masabi has provided Bytemark with both an operational chart and a declaration establishing elements of the '967 and '993 patent claims that are missing from the Accused Products.  Yet still Bytemark refuses to shed any light on the infringement contentions alleging Defendant needs to wait for such clarity until expert disclosures and the end of fact discovery.

    20.    In fact, in response to Masabi's first thirty seven (37) requests to admit, Bytemark has responded identically to all with objections and denials:

Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents. Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order. To the extent any response to this request is mandated, Plaintiff denies. (Exhibit H)

21. These responses paint a clear picture of Bytemark's determination to avoid providing clear positions to Masabi during litigation. For example, when Masabi asked in Request #3 an admission using the exact language of the prior art reference, "Admit that *Terrell* discloses a display object that may be verified "merely done by the inspector's eyes"." Bytemark responds with objections and a denial (Exhibit H, pg. 4). When Masabi asked in Request #22 "Admit that the encryption of mobile ticketing transmission was known in the art prior to the priority dates of both the '967 patent and the '993 patent". Bytemark responds with objections and a denial (Exhibit H, pg. 11-12). It is clearly merely an obstructionist position to deny requests to admit facts that are undeniably true.

22. Even more egregious, Masabi asked Bytemark in Request Nos. 28 and 29 to "Admit that prior to the initiation of this case a sample of each accused product was obtained and assessed by an individual skilled in the art to determine if the accused product infringed at least one claim of the" ('967/'993 patent). Again, Bytemark responded with objections and a denial (Exhibit H, pg. 14). It is clear from Bytemark's discovery answer that it has NOT conducted an investigation prior to the initiation of this lawsuit. In addition, Bytemark objected to and failed to produce documents showing any pre-suit investigation. This now explains why Bytemark failed to produce infringement contentions that comply with PR 3-1.

11

Given Bytemark's unwillingness to provide adequate infringement contentions, unwillingness to supplement their infringement contentions, and blatant disregard for providing Masabi with any details regarding their positions, were the Court to order Bytemark to amend its contentions, the new contentions would still likely fail to comply with the Patent Rules, necessitating further motion practice. Compare *Computer Acceleration Corp.*, 503 F. Supp. at 824-25 (finding this factor "weighe[d] heavily in favor of striking" an infringement contention where patentee ignored the "crystal clear" requirement to "provide a claim chart for each accused product," and noting that to hold otherwise would "discourage the voluntary exchange of information") with *H-W Tech.*, 2012 WL 3650597 at *7 (finding this factor weighed against striking all infringement contentions, in part because the patentee had "attempted to address any deficiencies through supplemental infringement contentions"). Accordingly, this motion should be granted.

    **c. Absent Striking Bytemark's Infringement Contentions, There Is Significant Risk Of Unfair Prejudice To Masabi**

23. Bytemark's failure to put Masabi adequate notice of the claims against it has caused Masabi significant prejudice. Masabi has had to spend considerable discovery requests seeking information to determine Bytemark's infringement contention position when it was Bytemark's responsibility to provide them under P.R. 3-1. Masabi has had to brief and seek claim construction on numerous terms and phrases to attempt to establish HOW Bytemark intends to assert the accused products infringe the '967 and '993 patents. Masabi was forced to do this since they have never received an adequate notice of what Bytemark contends fall within the scope of the claims. That is precisely the prejudice that the disclosure requirements in the Patent Rules are intended to avoid. Bytemark asserts that Masabi should wait until after expert declarations and the close of fact discovery to find detailed information of their infringement

contentions that were due to Masabi over nine (9) months ago. However, this position would require Masabi to continue to proceed without the core information it needs to build a defense against Bytemark's allegations of infringement. See *Connectel*, 391 F. Supp. 2d at 528; see also *Linex Techs., Inc.*, 628 F. Supp. at 711-12 (noting that non-detailed, non-product-specific infringement contentions prevent defendants from building their defenses). Bytemark's deliberate omissions have prejudiced Masabi in developing is non-infringement and invalidity theories.

### d. Only A Continuance Of The Trial Date Would Cure The Prejudice To Masabi

24. The only continuance available to cure the prejudice to Masabi is to continue the trial date. Were the Court to continue only the fact discovery deadline to accommodate Bytemark's failure to timely provide adequate contentions, the deadlines thereafter, including the time the Court has to resolve dispositive motions, Daubert motions, and pretrial filings, would be excessively compressed, further prejudicing Masabi. Thus, unless the Court is amenable to continuing the trial date, no remedy can relieve the prejudice to Masabi caused by Bytemark's refusal to provide adequate notice of its infringement theories.

### E. In The Alternative, The Court Should Order Bytemark To Promptly Supplement Its Deficient Contentions And Continue The Trial Date

25. If the Court does not find that Bytemark's deficient Infringement Contentions should be stricken, the Court should require that Bytemark promptly amend them to comply with the Patent Rules. See Digital Reg. of Tex., 2013 WL 3361241 at *3-4; Droplets, Inc., 2013 WL 1563256 at *3-5; H-W Tech., 2012 WL 3650597 at *4, *7-8. The Court should also provide Masbi the opportunity to amend its subsequent disclosures as appropriate, and continue the trial date. The prejudice to Masabi caused by Bytemark's refusal to make a good faith effort to

"identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality," P.R. 3-1(c), is ongoing. Bytemark's failure to make its required disclosures will hamper the claim construction hearing, the Court's Markman hearing, timely completion of fact discovery, and expert reports on non-infringement and invalidity. The Court's schedule for this case was premised on Bytemark's timely compliance with the Patent Rules, which it failed to do. The Court should order Bytemark promptly to comply and set a new schedule that will, consistent with the timing of other deadlines regularly established by this Court, provide Masabi with a fair chance to prepare its case for trial.

### III.   CONCLUSION

26.   For the foregoing reasons, Masabi requests that the Court strike Bytemark's infringement contentions, with prejudice. In the alternative, Masabi requests that the Court compel Bytemark to serve amended Infringement Contentions that comply with P.R. 3-1 within 5 days of this Court's order, allow Masabi to amend its subsequent disclosures as appropriate, and continue the trial.

27.   Kasia Brozynski, counsel for Masabi, conferred this week with Andy Tinsdel, counsel for Bytemark, about the substance of the motion but the agreement could not have been reached. Further, Doug LaLone, counsel for Masabi, has conferred with Darius Kihani, counsel for Bytemark, about the substance of the motion but, agreement could not be reached.

Dated:  May 26, 2017

        Respectfully submitted,

        FISHMAN STEWART PLLC

By:   /s/ Douglas P. LaLone (P45751)
      Douglas P. LaLone (P45751)

        Thomas E. Donahue (P57089)
        39533 Woodward Ave., Suite 140
        Bloomfield Hills, MI 48304
        Tel.: (248) 594-0600
        Fax: (248) 594-0610
        dlalone@fishstewip.com

        STRASBURGER & PRICE, LLP

By:   /s/ Kasia Brozynski (24036277)
        Kasia Brozynski
        Texas Bar No. 24036277
        Antonio S. Devora
        Texas State Bar No. 24074133
        Sorana G. Ban
        Texas State Bar No. 24061520
        901 Main Street, Suite 6000
        Dallas, Texas 75202
        (214) 245-3068 Telephone
        (214) 245-3097 Fax
        Email: kasia.brozynski@strasburger.com
        Antonio.Devora@strasburger.com
        sorana.ban@strasburger.com

        *Attorneys for Defendant Masabi Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 26th day of May 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

By: /s/ Kasia Brozynski
Kasia Brozynski

## **CERTIFICATE OF CONFERENCE**

Counsel for Defendant Masabi LTD. have complied with the meet and confer requirements of Local Rule CV-7(h) and the foregoing Motion to Strike Plaintiff's Patent Rule 3-3-1 Infringement Contentions is opposed by Plaintiff Bytemark Inc. The personal conferences required by Local Rule CV-7(h) have been conducted; via telephone conference between Dariush Keyhani, Lead Attorney for Bytemark, and Douglas LaLone, Lead Attorney for Masabi, on May 2, 2017, and subsequently between Andy Tindel, Local Counsel for Bytemark, and Kasia Brozynski, Local Counsel for Masabi, on May 26, 2017. As the parties disagree as to whether Plaintiff's Infringement Contentions comply with the requirements of Patent Rule 3-1, no agreement could be reached, leaving an open issue for the Court to resolve.

By: /s/ Douglas P. Lalone
Douglas P. LaLone
Lead Attorney for Masabi LTD.