# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF BYTEMARK, INC.'S RESPONSES AND OBJECTIONS TO MASABI LTD.'S FIRST AND SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff Bytemark, Inc. ("Bytemark" or "Plaintiff"), for its responses to Defendant Masabi Ltd.'s ("Masabi" or "Defendant") First and Second Set of Requests for Admission, alleges upon information and/or knowledge and/or belief:

## RESERVATION OF RIGHTS

Plaintiff reserves all objections to the admissibility of any information produced in response to the Requests. Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-product protection or any other exemption.

## GENERAL OBJECTIONS

The following general objections apply to all of the requests contained in Requests for Admissions (the "Requests"), irrespective of whether the general objections are expressly referred to in the specific responses. The specific objections are intended to amplify the general objections, and neither limit the applicability of any of the general objections nor waive any objections which may be applicable to each request.

1.      Plaintiff objects to the Requests because they seek information outside the scope of discovery permitted under the FRCP, and seek to impose obligations in excess of those required by the FRCP, local rules, and/or applicable case law.

2.      Plaintiff objects to the Requests because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules or laws.  No responsive document produced shall result in the waiver or limitation of any privilege.

3.      Plaintiff objects to the Requests to the extent they seek information that is protected under confidentiality obligations or agreements with third parties.

4.      Plaintiff objects to the Requests because they are vague and use undefined and ambiguous terms.

5.      Plaintiff objects to the Requests because they lack specificity and fail to describe each requested item and category with reasonable particularity.

6.      Plaintiff objects to the Requests because they seek information that is not relevant or material to the subject matter of the pending action, and that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      Plaintiff objects to the Requests to the extent that they seek documents that do not exist or seek the creation of documents.

8.      Plaintiff objects to the Requests to the extent that they seek information already in Defendant's possession, information available in the public domain, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

9.      Plaintiff objects to the Requests to the extent they are premature and inconsistent with the scheduling for expert disclosures under the Court's case management scheduling order.

10.      By responding to the Requests, Plaintiff does not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections whatsoever as to the documents, responses or information contained in or accompanying these responses. In addition, Plaintiff specifically reserve its right to challenge the competency, relevancy, materiality and admissibility of such information in any proceeding, hearing, motion or trial in this or any other action.

12.      Plaintiff's responses are based upon information and writings presently available to and located by Plaintiff and their attorney. Plaintiff reserves its right to supplement or modify their responses to the Requests at any time up to and including the time of trial.

## REQUESTS TO ADMIT

**REQUEST TO ADMIT NO. 1**:      Admit that WO 2009/141614 Al issued to Terrell (hereinafter Terrell) discloses a "visual validation display object" as defined by Bytemark's Proposed Construction:

> Data, computer code, or command that facilitates the display on the customer's device of an animation or other human-perceptible visual image sufficient to enable a ticket taker to instantaneously visually recognize and verify the ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert

disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 2**:       Admit that Terrell discloses a ticket that is validated in a separate transaction from the ticket purchase (for reference only – Terrell, pg. 18, ln 8-10).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 3**:       Admit that Terrell discloses a display object that may be verified "merely done by the inspector's eyes".

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 4**:       Admit that Terrell discloses receiving from the user's device a request to verify purchase of a previously purchased electronic ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.

4

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 5**:     Admit that Terrell discloses receiving from the user's device a request to obtain a graphic element with a change in appearance.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 6**:     Admit that Terrell discloses receiving from the user's computer device a token associated with the received request (request to verify purchase of a previously purchased electronic ticket).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 7**:     Admit that US Application 2004/0030658 Al issued to Cruz  (hereinafter Cruz) discloses a "visual validation display object" as defined by Bytemark's Proposed Construction:

Data, computer code, or command that facilitates the display on the customer's

device of an animation or other human-perceptible visual image sufficient to

enable a ticket taker to instantaneously visually recognize and verify the ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal

conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert

disclosures under the Court's Docket Control Order.  To the extent any response to this request is

mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 8**:      Admit that Cruz discloses a ticket that is validated in a

separate transaction from the ticket purchase (for reference only – Cruz, [0040, 0091]).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal

conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert

disclosures under the Court's Docket Control Order.  To the extent any response to this request is

mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 9**:      Admit that Cruz discloses the use of a token comprising an

alphanumeric code.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal

conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert

disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 10**:     Admit that Cruz discloses receiving from the user's device a request to verify purchase of a previously purchased electronic ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO.  11**:     Admit that Cruz discloses receiving from the user's device a request to obtain a visually recognizable picture.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 12**:     Admit that Cruz discloses receiving from the user's computer device a token associated with the received request (request to verify purchase of a previously purchased electronic ticket).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 13**:     Admit that US Patent 7,315,944 B2 issued to Dutta (hereinafter Dutta) discloses a "visual validation display object" as defined by Bytemark's Proposed Construction:

> Data, computer code, or command that facilitates the display on the customer's device of an animation or other human-perceptible visual image sufficient to enable a ticket taker to instantaneously visually recognize and verify the ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 14**:     Admit that Dutta discloses a ticket that is validated in a separate transaction from the ticket purchase (for reference only – Dutta, col. 8, ln 53-59).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert

disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 15**:     Admit that Dutta discloses a handheld device with a display that shows images that a human can look at for verification (for reference only – Dutta, col. 12, ln 6-12).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 16**:     Admit that Dutta discloses receiving from the user's device a request to verify purchase of a previously purchased electronic ticket.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 17**:     Admit that Cruz discloses encrypting digital tickets sent from a server to a mobile device.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 18**:   Admit that Dutta discloses receiving from the user's computer device a token associated with the received request (request to verify purchase of a previously purchased electronic ticket).

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 19**:   Admit that the terms "previously purchased electronic ticket" or "previously purchased ticket" do not encompass an electronic ticket purchased and delivered in a single operational transaction.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 20**:    Admit that "visual validation display objects" or "validation display objects" for use in mobile ticketing applications were known in the art prior to the priority dates of both the '967 patent and the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 21**:    Admit that the terms "token associated with the purchased electronic ticket" and "token associated with the received request" as utilized in the '967 patent represent two separate and individual tokens.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO.  22**:    Admit that the encryption of mobile ticketing transmission was known in the art prior to the priority dates of both the '967 patent and the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 23**:     Admit that utilizing a server to validate an electronic ticket purchase on a mobile device was known in the art prior to the priority dates of both the '967 patent and the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 24**:     Admit that the use of unique alphanumeric strings as tokens was well known in the art prior to the priority dates of both the '967 patent and the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 25**:     Admit that a system that utilizes a mobile device to purchase an electronic ticket including a visual validation display object from a server in a single transaction

(without requiring subsequent validation from the server prior to activation of the visual validation display object) does not infringe any claim of the '967 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 26**:     Admit that a system that utilizes a mobile device to purchase an electronic ticket including a visual validation display object from a server in a single transaction (without requiring subsequent validation from the server prior to activation of the visual validation display object) does not infringe any claim of the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 27**:     Admit that prior to the initiation of this case a sample of each accused product was obtained and assessed by an individual skilled in the art to determine if the accused product infringed at least one claim of the '967 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent

this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 28**:      Admit that prior to the initiation of this case a sample of each accused product was obtained and assessed by an individual skilled in the art to determine if the accused product infringed at least one claim of the '993 patent.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 29**:      Admit that the accused Masabi product applications may be utilized to activate a visual validation display object on a mobile device immediately after purchase of a ticket and while in an airplane mode or internet disconnected state.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 30**:    Admit that the absolute barest pre-suit investigation would require comparing the observable operation of the accused products and comparing these observable operations to the claims of the '967 and '993 patents to develop an infringement position.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 31**:    Admit that an infringement opinion, written or verbal, was obtained by Bytemark comparing the accused products to the claims of the '993 and '967 patents prior to the filing of this lawsuit.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 32**:    Admit that a damages opinion, written or verbal, was obtained by Bytemark concerning the accused products relative to the '993 and '967 patents prior to the filing of this lawsuit.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents. Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order. To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 33:**   Admit that in order to obtain visual validation of ''the possession of a purchased electronic ticket on a user's computer device'' as recited in the '967 patent, that a purchased electronic ticket must exist on the user's computer device prior to the ''request to verify purchase of a previously purchased electronic ticket and obtain a visual validation display object''.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents. Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order. To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 34:**   Admit that in order to confirm ''that the user possesses the previously purchased electronic ticket'' as recited in the '967 patent, the previously purchased electronic ticket must exist on the user's computer device prior to such confirmation.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents. Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 35:**   Admit that ''in dependence on the determination that the received token is valid'', in order to cause ''an activation of the purchased electronic ticket by transmitting to the user's computer device a data file comprising the visual validation display object' as recited in the '967 patent, the previously purchased electronic ticket must exist on the user's computer device prior to ''transmitting to the user's computer device a data file comprising the visual validation display object''.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 36:**     Admit that as recited in the '993 patent, "transmitting a token associated with a previously purchased electronic ticket to a remote display device" takes place in a separate and prior transaction from "validating the token by matching the token transmitted to the remote display device to the copy of the unique alphanumeric string stored on the central computing system".

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

**REQUEST TO ADMIT NO. 37:**     Admit that as recited in the '993 patent, "transmitting a token associated with a previously purchased electronic ticket to a remote display device" takes place in a separate and prior transaction from "transmitting to the remote display device a secured validation display object associated with the ticket payload".

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this Request calls for a legal conclusion and calls for the interpretation of legal documents.  Plaintiff further objects to the extent this seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this request as premature and inconsistent with the scheduling for expert disclosures under the Court's Docket Control Order.  To the extent any response to this request is mandated, Plaintiff denies.

Dated: May 19, 2017

Respectfully submitted,

s/ Dariush Keyhani
DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON

18

112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing documents was served via

electronic mail to the below counsel of record for Masabi Ltd. this 19th day of May, 2017.

Douglas LaLone
Fishman Stewart PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
dlalone@fishstewip.com

Kasia Brozynski
Antonio Devora
Sorana Ban
Strasburger & Price, LLP
901 Main Street, Suite 6000
Dallas, TX 75202
Kasia.brozynski@strasburger.com
Antonio.devora@strasburger.com
Sorana.ban@strasburger.com

Andy Tindel