**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK, INC.'S REPLY TO DEFENDANT MASABI LTD.'S
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH
<u>PROTECTIVE ORDER AND PRODUCTION OF SOURCE CODE</u>**

**I.    ARGUMENT**

    **A.    Masabi has failed to produce its Source Code in compliance Local Rule P.R. 3-4(a)**

As Plaintiff set out in its opening brief, under Local Rule P.R. 3-4(a), Defendant has an obligation to produce its Source Code Material ("Code") and all other relevant materials reasonably needed for Plaintiff to understand for itself how the technology at issue operates.[1] "P.R. 3–4(a) clearly covers source code, regardless of what additional materials may exist to disclose the functionality of the technology at issue." *Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012). Bytemark is simply requesting that Masabi comply with its P.R. 3-4(a) obligations, nothing more.[2]

---

[1] Although not the subject of this motion, within the past week, Masabi, for the first time, produced over a thousand pages of documents relating to the technical implementation and operation of the accused Masabi system, documents Masabi was required to have produced months ago under P.R. 3-4(a).

[2] In Defendant's Response (Dkt. No. 68), Masabi neglects to advise the Court that the parties had agreed to put aside the present dispute over the production of Masabi's Code to save the parties' and the Court's time and resources while they attempted to settle the case for a number of months.

The Protective Order clearly contemplates Masabi producing its Code on "a removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory 'stick') by Federal Express or other similarly reliable courier." *See* Exhibit A, ¶ 10(k). As noted, Bytemark only requests that Masabi produce its relevant Code relating to the operation and implementation of Masabi's accused systems/instrumentalities on a removable electronic media (and/or on paper). As noted before, Bytemark does not request production of the Code over a network (local area network ("LAN"), an intranet, or the Internet).

None of Defendant's arguments objecting to Bytemark's requested production of the Code enhances the security of the Code because the terms of the Protective Order, which Masabi's counsel and Masabi agreed to and the Court entered, explicitly contemplates that Bytemark's experts (as persons with authorization under ¶ 10(e)) would have access to the Code, print it, copy it, and transport it.[3] *See* Exhibit A, ¶¶ 10(a), 10(g), 10(j), and 10(k). Requiring Bytemark's experts to travel to and sit in Masabi's counsel's office in Michigan to review Masabi's Code substantially increases the cost on Bytemark, is overly burdensome and inefficient, and does not contribute to greater security of the Code.

**B.     Defendant's reading of the Protective Order is inconsistent with the language and the spirit of the Protective Order**

The language and spirit of the Protective Order supports Bytemark's reading. Indeed, paragraph 10(g) explicitly states that "[E]xcept as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made," clearly indicating that paragraph 10(k)

---

The parties reached an impasse by the beginning of April and Bytemark then moved forward with preparing and filing the present motion.

[3] Masabi's counsel's accusatory statements suggesting some type of nefarious intent on the part of Bytemark and/or its counsel with respect to access to Masabi's Code is unfounded, inappropriate, and unbecoming of an officer of the Court.

contemplates that the receiving party shall receive "electronic copies of the Source Code." Exhibit A, ¶ (10)(g). Moreover, paragraph 10(j) contemplates "printouts or photocopies" being maintained in the authorized receiver party's office. *Id.* at ¶ (10)(j). It does not follow that a paper copy of the Code is expressly permitted to be transported and maintained by the authorized receiving party at his/her office, yet, by Defendant's proposed construction, electronic copies of the Code cannot be transported (on a removable electronic media) and maintained by the authorized receiving party. Since it is understood that the Code is not to be transmitted over a network, including a LAN, an intranet or the Internet, there is no difference in the level of security afforded to the Code for a person authorized under 10(e) to transport and maintain a paper copy of the Code or to transport an electronic copy of the Code on a "removable electronic media *(e.g.*, a DVD, CD-ROM, or flash memory "stick" via hand carry, Federal Express or other similarly reliable courier") as explicitly permitted under the Protective Order. *Id*. at ¶ (10)(k).

Finally, Defendant misreads paragraph 10(e) when it states that it "specifically limits this transportation to excerpts of the Code for use in 'pleading, exhibit, expert report, discovery document, deposition transcript, other Court document.'" Contrary to Defendant's reading, there is no limitation, express or otherwise, on transportation. Paragraph 10(e) does not address the issue of transporting the Code and merely grants permission to Plaintiff to use excerpts in documents submitted to the Court, by stating that "[a] receiving Party *may include* excerpts of Source Code Material in a pleading..."(emphasis added). *Id*. at ¶ (10)(e).

Bytemark's proposed production of Masabi's Code is consistent with the plain reading of the language and spirit of the Protective Order and the overriding policy of cooperation between the parties to conduct discovery in the most cost effective and efficient manner. *See, e.g., Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex. 2014) ("With respect to the discovery process,

3

[c]ooperation among counsel is not only helpful, but required, and the court has a duty to insure that cooperation is forthcoming." (internal quotation marks omitted).

## II.     CONCLUSION

For the foregoing reasons, Bytemark respectfully requests that the Court order Masabi to produce the relevant Code (as provided under Local Rule P.R. 3-4(a)) to Bytemark's expert, or another person authorized under paragraph 10(e) of Protective Order, on a removable electronic media (and/or paper) via hand carry, Federal Express or other similarly reliable courier, within ten (10) days from the entry of an order granting this motion to compel.

Dated: May 30, 2017

Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 30th of May, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_/s/ Andy Tindel_

Andy Tindel