## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## DEFENDANT MASABI LTD.'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND
## <u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

Defendant Masabi Ltd., ("Masabi" or "Defendant"),  hereby files this Answer to the Amended Complaint as set forth below.

## PRELIMINARY STATEMENT

1.      This is an action for patent infringement under the Patent Act.

**ANSWER:     Admitted.**

## PARTIES

2.      Bytemark, Inc. is a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2, and therefore denies same.**

3.      Bytemark is generally in the business of providing a secure mobile ticketing platform for transit, tourism, and events through smartphone apps, point-of-sale plugins, and open APls. Bytemark is a market leader in providing mobile ticketing technologies to the transit industry and delivers a comprehensive platform that improves the ticket and payment experience for consumers and merchants.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3, and therefore denies same.**

4.      On information and belief, Masabi is a United Kingdom corporation with its principal place of business at 37 Bevenden Street, London, United Kingdom N1 6BH.

**ANSWER: Admitted.**

5.      On information and belief, Masabi is in the business of offering for sale and selling mobile ticketing applications.

**ANSWER: Admitted.**

## JURISDICTION

6.      This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ I el seq.

**ANSWER: The allegations of paragraph 6 consist of legal conclusions to which no response is required. To the extent the Court deems a response is required, then Defendant admits that the Complaint purports to state a cause of action arising under the Patent**

Laws of the United States and over which this Court has exclusive subject matter jurisdiction. Defendant denies that it is liable for infringement under such provisions.

7.      This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35, U.S.C. § I et seq.

**ANSWER: Admitted.**

8.      Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b).

**ANSWER:  Denied.  Venue in this judicial district is improper.  Masabi is a foreign corporation, and does not reside in the judicial district. Further, a substantial part of the alleged events or omissions giving rise to the alleged claims in the Complaint did not occur in the judicial district, Masabi has not committed the acts of alleged infringement in the judicial district, and Masabi does not have a regular and established place of business in the judicial district.  Moreover, venue is proper in another judicial district.  Thus, venue in this judicial district is improper according to 28 USC 1391(b) and 1400(b).**

**Furthermore, Masabi's contacts with the judicial district are insufficient and sporadic.  As such, Masabi does not have affiliations with the judicial district that are so "continuous and systematic" so as to render it "essentially at home."  ("[T]he inquiry is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum Statute."**

*Daimler AG v. Bauman et al.*, No. 11-965, slip op. at 20 (2014) (citing to *Goodyear Dunlap*
*Tires Operations, S.A. v. Brown*, No. 10-76, slip op. at 2 (2011); see also *International Shoe*
*Co. v. Washington*, 326 U. S. 310, 316-217 (1945))).  Thus, this judicial district lacks general
jurisdiction and is an improper venue.

**Accordingly, venue in this judicial district is improper.**

9.     This Court has personal jurisdiction over Defendant because of Defendant's

offering for sale and sale of its infringing mobile ticketing applications and systems in the State
of  Texas.

**ANSWER:  Denied. Bytemark has failed to present evidence of and identify any**
**particular offers for sale or sales of allegedly infringing products in the State of Texas.**
**Masabi has not committed the alleged acts in the State of Texas.   Thus, the State of Texas**
**lacks personal jurisdiction over Masabi.**

**BACKGROUND**

10.     Bytemark is the owner of all rights, title and interest in and to United States patent

Nos. 8,494,967 ("the '967 Patent"), attached hereto as Exhibit A, and 9,239,993 (The '993

Patent"), attached hereto as Exhibit B (collectively the "Patents-in-Suit").

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief as**
**to the allegations contained in Paragraph 10, and therefore denies the same.**

11 .    The Patents-in-Suit disclose and claim Bytemark's V3 Ticketing Technology.

4

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and therefore denies the same.**

12.     Bytemark offers for sale visual validation mobile ticketing applications and systems disclosed and claimed by the patents-in-suit including but not limited to the V3 Ticketing Technology.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and therefore denies the same.**

13.     Masabi is offering for sale and selling its visual validation mobile ticketing applications and systems, including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA, that infringe at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent (the "'967 asserted claims") literally and/or under the doctrine of equivalents and at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent (the "'993 asserted claims") literally and/or under the doctrine of equivalents.

**ANSWER: Denied.**

14.     Bytemark and Masabi are competitors in the niche mobile ticketing market. Competitors in this market frequently bid against each other to provide mobile ticketing services to municipalities and other entities across the nation.

**ANSWER: Denied.**

15.     As a competitor in this market, Masabi is aware of patents issued that disclose and claim inventions relevant to the mobile ticketing market. At least one of the patent-in-suit, the

'967 Patent, has been previously asserted in a patent infringement action against another competitor in the mobile ticketing market and the case was the subject of national press.

**ANSWER: Admitted.**

16.     On information and belief, Masabi has been aware of the inventions disclosed and claimed in the patents-in-suit since they were issued. Nevertheless, Masabi consciously decided to offer for sale, sell, and practice its infringing visual validation mobile ticketing applications and systems, including its infringing products and systems, the Masabi-NICE gomobile and Masabi-mticket MBTA.

**ANSWER: Denied.**

17.     Masabi has sold its infringing visual validation applications and systems to the Massachusetts Bay Transportation Authority ("MBTA") in Boston, Massachusetts, the Southern California Regional Rail Authority ("Metrolink") in Los Angeles, California, and Nassau Inter-County Express in Nassau County, New York ("NICE").

**ANSWER:  Denied.**

18.     On information and belief, over the past few years, Masabi has offered for sale its infringing visual validation mobile ticketing applications and systems in Texas to Capital Metropolitan Transit Authority ("CMTA") in Austin, VIA Metropolitan Transit ("VIA") in San Antonio, Dallas Area Rapid Transit ("DART") in Dallas, and Metro Transit Authority of Harris County ("METRO") in Houston..

**ANSWER: Denied.**

19.     On information and belief, Masabi has also sold its infringing visual validation applications and systems to the New Orleans Regional Transit Authority ("RTA") and the Regional Transportation Commission of Southern Nevada ("RTC").

**ANSWER:  Denied.**

20.     Masabi has and continues to market its infringing Masabi-NICE gomobile and Masabi-mticket MBTA applications and systems through press releases, case studies, and demonstrative online videos.

**ANSWER:  Denied.**

## COUNT ONE

## INFRINGEMENT OF U. S. PATENT NO. 8,494,967

21.     Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-20 herein.

**ANSWER:  Defendant hereby incorporates by reference the preceding answers.**

22.     Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA in Texas and elsewhere in the U.S.

**ANSWER:  Denied.**

23.      In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to

infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18,

19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by inducing the infringement of the '967

asserted claims by its customers including but not limited to MBTA, Metrolink, CMTA, VIA,

DART, NICE, and METRO by encouraging these customers and others to purchase and use the

infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket

MBTA.

**ANSWER: Denied**

24.      Masabi knowingly and specifically intended its customers infringe the '967

asserted claims. As a close competitor in the niche mobile ticketing market, Masabi has had

actual notice of the '967 Patent no later than the filing of Plaintiff's Original Complaint and on

information and belief, Masabi has had knowledge of the '967 Patent at the time of its issuance

and/or soon thereafter.

**ANSWER: Denied**

25.      Despite actual notice of infringement, Masabi continues to perform affirmative

acts that constitute infringement including offering for sale, selling, distributing, promoting, or

providing support and back-end management and service for its infringing applications with the

knowledge or willful blindness that its conduct will induce its customers to infringe the '967

asserted claims.

**ANSWER: Denied**

26.     In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent indirectly by contributing to the infringement of the '967 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

**ANSWER: Denied**

27.     Masabi has contributed and continues to contribute to the infringement of at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent because it knew that its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use.

**ANSWER: Denied**

28.     As a result of Masabi's infringement of the '967 asserted claims, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER: Denied**

29.     Masabi's infringement of the '967 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '967 Patent.

**ANSWER: Denied**

30.    Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '967 Patent, and will suffer additional damages and will be irreparably injured unless the Court enjoins Masabi from continuing such infringement.

**ANSWER: Denied**

## COUNT TWO

### INFRINGEMENT OF U. S. PATENT NO. 9,239,993

31.    Plaintiff incorporates by reference herein the allegations set forth in paragraphs 1-30 herein.

**ANSWER: Defendant hereby incorporates by reference the preceding answers.**

32.    Pursuant to 35 U.S.C. § 271(a), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent by offering for sale, using, and/or selling, distributing, promoting or providing for use by others the infringing visual validation mobile ticketing applications and systems including the exemplary products/systems the Masabi-NICE gomobile and Masabi-mticket MBTA in Texas and elsewhere in the U.S..

**ANSWER: Denied**

33.     In violation of 35 U.S.C. § 271(b), Masabi has infringed, and is continuing to infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent indirectly by inducing the

infringement of the '993 asserted claims by its customers including but not limited to MBTA,

Metrolink, CMTA, VIA, DART, NICE, and METRO by inducing the purchase and use of the

infringing systems and applications including the Masabi-NICE gomobile and Masabi-mticket

MBTA.

**ANSWER: Denied**

34.     Masabi knowingly and specifically intended third parties to infringe the '993

Patent's claims. As a close competitor in the niche mobile ticketing market, Masabi has had

actual notice of the '967 Patent no later than the filing of Plaintiff's Original Complaint and on

information and belief, Masabi has had knowledge of the '967 Patent at the time of its issuance

and/or soon thereafter.

**ANSWER: Denied**

35.     Despite actual notice of infringement, Masabi continues to perform affirmative

acts that constitute infringement including offering for sale, selling, distributing, promoting, or

providing support and back-end management and service for its infringing applications with the

knowledge or willful blindness that its conduct will induce its customers to infringe the '993

asserted claims.

**ANSWER: Denied**

36.     In violation of 35 U.S.C. § 271(c), Masabi has infringed and is continuing to

infringe (literally and/or under the doctrine of equivalents) at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9,

10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent indirectly by contributing to the

infringement of the '993 asserted claims by its customers, including without limitation, MBTA, NICE, and Metrolink.

**ANSWER: Denied**

37.    Masabi has contributed and continues to contribute to the infringement of at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent because it knew that its applications and systems it offers for sale and sells, including but not limited to its Masabi-NICE gomobile and Masabi-mticket MBTA, are infringing and are not suitable for substantial non-infringing use.

**ANSWER: Denied**

38.    As a result of Masabi's infringement of the '993 Patent, Plaintiff has suffered monetary losses for which Plaintiff is entitled to an award of damages that are adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**ANSWER: Denied**

39.    Masabi's infringement of the '993 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '993 Patent.

**ANSWER: Denied**

40.    Plaintiff has suffered damages in an amount to be determined at trial by reason of Masabi's willful infringement of the '993 Patent, and will incur additional damages and will be

irreparably injured unless the Court enjoins Masabi from continuing such infringement.

**ANSWER: Denied.**

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

41.      Plaintiff's Complaint fails to state a claim upon which relief can be granted,

including without limitation any allegations of willful infringement.

## SECOND AFFIRMATIVE DEFENSE – EQUITABLE RELIEF

42.    Plaintiff is not entitled to equitable relief because any alleged injury to Plaintiff is

not immediate or irreparable because the remedies at law are adequate.

## THIRD AFFIRMATIVE DEFENSE - INVALIDITY

43    The claims of the '967 and '993 Patent are invalid for failure to comply with the

requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§

112, 101, 102 and 103 and failure to comply with the applicable rules, regulations and directives

of the United States Patent and Trademark Office pertaining to patents including, but not limited

to, anticipation and obviousness over the prior art.

## FOURTH AFFIRMATIVE DEFENSE – NON INFRINGEMENT

44.    Defendant has not infringed, and is not infringing, any valid and enforceable claim of the '967 or '993 Patents, either directly, contributorily, by inducement, or otherwise.

## FIFTH AFFIRMATIVE DEFENSE - PROSECUTION ESTOPPEL

45.    Plaintiff is equitably estopped from asserting the claims of the '967 or '993 Patents against Defendant or otherwise asserting that the claims should be construed to cover Defendant's products or processes, either literally or under the doctrine of equivalents. Plaintiff's amendments and arguments during prosecution of the '967 and '993 Patents prevent it from expanding the scope of the '967 and '993 Patents to cover Defendant's products or processes.

## SIXTH AFFIRMATIVE DEFENSE – PATENT MISUSE

46.    The '967 and '993 Patents are unenforceable because plaintiff has misused said patents by attempting to enforce the knowingly invalid patents against the accused product that clearly do not infringe.

47.    Subsequent to the filing of this action, Plaintiff was contacted and informed by Defendant that the '967 and '993 Patents do not cover the Defendant's products.  Defendant also provided invalidating prior art to Plaintiff. Plaintiff has never formally addressed the provided prior art, or provided any explanation as to why it believes Defendant's products infringed the '967 or '993 Patents.

## SEVENTH AFFIRMATIVE DEFENSE – BAD FAITH LITIGATION/EXCEPTIONAL CASE

48.     Defendant alleges that Plaintiff brought this action in bad faith, making it an exceptional case and thereby entitling Defendant to its costs and attorneys' fees pursuant to 35 U.S.C. § 285, and/or *Octane Fitness*.

## EIGHTH AFFIRMATIVE DEFENSE – MARKING

49.     Upon information and belief, Plaintiff's claim for damages prior to the date of the Complaint are barred because Plaintiff and/or licensees of Plaintiff failed to mark or cause to be marked products sold commercially and covered by one or more claims of the'967 and/or '993 Patents pursuant to 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE – IMPROPER VENUE

50.     Plaintiff is barred from pursuing these claims in the Eastern District of Texas, because venue is improper, and the Amended Complaint, and each purported claim contained therein with respect to Masabi, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to a proper venue.

## TENTH AFFIRMATIVE DEFENSE – STATUTORILY LIMITED

51.     Plaintiff's claims for relief are statutorily barred in whole or in part by 35 U.S.C. § 1, *et seq.*, including without limitation 35 U.S.C. § 286.

## ELEVENTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

52.      Plaintiff's claims are barred, in whole or in part, by an express or implied license, and/or the equitable doctrine of unclean hands, waiver, acquiescence, estoppel, and/or the doctrine of patent exhaustion.

## TWELFTH AFFIRMATIVE DEFENSE – COSTS BARRED

53.      35 U.S.C. § 288 bars Plaintiff from recovering costs associated with this action.

## THIRTEENTH AFFIRMATIVE DEFENSE – STANDING

54.      Plaintiff lacks standing to pursue some or all of its claims against Masabi.

## FOURTEENTH AFFIRMATIVE DEFENSE – NECESSARY PARTIES

55.      On information and belief, subject to further discovery, and in the alternative, Plaintiff's claims are barred in whole or in part because it has failed to name all necessary parties to this action.

## FIFTEENTH AFFIRMATIVE DEFENSE – OUTSIDE UNITED STATES

56.      Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE –
## NO EXCEPTIONAL CASE FOR PLAINTIFF

57.     Plaintiff cannot prove that this is an exceptional case justifying an award of attorney's fees against Masabi pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

58.     Masabi reserves the right to add any further additional and/or affirmative defenses (including but not limited to inequitable conduct) or counterclaims permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity which may now exist nor in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

59.     Defendant incorporates by reference its answers and affirmative defenses pleaded in paragraphs 1 through 49 of this Answer as though fully set forth herein.

60.     Counterclaimant Masabi LTD is a United Kingdom corporation with its principal place of business at 37 Bevenden Street, London, United Kingdom N1 6BH.

61.     Counterdefendant Bytemark, Inc. has alleged in its complaint that it is a Delaware corporation organized and existing under the laws of the State of Delaware with a place of business at 268 W 44th Street, 3rd Floor, New York, New York 10036. (Counterdefendants").

## JURISDICTION AND VENUE

62.     These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

63.     Bytemark is subject to personal jurisdiction in this District because it has availed itself of the jurisdiction of this Court, and has engaged in acts giving rise to this controversy in this judicial district.

64.     Venue is improper according to 28 U.S.C. § 1391 and 1400(b) and pursuant to Rule 13 of the Federal Rules of Civil Procedure.  The Amended Complaint, and each purported claim contained therein with respect to Masabi, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to a proper venue.

65.     Counterclaimant has a justiciable controversy with Counterdefendant over the validity and infringement of the '967 and '993 patents. More specifically, Counterdefendant contends that the '967 and '993 Patents are valid and that Masabi, LTD has infringed and continues to infringe the '967 and '993 Patents. Counterclaimant disputes these contentions and seek a declaration of their rights that the '967 and '993 Patents are invalid, unenforceable and not infringed.

## COUNTER CLAIM I

### (The '967 Patent Is Invalid)

66.     Counterclaimant incorporates by reference paragraphs 1-65 above as set forth here in full.

67.     On information and belief, the claims of the '967 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

68.     Accordingly, Counterclaimant is entitled to a judgment that the claims of the '967 patent are invalid and not enforceable.  Counterclaimant seeks entry of a judgment that the claims of the '967 patent are invalid and not enforceable.

## COUNTER CLAIM II

### (The '967 Patent Is Not Infringed)

69.     Counterclaimant incorporates by reference paragraphs 1-68 above as set forth here in full.

70.     Counterclaimant does not infringe and have not infringed, induced the infringement of, or contributed to the infringement of any valid enforceable claim of the '967 patent.

71.     Accordingly, Counterclaimant is entitled to a judgment that it has not infringed and do not infringe any claim of the '967 patent.  Counterclaimant seeks entry of a judgment that they have not infringed and do not infringe any claim of the '967 patent.

## COUNTER CLAIM III

### (The '993 Patent Is Invalid)

72.     Counterclaimant incorporates by reference paragraphs 1-71 above as set forth here in full.

73.     On information and belief, the claims of the '993 patent are invalid for failure to meet the patentability requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

74.     Accordingly, Counterclaimant is entitled to a judgment that the claims of the '993 patent are invalid and not enforceable.  Counterclaimant seeks entry of a judgment that the claims of the '993 patent are invalid and not enforceable.

## COUNTER CLAIM IV

### (The '993 Patent Is Not Infringed)

75.     Counterclaimant incorporates by reference paragraphs 1-74 above as set forth here in full.

76.     Counterclaimant does not infringe and have not infringed, induced the infringement of, or contributed to the infringement of any valid enforceable claim of the '993 patent.

77.     Accordingly, Counterclaimant is entitled to a judgment that they have not infringed and do not infringe any claim of the '993 patent.  Counterclaimant seeks entry of a judgment that they have not infringed and do not infringe any claim of the '993 patent.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Fed. R. Civ. P. 38(b). Plaintiff hereby demands a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF APPLICABLE TO ALL COUNTS

For the reasons stated, Counterclaimant respectfully pray that the Court:

78.     Enter a take nothing judgment in favor of Counterclaimant and against Counterdefendant on the Complaint and dismiss all of Counterdefendant's claims with prejudice.

79.     Enter a declaratory judgment declaring that:

a.      the '967 Patent registration was granted improperly;

b.      the '967 Patent is invalid and unenforceable;

d.      Counterclaimant does not infringe the '967 Patent;

e.      the '993 Patent registration was granted improperly;

f.      the '993 Patent is invalid and unenforceable; and

g.      Counterclaimant does not infringe the '993 Patent.

80.     Award Counterclaimant its respective damages incurred on their counterclaims I-IV including lost business and sales along with reasonable attorneys' fees and costs.

81.     Award Counterclaimant compensatory damages, punitive damages, costs, expenses and attorneys' fees pursuant to 15 U.S.C. § 1117(a), 28 U.S.C. § 1927, and the inherent authority of the Court.

82.     Award costs, expenses and attorneys' fees against Counterdefendant pursuant to 28 U.S.C. § 1927 for vexatious, unreasonable and excessive litigation.

83.     Enter such other and further relief that Counterclaimant may be justly entitled.

Dated:  May 31, 2017     Respectfully submitted,


         FISHMAN STEWART PLLC

By:  /s/ Douglas P. LaLone (P45751)
    Douglas P. LaLone (P45751)
    Thomas E. Donahue (P57089)
    39533 Woodward Ave., Suite 140
    Bloomfield Hills, MI 48304
    Tel.: (248) 594-0600
    Fax: (248) 594-0610
    dlalone@fishstewip.com


         STRASBURGER & PRICE, LLP

By:  /s/ Kasia Brozynski (24036277)
    Kasia Brozynski
    Texas Bar No. 24036277
    Antonio S. Devora
    Texas State Bar No. 24074133
    Sorana G. Ban
    Texas State Bar No. 24061520
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    (214) 245-3068 Telephone
    (214) 245-3097 Fax
    Email: kasia.brozynski@strasburger.com
    Antonio.Devora@strasburger.com
    sorana.ban@strasburger.com

    *Attorneys for Defendant Masabi Ltd.*

22

## **CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 31st day of May 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

By:     /s/ Lisa M. Conner
        Lisa M. Conner