**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK, INC.'S RESPONSE TO DEFENDANT MASABI LTD.'S
MOTION AND BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S
PATENT RULE 3-1 INFRINGEMENT CONTENTIONS**

**I.   PRELIMINARY STATEMENT**

Defendant Masabi Ltd.'s ("Masabi" or "Defendant") Motion to Strike Plaintiff Bytemark, Inc.'s ("Bytemark" or "Plaintiff") Local Patent Rule 3-1 Infringement Contentions ("Infringement Contentions") (Dkt. No. 69) should be denied for the reasons set forth below.

First, Plaintiff's Infringement Contentions fully comply with P.R. 3-1 and put Defendant on notice of Plaintiff's theories of infringement. Plaintiff's Infringement Contentions were drafted by Plaintiff's expert witness, Roy A. Griffin, after nearly a year of investigating Bytemark's infringement claims against Masabi. *See* Declaration of Roy A. Griffin III at ¶ 6 (June 7, 2017). Mr. Griffin invested a significant amount of time studying publicly available information relating to Masabi's exemplary Masabi – Nice gomobile and Masabi-mticket MBTA systems (the "Accused Systems"). *Id*. at ¶¶ 6-7. Based on that information, his experience and knowledge as an expert in this area of technology, and the reasonable inferences he made regarding how a system such as Masabi's is likely to operate, Mr. Griffin identified and explained, in Plaintiff's P.R. 3-

1

1(c) claim charts, where each element of each of the asserted claims of U.S. Patent Nos. 8,494,967and 9,239,993 (the "patents-in-suit") is found in the Accused Systems. *Id.* at ¶¶ 6-7; Dkt. No. 69, Ex. A-D.

Second, Masabi's argument that Bytemark's Infringement Contentions are insufficient is without merit and inconsistent with P.R. 3-1 and the Docket Control Order entered in this case (Dkt. Nos. 28 and 37) including fact discovery, expert discovery, and claim construction, where Bytemark would obtain additional information and the scope of the claims would be clarified for the purposes of infringement and invalidity. Contrary to Defendant's assertions, Bytemark's Infringement Contentions specifically identify, on a claim element basis, where and/or how the Accused Systems practice each element of the asserted claims of the patents-in-suit. In particular, contrary to Masabi's claim, Bytemark's Plaintiff's Infringement Contentions provide specific explanations with references to Masabi's media and literature and additionally, relevant screenshots explaining and depicting how Masabi's Accused Systems practice each claim element of the asserted claims of the patents-in-suit. Plaintiff is not required to set forth a prima facie case of infringement and supporting evidence. Masabi's arguments are especially unwarranted given that Masabi did not begin producing technical information/specifications relating to the design, operation, and functionality of the Accused Systems, designated as "Attorney's Eyes Only" under the terms of the Protective Order entered in this case, until the later part of April 2017 and most recently on May 22 and 25, 2017, where Masabi produced over a thousand pages.[1] *See* Declaration of Dariush Keyhani at ¶ 7 (June 9, 2017).

---

[1] In its Motion to Strike (Dkt. No. 69 at ¶¶ 5 and 17), Masabi references an "Operation Flow Chart" that Masabi claims reveals some aspects of the technical operation of Masabi's Accused Systems. As this document was created by an employee of Masabi for the purposes of defending Masabi from Bytemark's claims of infringement in this action, this document is of highly questionable evidentiary value.

Third, in the event the Court finds Plaintiff's Infringement Contentions deficient, striking them would not be an appropriate remedy. Striking Plaintiff's Infringement Contentions would be premature because pursuant to P.R. 3-6(a)(1), Plaintiff can amend them within, without leave, within 30 days of the Court's Claim Construction Ruling, which has not yet been served by the Court. Further, Plaintiff has not yet reviewed Masabi's source code[2] and, as stated previously, Masabi only recently produced relevant technical information. Additionally, all of the factors applied in deciding whether to allow a party to amend its Infringement Contentions apply in this case. Plaintiff's Infringement Contentions could not have contained any greater detail without the benefit of Masabi's proprietary information and therefore striking them before Plaintiff has an opportunity to review and incorporate such information would be highly prejudicial to Plaintiff. In sum, Bytemark's Infringement Contentions comply with P.R. 3-1 and in the event, for some technical reason, they do not, striking them is not warranted.

## II. STANDARD OF REVIEW

Local Patent Rule 3-1(a) requires a plaintiff to identify "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" not later than 10 days before the Initial Case Management Conference. Additionally, under P.R. 3-1(b), a plaintiff should identify:

> Separately for each asserted claim, each asserted apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. The identification shall be as specific as possible.

---

[2] The parties had an ongoing dispute over the interpretation of the Protective Order (Dkt. No. 35) entered in this case with respect to the production of Masabi's source code. Keyhani Decl. at ¶¶ 2, 3, and 6. In December 2016, the parties agreed to set aside their dispute in an attempt to settle this case. *Id.* at ¶ 2, Ex. A. The parties reached an impasse on the settlement discussions on April 5, 2017 and Bytemark filed a motion to compel Masabi to produce its source code on April 28, 2017. *Id.* at ¶¶ 5-6. The Court resolved the parties' source code production dispute on May 31, 2017 and Bytemark made arrangements for its experts to review the source code at Defendant's counsel's office in Michigan on June 19-22, 2017. *Id.* at ¶¶ 8-9.

Further, under P.R. 3-1(c) infringement contentions must include a chart identifying where each element of each asserted claim is found within each Accused Instrumentality. Additionally, P.R. 3-1(d) is satisfied if a plaintiff asserts, on an element basis, whether the claim element is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality. *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-1015-JRG-RSP, 2017 WL 2267283, at *4 (E.D. Tex. May 24, 2017) (holding that even a conclusory statement made for each element satisfies the rule).

The Court's Patent Local Rules are intended "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). Infringement contentions "are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof." *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016). A parties' infringement contentions "are not required to cite all the evidence its experts w[ill] rely upon, nor [are they] required to disclose the details of" an expert's analysis. *Id*. at *4. As this Court has recognized, "[t]he Patent Rules intend to strike a balance of providing fair notice to defendants without requiring unrealistic, or overly factual contentions from plaintiffs." *Perdiemco, LLC. v. Industrack LLC*, No. 2:15-cv-727-JRG-RSP, 2016 WL 8135381, at *2 (E.D. Tex. Oct. 25, 2016).

Striking infringement contentions is an extreme decision comparable to determining "whether evidence should be excluded for discovery violations." *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822. Therefore, courts are hesitant to strike contentions absent evidence of unreasonable delay and prejudice. *Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *1 (E.D. Tex. Dec. 5, 2016).

### III.  ARGUMENT

#### A.  Plaintiff's Infringement Contentions comply with P.R. 3-1

Bytemark's Infringement Contentions comply with P.R. 3-1.  Plaintiff's expert, Mr. Griffin, drafted Bytemark's Infringement Contentions after an extensive pre-litigation investigation of Bytemark's infringement claims against Masabi and his review of all publicly available information related to the Accused Systems.  Griffin Decl. at ¶¶ 6-8.  Plaintiff's Infringement Contentions identify each claim of the patents-in-suit asserted by Plaintiff and identify each of Masabi's exemplary accused systems by name (Masabi – Nice gomobile and Masabi mticket MBTA).  Pursuant to P.R. 3-1(c), Plaintiff's Infringement Contentions provide a chart for each of the Accused Systems with respect to each of the patents-in-suit which specifically identifies where each element of each asserted claim is found.  Dkt. No. 69, Ex. A-D.  The charts provide not only explanations in connection with identifying how the Accused Systems practice each claim element of the patents-in-suit, each claim element is met, but also supporting screenshots and references to Masabi's own literature and media.  *Id.*  For each claim element in the Accused Systems, Plaintiff identifies whether it is claimed to be literally present or present under the doctrine of equivalents.  *Id.*  Further, although not technically required by P.R. 3-1, Bytemark also served on Masabi claim charts, identifying on a claim element basis, how Bytemark's V3 ticketing system practices an exemplary asserted claim of the patents-in-suit.  Accordingly, Bytemark's Infringement Contentions comply with P.R. 3-1.  *Id*.

#### B.  Masabi's argument that Plaintiff's Infringement Contentions are insufficient is without merit

Bytemark objects to Masabi's demand that Bytemark must present all evidence of infringement on a claim element by claim element basis based solely on publicly available information and without having any opportunity for full discovery.  While it is clear that Defendant

5

does not agree with Plaintiff's infringement theories, that disagreement is not relevant in determining whether Plaintiff's Infringement Contentions are sufficient.[3] *Motion Games, LLC v. Nintendo Co.*, No. 6:12-cv-878-RWS-JDL, 2015 WL 1774448, at *3 (E.D. Tex. Apr. 16, 2015) ("[i]nfringement contentions are not intended to be a forum for adjudicating the merits of the plaintiff's contentions"). The merits of Plaintiff's theories of infringement will be addressed by the parties' experts in their expert disclosures and will ultimately be determined by the trier of fact in this case. P.R. 3-1 requires only that a plaintiff put a defendant on notice of its infringement theories, and Bytemark has well exceeded that requirement. *Core Wireless Licensing,* 2016 WL 3655302, at *1.

Defendant's argument that Plaintiff does not "explain how the Accused Products allegedly infringe the asserted claims" and the suggestion that Plaintiff incorporates screenshots "in lieu of explanatory text" are wholly without merit. Plaintiff's Infringement Contentions provide explanations, drafted by Plaintiff's expert, regarding specifically where and/or how the Accused Systems practice each claim element of the asserted patent claims of the patents-in-suit. Dkt. No. 69, Ex. A-D. Mr. Griffin supports his explanations with screenshots and references to Masabi's own literature and media, but does not rely on these "in lieu of explanatory text." *Id.*

As was the case in Masabi's meritless motion to dismiss for failure to state a claim, Masabi again demands more than what is required. Bytemark's infringement contentions were drafted by Bytemark's expert witness based on his experience and knowledge, reasonable inferences he made

---

[3] For example, in paragraph 13 of its Motion to Strike (Dkt. No. 69), Masabi attempts to improperly adjudicate the merits of its non-infringement theory. Even if one were to agree with Masabi's assertion that activating a ticket after losing cellular service is a non-infringing scenario (which is not necessarily the case), the existence of one non-infringing scenario does not preclude the fact that Masabi's Accused System can also be used and is used in an infringing manner as detailed in the Bytemark's infringement contentions (when cellular phone or wi-fi service is available).

6

regarding how a system such as Masabi's is likely to operate, and after studying publicly available information relating to the Accused Systems. Further, Bytemark's allegations based on "information and belief" are entirely appropriate without the benefit of relevant discovery. *See e.g., Secure Axcess LLC, v. HP Enterprise Services, LLC*, No. 6:15-cv-208-RWS-KNM, 2016 WL 7042229, *5 (E.D. Tex. Sept. 20, 2016) (explaining that "on information and belief" allegations were sufficient because plaintiff could not provide more detail without proprietary, non-public information). Bytemark cannot be expected to provide any greater detail by relying solely on public information and expert inferences and the information Defendant seeks will be provided consistent with the Court's Docket Control Orders at the completion of fact and expert discovery. Dkt. Nos. 28 and 37.

Bytemark also objects to Masabi's assertions that Plaintiff "relies on bolstering their infringement contentions only after expert disclosures and after completion of fact discovery" and "failed to comply with P.R. 3-1(g)." *See* Dkt. No. 69 at ¶ 7 and 18. As noted above, it is perfectly permissible for Plaintiff to bolster its Infringement Contentions and provide additional analysis of infringement in its expert disclosures. *Core Wireless Licensing,* 2016 WL 3655302, at *4. Further, Plaintiff's reference to P.R. 3-1(g) in its Infringement Contention claim charts (Dkt. No. 69, Ex. A-D) was merely to preserve its right to amend and supplement its Infringement Contentions, if appropriate, after reviewing Masabi's source code. Even if Plaintiff intended to reply on P.R. 3-1(g), Masabi's arguments are premature because under P.R. 3-1(g), Plaintiff "need not comply with P.R. 3-1 for those claim elements until 30 days after the production" of Masabi's source code, an issue that was in dispute in this action until May 31, 2017. *See* Dkt. No. 29 at ¶ 3. Accordingly, Masabi's arguments are without merit and the Court should deny Masabi's motion.

**C.     Striking Plaintiff's Infringement Contentions is not an appropriate remedy**

In the event the Court finds Plaintiff's Infringement Contentions insufficient, striking them is not an appropriate remedy because it is: (1) premature; and (2) not supported by the applicable test laid out by this Court.

### 1. Striking Plaintiff's Infringement Contentions would be premature and inconsistent with P.R. 3-6(a)(1)

Under P.R. 3-6(a)(1), if Bytemark "believes in good faith that the Court's Claim Construction Ruling so requires" Plaintiff can amend its Infringement Contentions without leave of the court within 30 days of the Court's Claim Construction Ruling. *See* P.R. 3-6(a)(1); *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 WL 12605571, at *1 (E.D. Tex. Oct. 6, 2014). To date, the Court has not yet issued its Claim Construction Ruling. Thus, it would be premature to strike Plaintiff's Infringement Contentions without providing Plaintiff the opportunity to amend as expressly permitted under P.R. 3-6.

Striking Plaintiff's Infringement Contentions would also be premature because Bytemark's experts have not yet reviewed Masabi's source code. The Court recently resolved the parties' dispute over the production of Masabi's source code and Bytemark diligently made plans for its experts to travel to Michigan to review the code between June 19 and 22, 2017. *See* Keyhani Decl. at ¶¶ 8-9. Further, Masabi just recently produced over a thousand pages of its technical information relating to the design, operation, and functionality of its Accused Systems. *Id.* at ¶ 7. Accordingly, striking Plaintiff's Infringement Contentions at this time is premature and Plaintiff should be allowed to amend its Infringement Contentions, if appropriate, in accordance with P.R. 3-6.

### 2. The factors relevant to determining whether to allow a party leave to amend favor Plaintiff

The following factors are used to determine whether to allow a party to amend infringement contentions: (1) the reason for the delay and whether the party has been diligent; (2) the importance

of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Computer Acceleration Corp.,* 503 F.Supp.2d at 822; *Motion Games,* 2015 WL 1774448, *2. First, Bytemark's Infringement Contentions were drafted by its expert witness based on all publicly available information. Griffin Decl. at ¶ 6-8. Bytemark could not have provided any greater detail at that time by relying only on public information and its expert's inferences. In fact, only recently did Masabi provide its technical information relating to the design, operation, and functionality of the Accused Systems. Keyhani Decl. at ¶ 7. Also, given that Masabi did not file the instant motion until May 26, 2017 – more than eight months after Plaintiff served its Infringement Contentions – it would be unreasonable to attribute any delay to Plaintiff. If Masabi had an issue with Plaintiff's Infringement Contentions, it should have filed its motion many months ago.

Second, Plaintiff's Infringement Contentions are of critical importance and provide the basis for Plaintiff's infringement theories with respect to the patents-in-suit and a lesser sanction, allowing Plaintiff to amend in accordance with P.R. 3-6(a)(1), is available. Therefore, this factor favors Plaintiff.

Third, denying Bytemark the opportunity to amend will be highly prejudicial to Bytemark. Masabi did not provide Bytemark with an extensive amount of its technical information until a couple of days before filing its motion to strike. Keyhani Decl. at ¶ 7. Prior to reviewing Masabi's technical information, Plaintiff could not have provided more detail to its Infringement Contentions. Thus, striking Plaintiff's infringement contentions would be highly prejudicial to Plaintiff and would reward Masabi for not producing its technical information sooner.

Fourth, a continuance of the trial date is unnecessary. Bytemark's Infringement Contentions provide Masabi with ample notice of Plaintiff's theories of infringement. Further,

P.R. 3-6 contemplates Plaintiff amending its infringement contentions 30 days after the Court's Claim Construction Ruling, which has not yet occurred. The level of detail of evidence and analysis that Masabi seeks, as opposed to the disclosure of Plaintiff's theories of infringement under P.R. 3-1, will be produced in connection with Bytemark's expert disclosures in accordance with the schedule set out by the latest Docket Control Order entered in this action. Accordingly, since all factors favor Plaintiff, the Court should not strike Plaintiff's Infringement Contentions.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Masabi's Motion to Strike Plaintiff's Rule 3-1 Infringement Contentions and in the event the Court deems Plaintiff's Infringement Contentions deficient, allow Plaintiff to amend in accordance with P.R. 3-6, or grant Plaintiff leave to amend. Bytemark additionally requests that the Court award attorneys' fees and costs incurred by Bytemark in connection with responding to Masabi's motion and for such other and further relief as the Court may deem just and proper.

Dated: June 9, 2017

Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

>ANDY TINDEL
>Texas State Bar No. 20054500
>MT² LAW GROUP
>MANN | TINDEL | THOMPSON
>112 East Line Street, Suite 304
>Tyler, Texas 75702
>Telephone: (903) 596-0900
>Facsimile: (903) 596-0909
>Email: atindel@andytindel.com
>
>*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 9th of June, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____
Andy Tindel