IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| MASABI LTD., | § § § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |

### DECLARATION OF ROY A. GRIFFIN III, P.E.

I.   **INTRODUCTION**

   A.   **Background and Experience**

   (1)   I reside at 668 Nenna Ct., El Paso, TX. I have been retained by the law firm of Meredith & Keyhani, PLLC in connection with its representation of the Bytemark, Inc. ("Plaintiff" or "Bytemark"), as an expert witness in connection with the above-identified civil action, in the fields of electrical engineering, product and system design, software engineering, software analysis, and security engineering and the subject of matter of the inventions disclosed and claimed in United States patent No. 8,494,967 ("the '967 Patent") and United States patent No. 9,239,993 ("the '993 Patent") (collectively the "Patents-in-Suit"). I make this declaration in connection with Bytemark's response to Masabi's Motion to Strike Bytemark's Infringement Contentions in connection with the Patents-in-Suit. My qualifications as an expert are set forth in detail in the attached curriculum vitae (**Ex. 1**), but may be summarized as follows:

(2) I received a B.S. degree in Electrical Engineering with the computer engineering option in 1981 from the University of Texas at El Paso. I am a Texas Registered Professional Engineer.

(3) I have over 30 years of industry experience in electrical engineering, product and system design, software program development, microprocessor based program development, and patent analysis. I am familiar with software and protocols used in communications having designed and analyzed many products that employ or utilize software in their implementation of communications protocols.

(4) Over the course of more than 20 years, I have been retained by both plaintiffs and defendants in intellectual property cases and have provided expert testimony in the form of declarations, expert reports, and expert testimony in well over a dozen patent infringement cases. I have been deposed as an expert in IP cases dozens of times, and I have testified as an expert witness in 3 jury trials. I have also testified before the ITC. My consulting and/or testifying expert services have often involved systems that incorporate software, such as cellular telephones, digital set-top boxes, and distributed processing systems such as those found in cable TV and satellite TV systems.

(5) I am the co-inventor of five U.S. Patents, including several data processing and software related patents including U.S. Patent No. 5,151,938, "Security enhancement in a data processor through use of dynamic parameter authentication," issued September 29, 1992; U.S. Patent No. 5,249,294, "Determination of time of execution of predetermined data processing routing in relation to occurrence of prior externally observable event," issued September 28, 1993.

(6)     I was first retained by Meredith & Keyhani, PLLC in October 2015 to provide technical input and opinions in connection with the pre-litigation investigation of Bytemark's infringement claims against Masabi. In this regard, I have been asked to continuously provide input and expert opinions, and since having been retained I have put in over one hundred (100) hours into this matter.

As part of the pre-litigation investigation and subsequent work I have studied the specifications, claims and the prosecution histories of the Patents-in-Suit. I have also been involved in searching for public domain information relating to the design, operation, and functionality of Masabi's accused systems. My investigation and analysis of publicly available information led to my development of the preliminary infringement claim charts that were provided to Masabi in connection with Bytemark's Disclosure of Asserted Claims and Infringement Contentions on September 16, 2016.

(7)     The claim charts demonstrate that publicly available information establishes a reasonable likelihood that Masabi infringes the identified claims of the Patent-in-Suit. In particular, the publicly available information indicates that the general processes for obtaining and displaying a visual validation display object on a user's smart phone are strikingly similar to that described and claimed in the Patents-in-Suit. I studied the public information available including the information regarding the accused Masabi system, and based on that information, my experience and knowledge as an expert, and the reasonable inferences I made regarding how a system such as Masabi's is likely to operate I found, as demonstrated in the claim charts, that all the asserted claim elements are likely present in Masabi's accused systems.

(8)     The claims of the Patents-in-Suit contain aspects that are of a highly technical nature, requiring an understanding of how Masabi's systems and software operate "under the

hood" to confirm. Through exercising due diligence, my investigation of publically available information did not surface Masabi's source code, which leads me to presume that Masabi's source code software is both proprietary and unavailable in the public domain. In my preliminary infringement claim charts, I identified those aspects that are subject to confirmation by a subsequent review of Masabi's source code.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this June 7, 2017.

_____ P.E.
Roy A. Griffin III, P.E.