IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT MASABI LTD.'S COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Bytemark, Inc. ("Bytemark") files this Answer and Affirmative Defenses to Defendant/Counterclaim-Plaintiff Masabi Ltd.'s ("Masabi") Answer to Plaintiff's Amended Complaint For Patent Infringement And Affirmative Defenses And Counterclaims (Doc. No. 74) and in response to Masabi's Counterclaims shows as follows:

**COUNTERCLAIMS[1]**

59.     In response to the allegations contained in paragraph 59 of the Counterclaims, Bytemark says that no response to this averment is required. To the extent a response is required, the allegations of paragraph 59 of the Counterclaims are denied.

60.     In response to the allegations contained in paragraph 60 of the Counterclaims, Bytemark lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 60 of the Counterclaim and on that basis Bytemark denies the allegations.

---

[1] All headings and titles repeated herein are taken from Masabi's counterclaim pleading and are included in Bytemark's answer to those counterclaims for purposes of clarity only. To the extent any allegations are separately made by Masabi in those headings or titles, those allegations, including any characterizations contained or implied in any of those headings or titles in the Counterclaims, are denied.

61. In response to the allegations contained in paragraph 61 of the Counterclaims, Bytemark admits the allegations.

## JURISDICTION AND VENUE

62. In response to the allegations contained in paragraph 62 of the Counterclaims, Bytemark admits the allegations.

63. In response to the allegations contained in paragraph 63 of the Counterclaims, Bytemark admits the allegations.

64. In response to the allegations contained in paragraph 64 of the Counterclaims, Bytemark denies the allegations.

65. The allegations contained in paragraph 65 of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, Bytemark denies the allegations contained in paragraph 65 of the Counterclaims.

## COUNTER CLAIM I
### (The '967 Patent Is Invalid)

66. Bytemark realleges and hereby incorporated by reference all preceding responses previously made herein and by way of further response states:

67. In response to the allegations contained in paragraph 67 of the Counterclaims, Bytemark denies the allegations.

68. In response to the allegations contained in paragraph 68 of the Counterclaims, Bytemark denies the allegations.

## COUNTER CLAIM II
### (The '967 Patent Is Not Infringed)

69. Bytemark realleges and hereby incorporated by reference all preceding responses previously made herein and by way of further response states:

70. In response to the allegations contained in paragraph 70 of the Counterclaims, Bytemark denies the allegations.

71. In response to the allegations contained in paragraph 71 of the Counterclaims, Bytemark denies the allegations.

### COUNTER CLAIM III
### (The '993 Patent Is Invalid)

72. Bytemark realleges and hereby incorporated by reference all preceding responses previously made herein and by way of further response states:

73. In response to the allegations contained in paragraph 73 of the Counterclaims, Bytemark denies the allegations.

74. In response to the allegations contained in paragraph 74 of the Counterclaims, Bytemark denies the allegations.

### COUNTER CLAIM IV
### (The '993 Patent Is Not Infringed)

75. Bytemark realleges and hereby incorporated by reference all preceding responses previously made herein and by way of further response states:

76. In response to the allegations contained in paragraph 76 of the Counterclaims, Bytemark denies the allegations.

77. In response to the allegations contained in paragraph 77 of the Counterclaims, Bytemark denies the allegations.

### DEMAND FOR JURY TRIAL

78. In response to the non-numbered paragraph of the Counterclaims titled "Demand For Jury Trial", Bytemark states that Masabi's request for a jury trial does not require an admission or denial.  Bytemark has also demanded a jury trial pursuant to Rule 38 of the Federal Rules of

Civil Procedure on all issues so triable. To the extent that any allegations are included in Masabi's jury demand, Bytemark denies these allegations.

## PRAYER FOR RELIEF APPLICABLE TO ALL COUNTS

79. In response to the allegations contained in paragraphs 78 through 83 of the Counterclaim, including all subparts, wherein Masabi states the relief it seeks by way of this counterclaim, Bytemark denies that Masabi is entitled to recover any relief whatsoever against Bytemark in this action, either as set forth in paragraphs 78 through 83 of the Counterclaim, including all subparts, or as otherwise requested in the Counterclaims. To the extent that Masabi's request for relief incorporates any other allegations set forth in the Counterclaims, Bytemark repeats and expressly incorporate its responses to those prior paragraphs and, except as expressly admitted in any previous response, Bytemark denies each and every, all and singular, the factual allegations contained in the Counterclaims.

## BYTEMARK'S AFFIRMATIVE DEFENSES

80. Further answering the allegations contained in the Counterclaims, Bytemark restates and incorporates its responses to all foregoing paragraphs as set forth above as though fully set forth and repeated herein and, without assuming any burden that Bytemark would not otherwise have in defending against the claims alleged by Masabi in the Counterclaims and without admitting or acknowledging that Bytemark bear the burden of pleading, the burden of coming forward with evidence or the ultimate burden of proof on any issue that would otherwise rest on Masabi, separately assert the following defenses and affirmative defenses:

### First Affirmative Defense

81. Masabi's Counterclaims, on one or more counts set forth therein, fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

82. Masabi's equitable claims are barred, in whole or in part, by reason of unclean hands.

### Third Affirmative Defense

83. Masabi's Improper Venue defenses have been waived.

### RESERVATION OF RIGHTS

84. In addition to the defenses set forth above, Bytemark expressly reserves the right to right to amend or supplement its Answer And Affirmative Defenses to the Counterclaims in order to allege or assert any additional defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure or the applicable substantive law, and to assert any other matters of defense, either at law or in equity, that may now exist or that may become known or available in the future in the event that further investigation indicates that such defenses would be appropriate to assert; or to delete or withdraw any previously asserted defenses or affirmative defenses as may become necessary after a reasonable opportunity for discovery during the course of the litigation.

### PRAYER FOR RELIEF

**WHEREFORE**, Bytemark respectfully demands judgment against Masabi dismissing the Counterclaims in their entirety and for such other relief, not inconsistent herewith, as may be just, equitable, proper, together with the costs and attorneys' fees of this action.

Dated: June 16, 2017

                  Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 16th day of June, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

/s/ Andy Tindel
_____

Andy Tindel