# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI LTD'S REPLY TO PLAINTIFF BYTEMARK'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PATENT RULE 3-1 <u>INFRINGEMENT CONTENTIONS</u>**

Masabi hereby replies to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Patent Rule 3-1 Infringement Contentions. The motion should be granted.

**Plaintiff's Infringement Contentions Fail To Comply With LPR 3-1**

1. Bytemark argues their Infringement Contentions meet the LPR 3-1 requirements. However, Plaintiff fails to rebut the fact that their contentions merely parrot the claim language, that they incorporate screen shots without identifying the portion of those screens upon which Bytemark relies and explaining how anything depicted on the screens allegedly meets the recited limitations, and Plaintiff further provides no reasonable explanation as to why they rely on 106 separate assertions of "upon information and belief". In short, Plaintiff provides no legitimate argument for their failure to comply with Rule 3-1. Bytemark's Response further alleges that "For each claim element in the Accused Systems, Plaintiff identifies whether it is claimed to be literally present or present under the doctrine of equivalents."(Response, pg. 5). Yet Bytemark failed to acknowledge that these are blanket assertions applied identically to each and every asserted claim and claim element. Each of Bytemark's claim charts improperly states "L; D/E" without any discussion or analysis. Patentees cannot rely on blanket assertions that, to the extent they cannot prove literal infringement, every limitation of every claim is present under the doctrine of equivalents. See, e.g., *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12-cv-729, 2013 WL 3894880, at *2-9 (S.D. Cal. July 26, 2013) (holding that such generalized contentions were insufficient to "alert the alleged infringer which theories the patentee believes its pre-filing investigation supports"). Bytemark has, to date, failed to alert Masabi as to which theories they believe their supposed pre-filing investigation supports. This is unacceptable.

**Plaintiff's Expert Failed To Conduct An Adequate Investigation**

2. Bytemark's Response alleges, for the first time, that their expert performed a pre-suit investigation that took "nearly a year" to perform and to develop the charts that are the basis for their infringement contentions. (Response, pg. 1). They submitted the declaration of Griffin. However, Bytemark's discovery responses admitted they did not conduct an investigation[1]. Interestingly, Bytemark now purports that their expert spent "nearly a year" evaluating Masabi's accused products for infringement. However, the entirety of the evidence provided to support infringement, after a year of investigation, comprises screen shots from two of Masabi's websites. Websites that can be read and thoroughly analyzed in less than a day. Furthermore, Griffin's declaration makes it clear that the only basis for alleging infringement was his supposition. The declaration states that "the publicly available information indicates that the general processes for obtaining and displaying a visual validation display object on a user's smart phone are strikingly similar to that described and claimed in the Patents-in-Suit." (Griffin Dec, ¶7). The declaration bases this conclusion on "reasonable inferences I made regarding how **a system such as Masabi's** is likely to operate I found." (*Id*.) Bytemark's expert has acknowledged that their infringement contentions are not based on an analysis of Masabi's accused products but merely based on his belief on how systems "such as Masabi's" are LIKELY to operate.

**Plaintiff's Expert Admits He Will Only Determine Infringement
If He Looked At The Source Code - Which He Has Not**

---

[1] Masabi's Requests to Admit Nos. 28 and 29 said "Admit that prior to the initiation of this case a sample of each accused product was obtained and assessed by an individual skilled in the art to determine if the accused product infringed at least one claim of the" ('967/'993 patent). Bytemark responded with objections and a denial (Exhibit H, pg. 14).

2

3. Bytemark now argues Masabi's software operates "under the hood" and thus to confirm infringement they must inspect the source code. (Griffin Dec, ¶8) The expert declaration provides no insight as to how, without access to the code and armed only with broad and general website screen-shots, the expert developed any <u>good-faith basis</u> for asserting Masabi's alleged infringement of the patents-in-suit. The expert's chart (Bytemark's Infringement Contentions) relies on 106 separate assertions of "upon information and belief." If Bytemark cannot point to any evidence (absent the source code) that these elements are present in Masabi's accused products, it cannot have instituted this lawsuit with a good-faith basis for alleging infringement. And if they were even slightly optimistic that the source code contained the necessary information, it is inconceivable that they would have left the source code unexamined since it was made available in October of 2016. The admissions from Bytemark's expert clearly indicate that Bytemark's Infringement Contentions are defective, were not based off a good-faith belief in the infringement allegations, and can only be corrected based upon the evaluation of Masabi's source code which Plaintiff has still not done.

**Bytemark Does Not Even Know If Offline Activation Is Infringing**

4. Bytemark states in their Response that "it is clear that Defendant does not agree with Plaintiff's infringement theories." (Response, pg. 5-6) However, due to Plaintiff's deficient Infringement Contentions, Masabi has absolutely no indication what those "infringement theories" may be. In order to agree or disagree with an infringement theory, it is necessary to have such a theory laid out. Bytemark's Infringement Contentions fail to do so. Bytemark also states in their response:

> Even if one were to agree with Masabi's assertion that activating a ticket after losing cellular service is a non-infringing scenario (**which is not necessarily the case**), the

existence of one non-infringing scenario does not preclude the fact that Masabi's Accused System can also be used and is used in an infringing manner as detailed in the Bytemark's infringement contentions (when cellular phone or wi-fi service is available). (Response pg. 6, footnote 3, Emphasis added)

It is clear from this response, Bytemark, itself, is unclear as to whether off-line activation is infringing or non-infringing. Bytemark refuses to make even this fundamental infringement concept concrete. Thus, how can it possibly form infringement contentions that comply with P.R. 3-1? In addition, Bytemark makes the assertion that "the existence of one non-infringing scenario does not preclude the fact that Masabi's Accused System can also be used and is used in an infringing manner." (*Id.*) Yet Bytemark's Response provides no rational basis for a good-faith belief that the Masabi's accused products do infringe – which they do NOT.

This is the natural result of Bytemark's failure to develop and present adequate infringement contentions. Does Bytemark believe Masabi's accused products infringe because they believe they use on-line activation when available? Does Bytemark believe off-line activation infringes the patents-in-suit? These questions cannot be answered, to date, because Bytemark has failed to put forth a coherent infringement theory or present HOW they believe Masabi's accused products infringe on an element by element basis as required by P.R. 3-1. Bytemark's infringement contentions fail to comply with the rules.

### One Year In To The Case Is Not Premature

5.   Bytemark asserts that striking the contentions is not an appropriate remedy because it is "premature" (Response, pg. 8). However, their theory on infringement and the application on an element-by-element basis should have been adequately done in a pre-suit

investigation – it was not. It should have been done before the filing of their Infringement Contentions – it was not. This motion is timely.

### Masabi Is Prejudiced

6. Bytemark's failure to give Masabi adequate notice of the claims against it has caused Masabi significant prejudice and harm. Masabi has had to spend time and costs associated with considerable discovery. Masabi had to brief and seek claim construction on numerous terms and phrases to attempt to establish HOW Bytemark intends to assert the accused products infringe the '967 and '993 patents. Should Bytemark be allowed to merely amend their Infringement Contentions, at this late date, Masabi would be unduly prejudiced. Striking Bytemark's Infringement Contentions is the only appropriate action.

7. Masabi requests that the Court grant their motion to strike Bytemark's infringement contentions, with prejudice.

Dated: June 16, 2017

Respectfully submitted,
FISHMAN STEWART PLLC

By: /s/ Douglas P. LaLone (P45751)
    Douglas P. LaLone (P45751)
    Thomas E. Donohue (P57089)
    39533 Woodward Ave., Suite 140
    Bloomfield Hills, MI 48304
    Tel.: (248) 594-0600
    Fax: (248) 594-0610
    dlalone@fishstewip.com

STRASBURGER & PRICE, LLP

By: /s/ Kasia Brozynski (24036277)
    Kasia Brozynski
    Texas Bar No. 24036277
    Antonio S. Devora
    Texas State Bar No. 24074133
    Sorana G. Ban
    Texas State Bar No. 24061520
    901 Main Street, Suite 6000
    Dallas, Texas 75202
    (214) 245-3068 Telephone
    (214) 245-3097 Fax
Email: kasia.brozynski@strasburger.com
    Antonio.Devora@strasburger.com
    sorana.ban@strasburger.com

*Attorneys for Defendant Masabi Ltd.*

## **CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 16th day of June 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

By:   /s/ Lisa M. Conner
      Lisa M. Conner