IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Bytemark, Inc., <br>     Plaintiff, <br> v. <br><br> Masabi LTD., <br>     Defendant. | Civil Action No.: 2:16-cv-0543-JRG-RSP |

## MOTION OF NON-PARTIES MOOVEL NORTH AMERICA, LLC AND NATHANIEL PARKER TO QUASH SUBPOENA

In accordance with Federal Rule of Civil Procedure 45(d), moovel North America, LLC ("moovel") files this Motion to Quash Subpoena in response to the subpoena purportedly served on it by Masabi Ltd. ("Masabi"). Masabi issued a subpoena seeking from moovel "[d]ocuments relating to the validity of U.S. Patent No. 8,494,967, including any claim charts, opinions & prior art." Exhibit 1 (Subpoena at 1). The subpoena also purports to seek the deposition of Nathaniel Parker, moovel's chief executive officer, in Austin, Texas. As explained below, the subpoena should be quashed for three reasons.

*First*, this Court lacks personal jurisdiction[1] over moovel because its principal place of business is in Portland, Oregon, it is a Delaware Corporation, and it does not maintain an office in Austin, Texas. *Second*, to the extent the subpoena was intended to be served on Mr. Parker, service was insufficient because Mr. Parker was never personally served, and Mr. Parker is not subject to jurisdiction in this district. *Third*, the documents sought in the subpoena are protected by the attorney-client privilege and attorney work product immunity.

---

[1] Moovel and Mr. Parker appear in this case only for the limited purpose of filing this motion and contesting personal jurisdiction.

## I. BACKGROUND

On May 20, 2016, Bytemark, Inc. ("Bytemark") filed suit against Masabi, alleging that it infringed U.S. Patent Nos. 8,494,967 ("the '967 Patent") and 9,239,933 ("the '933 Patent"). ECF No. 1. Bytemark previously filed suit against moovel in December 2013 alleging violation of the same '967 Patent.[2] *See Bytemark, Inv. v. Globesherpa, Inc.*, Case No. 2:13-cv-700, ECF No. 1 (E.D.Va. Dec. 18, 2013). The suit was dismissed on May 16, 2014, after the parties entered in to a settlement and patent cross licensing agreement. *See* ECF No. 25. Masabi has now issued a subpoena against moovel, presumably in hopes of learning more about the nature of Globesherpa's position in the prior litigation.

## II. ARGUMENT

### A. The Subpoena Should be Quashed Because this Court Lacks Personal Jurisdiction Over moovel.

This Court lacks personal jurisdiction over moovel because it resides in Portland, Oregon, is incorporated in Delaware and does not maintain a place of business or otherwise have sufficient contacts with the state of Texas. Exhibit 2 (Valera Decl. ¶¶ 1-3).

A federal court may exercise personal jurisdiction over a nonresident defendant if "(1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir.2002). A defendant is subject to the personal jurisdiction of a federal court sitting in diversity "to the same extent that he would be amenable to such jurisdiction in a state court of the forum." *Pedelahore v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir.1984). But as the Supreme Court explained recently, the long-arm statute of a forum state creates personal jurisdiction only if a corporation's "affiliations with the

---

[2] At the time, moovel was known as Globesherpa, Inc. Moovel was formed a few years later after a series of mergers.

State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). Where a corporation is neither incorporated in the forum state nor maintains its principal place of business there, the court is without personal jurisdiction over the defendant. *Id.* For these reasons, the court lacks personal jurisdiction over moovel.

### B. Service on Nathaniel Parker Was Insufficient.

Even if Masabi intended to serve the subpoena on moovel's chief executive officer, Nathaniel Parker, service was insufficient because Mr. Parker was never personally served.[3] Under the federal rules, "serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Here, instead of serving Mr. Parker directly, Masabi served the subpoena on moovel's registered agent in Austin, Texas. Such service does not comply with the federal rules. Furthermore, Mr. Parker does not reside, and has never resided, in the state of Texas. Exhibit 2 (Valera Decl. ¶¶ 1, 4-5). Thus, the Court also lacks personal jurisdiction over Mr. Parker for the reasons explained above, and Masabi did not have a good faith basis to attempt service on Mr. Parker in Texas. Finally, Mr. Parker lives more than 100 miles from this district and the place noticed for the deposition.

### C. The Subpoena Seeks Documents Protected by the Attorney Client Privilege and Are Attorney Work Product.

Finally, notwithstanding the court's lack of personal jurisdiction and Masabi's insufficient service, the documents sought in the subpoena are protected by the attorney client privilege. Under Federal Rule of Civil Procedure 45(d)(3)(A), a court is required to quash or modify a subpoena that: (1) fails to allow a reasonable time for compliance; (2) requires a person

---

[3] In fact, to date Masabi has not filed proof of service required by Fed R. Civ P. 45(b)(4).

who is not a party to travel more than 100 miles from where the person resides;[4] (3) requires disclosure of a privileged or protected matter; or (4) subjects a person to undue burden. *See also Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18 (5th Cir. 2004). Here the subpoena seeks "[d]ocuments relating to the validity of U.S. Patent No. 8,494,967, including any claim charts, opinions & prior art." But these documents were prepared by moovel's counsel as part of the December 2013 litigation with Bytemark and are thus fully protected by the attorney client privilege and constitute attorney work product. Accordingly, Masabi lacks the legal authority to subpoena these documents.

### III.  CONCLUSION

For the foregoing reasons, the court should grant the motion to quash.


Dated:  July 7, 2017           By:        /s/ Dwayne D. Sam
                                          Dwayne D. Sam (D.C. Bar No. 1029785)
                                          PERKINS COIE LLP
                                          700 Thirteenth Street
                                          Washington, DC 20005
                                          Telephone: (202) 654-6282
                                          Facsimile: (202) 624-6532

                                          *Counsel for moovel North America, LLC and Nathaniel Parker*


Of counsel

Michael A. Oblon
PERKINS COIE LLP
700 Thirteenth Street
Washington, DC 20005
Telephone: (202) 654-6282
Facsimile: (202) 624-6532

---

[4] The court is also required to quash the subpoena as to both moovel and Mr. Parker because both would have to travel more than 100 miles to testify.

136139934.3

- 5 -

## **CERTIFICATE OF CONFERENCE**

I certify that on July 7, 2017, counsel complied with the meet and confer requirement in LOCAL RULE CV-7(h) by conducting a phone conference.  Counsel for Masabi, Michael T. Fluhler, opposes the Motion to Quash. Agreement could not be reached on the motion because the parties have differing views regarding whether the court has personal jurisdiction and service was proper.

By:  /s/ Dwayne D. Sam
Dwayne D. Sam
PERKINS COIE LLP
700 Thirteenth Street
Washington, DC 20005
Telephone: (202) 654-6282
Facsimile: (202) 624-6532

*Counsel for moovel North America, LLC and Nathaniel Parker*

Of counsel

Michael A. Oblon
PERKINS COIE LLP
700 Thirteenth Street
Washington, DC 20005
Telephone: (202) 654-6282
Facsimile: (202) 624-6532

- 6 -

## CERTIFICATE OF SERVICE

I certify that on July 7, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas using the court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By:                                        /s/ Dwayne D. Sam
                                           Dwayne D. Sam
                                           PERKINS COIE LLP
                                           700 Thirteenth Street
                                           Washington, DC 20005
                                           Telephone: (202) 654-6282
                                           Facsimile: (202) 624-6532

                                           *Counsel for moovel North America, LLC and Nathaniel Parker*

136139934.3