# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## MASABI'S MOTION, AND BRIEF IN SUPPORT OF MOTION TO STRIKE BYTEMARK'S INFRINGEMENT REPORT AND EXCLUDE TESTIMONY OF <u>BYTEMARK'S EXPERT DR. ODED GOTTESMAN</u>

Defendant, Masabi LTD, files this Motion to Strike Plaintiff Bytemark's August 15, 2017 infringement expert report and to exclude the testimony of Expert Dr. Oded Gottesman.

**TABLE OF CONTENTS**

I. PROCEDURAL HISTORY ............................................................................................... 1

II. LEGAL STANDARD ....................................................................................................... 1

III. BACKGROUND FACTS ................................................................................................. 3

IV. ARGUMENT .................................................................................................................... 5

    A. Gottesman's Expert Opinion is Unnecessarily
       Cumulative of Other Experts ................................................................................ 5

    B. Gottesman's Expert Opinion is Unreliable Because his
       Conclusions are Based on Insufficient Facts and Data .......................................... 6

    C. Gottesman's Expert Opinion Failed to Provide Any Analysis
       of Inducement, Contributory or Doctrine Of Equivalents ..................................... 6

    D. Gottesman's Report Is Based On Information That Is
       Contrary To The Court's Claim Construction – It is Unreliable
       And Should Be Excluded (Server Only Operations) ............................................. 7

    E. Gottesman's Claim Charts E, F and G Only Refer To
       MBTA – All other Masabi Systems should be Excluded ...................................... 9

    F. Gottesman's Claim Charts E, F and G Are Not
       Reliable - They should be excluded ..................................................................... 10

    G. Gottesman Should Be Precluded From Asserting
       A Priority Date Prior to the Filing Dates Of The Asserted Patents ..................... 10

V. REQUEST FOR RELIEF ................................................................................................ 11

## INDEX OF AUTHORITIES

**Cases**

*Arlington Southern Hills, LLC, v. American Ins. Co.*,
   51 F.Supp. 3d 681 (N.D. Tex. 2014) ........................................................................... 2

*Disalvatore v. Foretravel, Inc.*,
   2016 LEXIS 185378 (E.D. Tex. July 20, 2016) ............................................................ 2

*Eugene v. Mormac Marine Transport, Inc.*,
   48 F.3d 529 (5th Cir. 1995) ........................................................................................... 2

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ............................................................................................. 1, 2, 9

*Phillips v. GMC*,
   2000 LEXIS 13642 (E.D. La. Sep. 11, 2000) ........................................................... 2, 5

*U.S. v. Allard*,
  464 F.3d 529 (5th Cir. 2006) ................................................................................. 2, 6, 7

Statutes

35 USC § 217(a) ................................................................................................................ 6

35 USC § 271(b) ................................................................................................................ 6

35 USC § 271(c) ................................................................................................................ 6

Rules

Fed. R. Evid. 702 ..................................................................................................... 1, 6, 7, 9

Fed. R. Evid. 403 ......................................................................................................... 2, 5

## I. PROCEDURAL HISTORY

On May 20, 2016, Plaintiff, Bytemark, Inc., ("Bytemark") filed its original Complaint against Defendant, Masabi LTD ("Masabi"), alleging infringement of certain claims of U.S. Patent Nos. 8,494,967 and 9,239,993 (the "Asserted Patents"). On August 15, 2017, Bytemark served Masabi with an infringement expert report by technical expert Roy Griffin ("Griffin"). For some unexplained reason, on August 15, 2017, Bytemark served Masabi with another infringement expert report by a different technical expert, Dr. Oded Gottesman ("Gottesman").

The Gottesman technical expert report is duplicative of Griffin's report. It adds nothing more as Gottesman's report is simply a copy of Griffin's report. The only difference is that Gottesman's hourly rate and CV are changed. As such, it is unnecessarily cumulative in nature of the testimony proffered by Griffin. Masabi hereby seeks entry of an order striking, in its entirety, the August 15, 2017 expert rebuttal report by Gottesman, and all testimony relating thereto.

## II. LEGAL STANDARD

Under the Federal Rules of Evidence:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. (Fed. R. Evid. 702.)

The Supreme Court has given this Court the job of acting as "gatekeeper" to ensure that expert testimony satisfies the requirements of FED. R. EVID. 702. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). This gatekeeper function requires that the Court ensure that the expert

"employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*. at 152. Courts have recognized a number of non-exclusive measures of reliability, including whether or not the testimony is based on sufficient facts or data. *U.S. v. Allard*, 464 F.3d 529, 532 (5th Cir. 2006).

If the Court determines that the expert's opinion is unreliable, it should exclude that opinion from evidence. *Kumho Tire*, 526 U.S. at 141.

Federal Rule of Evidence 403 provides, *inter alia*, for the exclusion of evidence generally if "its probative value is substantially outweighed by a danger of…needlessly presenting cumulative evidence." Fed. Rule Evid. 403.

Fifth Circuit courts have actively excluded expert testimony where the expert report was "entirely duplicative" of a report submitted by another expert. The court has held it "will not permit cumulative expert testimony" and it has prohibited cumulative experts from testifying. *Phillips v. GMC*, CIVIL ACTION NO: 99-3423 SECTION: "R"(3), 2000 U.S. Dist. LEXIS 13642 (E.D. La. Sep. 11, 2000). (Finding if opinions of one expert is deemed to be cumulative of another, the "more detailed" opinion should be excluded as "unnecessarily cumulative of other experts.")

Traditionally, "courts strike experts as cumulative when another expert has already testified to the same opinion or facts." *Disalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150, 2016 U.S. Dist. LEXIS 185378 (E.D. Tex. July 20, 2016) (citing *Arlington Southern Hills, LLC, v. American Ins. Co.,* 51 F. Supp. 3d 681, 691-92 (N.D. Tex. 2014); *Eugene v. Mormac Marine Transport, Inc.*, 48 F.3d 529, 1995 WL 84079, at *3 (5th Cir. 1995)).

### III. BACKGROUND FACTS

Bytemark has identified three technical experts. Christopher Byler, Roy Griffin and Dr. Oded Gottesman. In October 2016 Masabi offered up its accused computer code for inspection by Bytemark's experts. Bytemark insisted that Masabi hand over its code on a thumb drive to Bytemark. Masabi objected indicating that the Protective Order required Bytemark's expert(s) to come to Masabi's counsel's office in Detroit to inspect the accused code. Bytemark filed a motion to compel production of Masabi's code on a thumb drive. Magistrate Judge Payne denied the motion.

Starting on June 20, 2017 Bytemark's experts Byler and Griffin spent three days in Masabi's counsel's office in Detroit, MI pouring over Masabi's accused computer code.[1] After three days of on-site inspection and analysis, Bytemark's two experts identified about 350 pages of computer code which were printed and then handed over to Bytemark's experts for them to take with them.[2] Expert Gottesman was not part of this inspection process nor was he yet retained by Bytemark.

On August 15, 2017 Bytemark's expert Roy Griffin issued a 14 page infringement report. *See* Exhibit A. He opined "Defendant Masabi infringes U.S. Patent No 8,494,967 – Claims 1,2,3,4,5,17,18,19,20,21,22 and 34." He further opined "Defendant Masabi infringes U.S. Patent No. 9,239,993 – Claims 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,22,23 and 24." Griffin's infringement expert report included the following 18 sections:

Introduction, Qualifications, Prior Testimony, Compensation, Materials Considered,

---

[1] Masabi's computer code has been is marked as Bates No. MAS-00014840.

[2] These pages have been marked with Bates Nos. MAS-004143-004206 and MAS 004820-005107.

Summary Of Expected Testimony, Legal Standards, Direct Infringement, Literal Infringement, Infringement Under The Doctrine of Equivalents, Opinion as to level of Ordinary Skill in the Art, Technology Overview, General Background, Bytemark's Use of its inventions, Opinions Regarding Infringement Of the Asserted Patents, Opinions Regarding Non-Infringing Alternatives, Revision Or Supplementation, and Demonstrative Exhibits.

On August 15, 2017 Bytemark's expert Dr. Oded Gottesman issued a 13 page infringement report. *See* Exhibit B. Gottesman's infringement opinion was exactly the same as Griffin's infringement opinion which is set forth above. Gottesman's report included 17 of the 18 sections found in Griffin's report. The only part missing in Gottesman's report was the section captioned Prior Testimony, and this content was all moved to Gottesman's Qualification's section.

Remarkably, 15 sections of Gottesman's report are identical, word for word, copies of Griffin's report. The sections of Gottesman's report that are identical copies of Griffin's report are shaded in the paragraph above. *See also* Exhibits A and B where we have highlighted in yellow the sections of Gottesman's report he copied from Griffin's report.

Gottesman did change the Qualifications and Prior Testimony sections of his report. He did change the Compensation section of his report to indicate he gets paid $475/hour. Gottesman's "Materials Considered" section of his report is nearly identical to Griffin's report. He made one change where he states "I also considered the review and analysis of the source code conducted by Roy A. Griffin and Christopher Boyler." *See* Exhibit B, ¶ 6. Gottesman did not have access to, nor did he ever inspect, the complete source code marked as Bates No. MAS-14840 (the "Accused Source Code"). He could not have as it is locked up at Masabi's counsel's office in Detroit. Instead he relied on the "review and analysis of the source code conducted by

Roy A. Griffin and Christopher Boyler." Thus, Gottesman has no independent, personal, or knowledge of the Accused Source Code, only the portions that were selected by and provided to Roy A. Griffin and Christopher Boyler.

Plaintiff's Amended Complaint seeks a finding of infringement under the doctrine of equivalents, inducement, and contributory infringement. Gottesman's report failed to provide any opinions, analysis, support, facts or data regarding doctrine of equivalents, inducement or contributory infringement. Masabi also seeks to preclude Gottesman's testimony on these topics.

## IV. ARGUMENT

### A. Gottesman's Expert Opinion is Unnecessarily Cumulative of Other Experts

Gottesman's report and opinion is cumulative of Griffin's report. He adds nothing new. The following sections of Gottesman's report are duplicative, word for word matches, of Griffin's report.

Introduction, Summary Of Expected Testimony, Legal Standards, Direct Infringement, Literal Infringement, Infringement Under The Doctrine of Equivalents, Opinion as to level of Ordinary Skill in the Art, Technology Overview, General Background, Bytemark's Use of its inventions, Opinions Regarding Infringement Of the Asserted Patents, Opinions Regarding Non-Infringing Alternatives, Revision Or Supplementation, and Demonstrative Exhibits.

*See* Exhibits A and B.

Cumulative expert testimony should be prohibited. *Phillips v. GMC*, CIVIL ACTION NO: 99-3423 SECTION: "R"(3), 2000 U.S. Dist. LEXIS 13642 (E.D. La. Sep. 11, 2000). Its probative value is *not* substantially outweighed by a danger of…needlessly presenting cumulative evidence. Fed. Rule Evid. 403. Masabi submits that the Court as the "gatekeeper" should strike Gottesman's report in its entirety and preclude him from testifying on anything

5

relating to said report. In short, Gottesman's cumulative testimony will *not* assist the trier of fact to understand the evidence or to determine a fact in issue. Instead, it will only confuse them.

**B.** **Gottesman's Expert Opinion is Unreliable Because his Conclusions are Based on Insufficient Facts and Data**

Gottesman admittedly did not conduct his own independent analysis of Masabi's Accused Source Code. We know this because he has never had access the Accused Source Code. This explains why the opinions he rendered in paragraphs 36 and 37 of his report (*see* Exhibit B), are exact word for word copies of the opinions found in paragraphs 41 and 42 of Griffin's report (*see* Exhibit A). Clearly Gottesman copied the conclusory opinions found in his report from Griffin and he failed to conduct his own independent analysis of the Accused Source Code. Accordingly, since Gottesman did not inspect the Accused Source Code, his testimony is not based on sufficient facts or data. *U.S. v. Allard*, 464 F.3d 529, 532 (5th Cir. 2006). It is not reliable. An expert's opinion is subject to exclusion if it is based on insufficient facts or data. FED. R. EVID. 702.

This is a second reason why Gottesman's report and testimony should be stricken.

**C.** **Gottesman's Expert Opinion Failed to Provide Any Analysis of Inducement, Contributory or Doctrine Of Equivalents**

Plaintiff's Amended Complaint at paragraphs 22-27 and 33-37 (DKT # 36) seek a finding, *inter alia*, of infringement under the doctrine of equivalents (35 U.S.C. § 217(a)), inducement (35 USC § 271(b)), and contributory infringement (35 U.S.C. § 271(c)). Masabi seeks an order precluding Gottesman from testifying and/or otherwise offering any evidence on doctrine of equivalents, inducement, or contributory infringement.

Gottesman's report failed to provide any opinions, analysis, support, facts or data regarding inducement or contributory infringement. *See* Exhibit B. Thus, he should be precluded

from offering any testimony, opinions and/or facts on inducement or contributory infringement.

Regarding Doctrine of Equivalents, Gottesman's report in one sentence states "I have also provided a doctrine of equivalents analysis as an alternative to literal infringement for certain elements of some claims." *See* Exhibit B, ¶ 28. This statement is the sole statement in Gottesman's report regarding his "alleged opinion" on DOE. He provides no other discussion, statements or facts. Nor does he even identify which claims he's allegedly applying a DOE analysis to.

Accordingly, his testimony is not based on sufficient facts or data. *U.S. v. Allard*, 464 F.3d 529, 532 (5th Cir. 2006). Any opinions on contributory, inducement or DOE would not be reliable. They should be excluded. FED. R. EVID. 702.

D.  **Gottesman's Report Is Based On Information That Is Contrary To The Court's Claim Construction – It is Unreliable And Should Be Excluded (Server Only Operations)**

On May 31, 2017 this court held a Markman Hearing before the Honorable Roy S. Payne. *See* Exhibit C, Hearing Transcript. On June 20, 2017 this court issued its Claim Construction Memorandum and Order. *See* Exhibit D, Dkt. No. 81. Bytemark's expert's infringement report has taken contrary positions in an attempt to avoid invalidity of the asserted patents. In particular, Gottesman is now taking positions that are contrary to the claim construction Bytemark offered at the Claim Construction Hearing on May 31, 2017. For example, in an attempt to describe the ticket activities covered by the patent claims, Bytemark's counsel Mr. Keyhani, argued "that possession of the ticket can be transferred, it can be resold, it can be terminated, and <u>all of this is not taking place at the user's device. It's taking place at the central server</u>." (emphasis added) Exhibit C, Hearing Transcript, at 10, ll.18-20.

Further, this Court's Claim Construction Order at page 13 referred to Bytemark's

admitted positions:

> Bytemark stated that, within the patents, control of the ticket was controlled at the server level, not by a user. (Id. at 9.) More specifically, Bytemark contended that **all of the method steps of the claims were "performed by the server**." (*See id*. at 9-12.) Bytemark contended that, thus, possession did not relate to what was on a user's device because control of the ticket could remain at the server. (*Id*. at 9.) Bytemark contended that within the specification, the ticket remained at the server and, thus, the claims are inoperable if one contends that the whole ticket has to be on the phone. (*Id*. at 10-11.) Bytemark contended that in the specification the only data provided to a user's device is the token and the whole ticketing information includes information on the server. (*Id*. at 13-14.) Bytemark contended that this conforms to the embodiments in the specification which describe that a ticket can be transferred, resold, or terminated. **Bytemark asserted that such activities are all performed by holding a ticket on a server**. (*Id*. at 10, 16-17.) [Emphasis added] [citations are to the court's hearing transcript]

Server only operation was the theme of Bytemark's claim construction arguments. Activities beyond the server have been clearly excluded by Bytemark as they disavowed activities occurring on the mobile device.

Now, Bytemark's expert Gottesman attaches to his report three charts. The charts attempt to show the asserted claim elements mapped to pictures of a phone (a user's device) deploying Masabi's accused mobile ticketing app. In particular, Exhibit A, E (Claim Chart B-1 for the '967 Patent), shows 23 illustrations of a phone allegedly performing some infringing step of the '967 claims. Exhibit A, F (Claim Chart B-2 for the '967 Patent), shows 32 illustrations of a phone allegedly performing some infringing steps of the '967 claims. And finally, Exhibit A, G (Claim Chart D-1 for the '993 Patent), shows 23 illustrations of a phone performing allegedly some infringing step of the '993 claims. In each instance, the claim charts refer to an activity on the phone. Such is in direct conflict with the position Bytemark took during claim construction.

Bytemark's counsel's arguments before the court during the claim construction hearing, were clear -- "all of the method steps of the claims were performed by the server." Exhibit C, Hearing Tr. at 9-12. Thus, activities beyond the server should be excluded. However, the alleged

8

evidence Bytemark's expert Gottesman now points to relies heavily on activities <u>on the user's device</u> – the phone. These activities are beyond the server – they should be excluded. Bytemark's expert is relying on evidence that is inconsistent with his own counsel's oral arguments. The evidence is unreliable. It should be stricken.

Masabi requests Gottesman's Exhibits E, F, and G be stricken as they are not reliable, they will tend to mislead the jury, and they will not assist the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702.

Masabi further requests entry of an order precluding Gottesman from testifying about activities beyond the server as that has been excluded by Bytemark.

Masabi further requests that Gottesman's August 15, 2017 report be stricken because his entire infringement opinion is based on faulty Exhibits E, F, and G. His written report fails to set forth any other analysis of infringement whatsoever. It all relies on defective Exhibits E, F, and G, which he did not authenticate nor lay any foundation. As such, the report is unreliable and it should be excluded in its entirety from evidence. *Kumho Tire*, 526 U.S. at 141.

### E. Gottesman's Claim Charts E, F and G Only Refer To MBTA – All Other Masabi Systems Should Be Excluded

The three claim charts E, F, and G appended to Gottesman's report only reference one accused product – the MBTA. The Boston Transit Ticket system by Masabi. Bytemark did not produce claim infringement charts for any other accused system.

This Court's P.R. 3-1 (b)-(c) require Plaintiff to identify *each* accused instrumentality by name or model number, and a chart identifying specifically where *each* element of *each* asserted claim is found within *each* accused instrumentality. Other Masabi systems were mentioned in Bytemark's pleadings and disclosed to Bytemark during discovery. However, Bytemark failed to comply with the local patent rules and only provided claim charts for the MBTA system.

9

Thus, Bytemark has failed to comply with P.R. 3-1 (b)-(c), thereby precluding Bytemark from asserting infringement against any other Masabi system.

Accordingly, Masabi seeks entry of an order excluding expert Gottesman, and any other Bytemark expert, from testifying about any Masabi system other than the MBTA system. Masabi further seeks an order excluding from this case any claim of liability and damages for any Masabi system, but for the MBTA system.

**F.    Gottesman's Claim Charts E, F, and G Are Not Reliable - They Should Be Excluded**

Gottesman's charts, Exhibits E, F, and G, lack foundation. These charts are of unknown origin. There is no support anywhere as to who generated these charts. Two experts, Griffin and Gottesman, both rely on these exact same charts as the basis for their opinions, yet neither of these experts claim ownership to these charts or even expressly include them as part of their declarations. Neither of these experts authenticated these charts as being accurate. There is no independent analysis by either expert. They are not proper evidence and should be excluded.

If the Court should deny this portion of Masabi's Motion, then Masabi alternatively moves for an order excluding Gottesman from offering any opinions and testimony outside the scope of the Exhibits E, F, and G, and his report.

**G.    Gottesman Should Be Precluded From Asserting A Priority Date Prior to the Filing Dates Of The Asserted Patents**

As part of the Disclosure of Asserted Claims and Infringement Contentions under P.R. 3-1, P.R. 3.1(e) requires that "For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled requires identification of, for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." Bytemark, however, failed to assert any priority date prior to filing, and

certainly failed to do this for each asserted claim. Gottesman too failed to even address this point in his Report.

For the '967 patent, Bytemark's Preliminary and Amended Infringement Contentions (Exhibit A) fail to allege a priority date prior to May 18, 2012 - the filing date of the '967 patent. More specifically, Bytemark has not established the priority date to which *each* asserted claim allegedly is entitled. This is required for any patent that claims priority to an earlier application and thus Bytemark has conceded to the filing date of May 18, 2012 as the relevant priority date for the asserted claims of the '967 patent. *See* Exhibit A, cover page of the '967 patent.

For the '993 patent, Bytemark's Preliminary and Amended Infringement Contentions fail to allege a priority date prior to May 23, 2013 - the filing date of the '993 patent. *See* Exhibit A, cover page of the '993 patent. More specifically, Bytemark has not established the priority date to which *each* asserted claim allegedly is entitled. This is required for any patent that claims priority to an earlier application and thus Bytemark has conceded to the filing date of May 23, 2013 as the relevant priority date for the asserted claims of the '993 patent.

Accordingly, Gottesman should be precluded from offering any opinions about the priority date of either of the Asserted Patents. Further, Bytemark should be precluded from offering any evidence contrary to:

- May 18, 2012 is the priority date for the '967 patent.
- May 23, 2013 is the priority date for the '993 patent.

## V. REQUEST FOR RELIEF

Masabi therefore respectfully asks this Court for the following relief:

1. To strike Dr. Oded Gottesman's August 15, 2017 expert report in its entirety, and

to preclude Oded Gottesman from testifying on any topic in this report;

2. Gottesman's exhibits E, F and G be stricken as they are not reliable, they will tend to mislead the jury, and they will not assist the trier of fact to understand the evidence or to determine a fact in issue.

3. Exclude Gottesman from testifying about activities of Masabi's accused system beyond the server as that has been excluded by Bytemark.

4. Precluding Gottesman from testifying and/or otherwise offering any evidence on doctrine of equivalents, inducement, or contributory infringement.

5. Exclude Gottesman from testifying about any Masabi system other than the MBTA system, and exclude from this case any claim of liability and damages for any ticketing system, but for the MBTA system.

6. Exclude Gottesman from offering any opinions and testimony outside the scope of the Exhibits E, F and G, and his report.

7. Exclude Gottesman from offering any opinions about the priority date of either of the Asserted Patents.

8. Exclude Bytemark from offering any evidence contrary to:

   May 18, 2012 being the priority date for the '967 patent.

   May 23, 2013 being the priority date for the '993 patent.

9. Grant Masabi such other relief as this Court may deem appropriate.

Respectfully submitted,

FISHMAN STEWART PLLC

By: */s/ Douglas P. LaLone* (P45751)
Douglas P. LaLone (P45751)
Thomas E. Donahue (P57089)
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel.: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com

STRASBURGER & PRICE, LLP

By: /s/ Kasia Brozynski (24036277)
Kasia Brozynski
Texas Bar No. 24036277
Antonio S. Devora
Texas State Bar No. 24074133
Sorana G. Ban
Texas State Bar No. 24061520
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 245-3068 Telephone
(214) 245-3097 Fax
Email: kasia.brozynski@strasburger.com
Antonio.devora@strasburger.com

*Attorneys for Defendant Masabi Ltd.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 4, 2017, counsel for Defendant conferred with counsel for Plaintiff regarding this Motion and Defendant understands that Plaintiff is opposed to this Motion.

> */s/ Douglas P. LaLone*
> Douglas P. LaLone

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 4th day of October, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

> By:  */s/ Douglas P. LaLone*
> Douglas P. LaLone

**CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL**

I hereby certify that on October 4, 2017, pursuant to the Protective Order (Dkt. No. 35), Exhibits A and B of this foregoing document are being filed under seal.

> */s/ Douglas P. LaLone*
> Douglas P. LaLone