**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK, INC.'S OBJECTION TO AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 8,494,967 AND THE DECLARATION OF SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 9,239,993**

Plaintiff Bytemark, Inc. ("Bytemark") submits this Objection to and Motion to Strike Portions of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967 and the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993 (collectively, "the Meldal Declarations") and shows:

**INTRODUCTION**

1. Because Defendant Masabi Ltd. ("Masabi") has not timely raised indefiniteness as an invalidity defense under 35 U.S.C. § 112, the Court should strike the portions of the Meldal Declarations in which Meldal provides testimony regarding the alleged indefiniteness of Bytemark's patent claims and prelude Masabi from offering opinions from Sigurd Meldal or any other witness concerning the alleged indefiniteness of Bytemark's patent claims, either at trial or in support of any pretrial motions regarding the subject matter of indefiniteness that Masabi may file.

**FACTUAL BACKGROUND**

2.     On August 16, 2017, Masabi submitted the Meldal Declarations as part of its expert witness disclosures in this action.  In the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967, ("the '967 Patent Decl.") Meldal testifies that "Independent claims 1 and 8 [sic] and dependent claims 2 and 19 are indefinite when read in light of the specification."  *See* '967 Patent Decl. ¶¶ 50-52, attached hereto as Exhibit A.  In the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993 ("the '993 Patent Decl.") Meldal testifies that independent claims 1 and 8 "recite 'wherein the token is a unique alphanumeric string,' which is not described in the specification in such a way as to reasonably convey to one skilled on the relevant art that the inventor at, the time the '993 patent application was filed, has possession of the claimed invention."  *See* '993 Patent Decl. ¶¶ 66-67, attached hereto as Exhibit B.  However, prior to the service of its expert disclosures, Masabi had never raised the issue of indefiniteness – either in its local rule claim construction disclosures, its claim construction briefing or at the claim construction hearing earlier this year.  Therefore, Masabi has waived its right to raise this issue now and the above-cited paragraphs of the Meldal Declarations should be stricken in full because they violate this Court's docket control orders and prior precedent.

**ARGUMENT AND AUTHORITES**

3.     This Court has held that defendants who fail to raise the issue of indefiniteness during claim construction forfeit their ability to argue indefiniteness at trial.  In *Droplets, Inc. v. Overstock.com*, this Court explained that the defendants – who did not raise indefiniteness arguments with respect to particular claim terms in their claim construction briefing or at oral argument during the claim construction hearing – could not "circumvent the Court's claim construction process entirely and raise the indefiniteness issue . . . for the first time[] before the

jury." No. 2:11-CV-401, 2015 WL 11120799, at *2 (E.D. Tex. Jan. 9, 2015).  Thus, in *Droplets* this Court granted the plaintiff's request to strike certain portions of a defense expert's testimony that related to the issue of indefiniteness.  *Id.*  ("Because indefiniteness – like all issues of claim construction – is one to be determined as a matter of law, the portions relating to any definiteness determinations with respect to these terms shall be stricken from [the expert's] report and Defendants[] are precluded from eliciting any testimony from [the expert] to that effect."); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 1355388, at *3 (E.D. Tex. Apr. 13, 2017) ("[A]s the Federal Circuit has explained, indefiniteness presents a question of law that is 'inextricably intertwined with claim construction.'" (quoting *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016))).

        4.     At no time during the entire process of claim construction disclosures and briefing did Masabi ever raise indefiniteness as a defense, despite its many opportunities to do so.  This includes in Masabi's PR 4-2 Proposed Preliminary Claim Term Constructions served on February 15, 2017 (*see* attached Exhibit C) or the parties' PR 4-3 Joint Claim Construction and Prehearing Statement (Doc. No. 51) filed on March 8, 2017, or in Masabi's Brief in Response to Plaintiff's Opening Claim Construction Brief (Doc. No. 54) filed on May 3, 2017, or at any time during the course of the Markman hearing conducted by the Court on May 31, 2017.  Rather, by raising the issue of indefiniteness for the first time in its expert declarations at this late stage of the litigation, Masabi now seeks to "circumvent the Court's claim construction process entirely." *See Droplets*, 2015 WL 11120799 at *2.  Masabi's attempt to disregard "the court's performance of its duty as the construer of patent claims," *see Erfindergemeinschaft*, 2017 WL 1355388 at *3 (quoting *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012)), contravenes the law of this Court and of the Federal Circuit.  Accordingly, as in *Droplets*, this Court should strike Masabi's

expert's testimony as it relates to the issue of indefiniteness. *See Droplets*, 2015 WL 11120799 at *2.

5.  Furthermore, Masabi's attempt to raise the issue of indefiniteness at this stage of the litigation violates this Court's docket control orders. The Amended Docket Control Order that was in effect at that time of the claim construction hearing on May 31, 2017, as with each of the subsequent docket control orders entered by the Court in this case, advised: "In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits." *See* Amended Docket Control Order (Doc. No. 37, p.4). As discussed above, Masabi failed to raise any arguments related to the issue of indefiniteness at the time mandated by the Court, thus forfeiting its ability to do so now.

**PRAYER**

For these reasons, Bytemark requests the Court to strike paragraphs 50-52 of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967 and paragraphs 66-67 of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993 and thereafter preclude Masabi from presenting the issue of indefiniteness, either at trial or in any future pretrial motions.

Dated: October 4, 2017  Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
*Pro Hac Vice*
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyani.com

        Andy Tindel
        Texas State Bar No. 20054500
        MT² LAW GROUP
        MANN | TINDEL | THOMPSON
        112 East Line Street, Suite 304
        Tyler, Texas 75702
        Telephone: (903) 596-0900
        Facsimile: (903) 596-0909
        Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

### **CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 4th day of October, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel

### **CERTIFICATE OF CONFERENCE**

In compliance with E.D. Tex. Loc. Ct. R. CV-7(h), undersigned counsel for Plaintiff Bytemark, Inc. communicated with Kasia Brozynski, counsel for Defendant Masabi, Ltd., on October 3, 2017 with respect to the foregoing Motion to Strike. Counsel for Defendant Masabi, Ltd. indicated she was opposed to the relief requested in this motion.

_____

5