# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI'S RESPONSE BRIEF IN OPPOSITION TO BYTEMARK'S OBJECTIONS AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 8,494,967 AND THE <u>DECLARATION OF SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 9,239,993</u>**

**Table of Contents**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND FACTS ..................................................................................... 2

III.    ARGUMENT ....................................................................................................... 4

      A.  Masabi's Initial and Amended Invalidity Contentions4
          Set Forth The Indefiniteness Defense ...................................................4

      B.  Dr. Meldal's Invalidity Opinions on Indefiniteness Are Supported by
          Masabi's Initial and Amended Invalidity Contentions – They Should
          Not Be Excluded ....................................................................................5

IV.     PRAYER .............................................................................................................. 6

# I.      INTRODUCTION

Defendant, Masabi LTD, hereby opposes Plaintiff Bytemark's October 4, 2017 Motion

To Strike Portions Of the Declaration Of Sigurd Meldal On Invalidity Of U.S. Patent 8,494,967

And The Declaration Of Sigurd Meldal On Invalidity Of U.S. Patent 9,239,993 (DKT #109)

("Motion to Strike").  Dr. Meldal is Masabi's technical expert.  More specifically, Bytemark

seeks to strike the portions of Dr. Meldal's reports where he opined on the indefiniteness of

Bytemark's patent claims.   In particular, Bytemark references paragraphs 50-52 of the

Declaration of Sigurd Medal on Invalidity of U.S. Patent 8,494,967 ("'967 patent") (DKT #109,

Ex. A), and paragraphs 66-67 of the Declaration of Sigurd Medal on Invalidity of U.S. Patent

No. 9,239,993 ("'993 patent") (DKT #109, Ex. B).  The substantive portions of Dr. Medal's

August 16, 2017 invalidity opinions that are referenced by the Plaintiff are as follows:

> 52. Independent claims 1 and 8 and dependent claims 2 and 19 are ***indefinite*** when read in light of the specification.  In particular, claims 1 and 18 recite that a server system receives "from the user's computer device <u>a token</u> associated with the received request" and determines "whether <u>a token</u> associated with the purchased electronic ticket has been stored."  It is unclear whether the claimed system and method uses two distinct tokens to provide validation of previously purchased electronic ticket or a unique number as disclosed in the specification. (Ex.A-1001, col 2, ln 46-47).  Moreover, dependent claims 2 and 19 are also indefinite when read in light of the specification.  In this regard, dependent claims 2 and 19 recite "determining whether a token associated with the purchased electronic ticket has been stored" and "in dependence of such confirmation, storing a token in the data record."  It is unclear whether the claimed system and method uses two distinct tokens to determine if electronic ticket has been stored and in the event that the first token has been found in the data record, to store a second token (distinct from the first token) in the data record. (Emphasis added.) (DKT #109, Ex. A,¶ 52, Meldal's '967 report of invalidity.
>
> 67.     Independent claims 1 and 8 fail to comply with the above provided ***written description*** requirement. In particular, the claims recite "wherein the token is a unique alphanumeric string," which is not described in the specification in such a way as to reasonably  convey to one skilled on the relevant art that the inventor at, the time the '993 patent application was filed, has possession of the claimed invention.  The Specification of '993 patent merely discloses a web browser that permits users to actuate touch buttons or controls and input alphanumeric data to

be processed.  (Specification of '993 patent at Col 11, ln 5-10).  Thus, disclosed alphanumeric data refers to a user input to the website displayed via web browser and not a token encoded as a unique alphanumeric string.  Therefore, the above mentioned limitation recited in the independent claims 1 and 8 is not supported by the description of the invention in the application as filed.  (Emphasis added.) DKT #109, Ex. B, ¶ 67, Meldal's '993 report of invalidity.

Thus, Bytemark's motion seeks to strike Dr. Medal's opinion with regard to indefiniteness, although the later citation relates to written description, not indefiniteness.

Furthermore, Bytemark's motion to strike contains factual inaccuracies including:

However, prior to the service of its expert disclosure, Masabi had never raised the issue of *indefiniteness* - either in its local rule claim construction disclosures, its claim construction briefing or at the claim construction hearing earlier this year. Therefore, Masabi has waived its right to raise this issue now and the above-cited paragraphs of the Meldal Declarations should be stricken in full because they violate this Court's docket control orders and prior precedent.  (Dkt #109, p. 2.)

However, as set forth in further detail below, Masabi's Initial Amended Invalidity Contentions raised all 35 U.S.C. § 112 invalidity bases including indefiniteness.   Thus, Bytemark's motion is wholly improper and misleading.  The motion should be denied.

## II.  BACKGROUND FACTS

Masabi's October 11, 2016 Initial Invalidity Contentions raised all grounds of invalidity with respect to various claim terms including "token."  (Exhibit A, Masabi's Initial Invalidity Contentions, pp. 33-34.)  Masabi's August 16, 2017 Amended Invalidity Contentions again raised all grounds of invalidity with respect to various claims terms including "token" and "unique alphanumeric string" along with detailed arguments of invalidity based on indefiniteness of the '967 patent and invalidity based on lack of written description for the '993 patent. (Exhibit B, Masabi's Amended Invalidity Contentions, pp. 35-37.)

Although Bytemark's motion to strike is limited to indefiniteness under 35 U.S.C. § 112 and does not contest the other grounds of invalidity under 35 U.S.C. § 112 that are asserted by

Masabi, Bytemark appears to be intermixing the legal concepts of indefiniteness and lack of written description throughout its motion. Nonetheless, Masabi's Initial and Amended Invalidity Contentions raised all bases under section 112, including indefiniteness.

Bytemark improperly alleges that "prior to service of its expert disclosures, Masabi had never raised the issue of indefiniteness." (DKT #109, page 2.)   This is inaccurate.  Bytemark further cites to a string of decisions in which indefiniteness was raised after claim construction, but reliance on these decisions in this case is entirely misplaced considering that indefiniteness was raised in the Masabi's 2016 Invalidity Contentions  - well prior to claim construction and well prior to Dr. Meldal's invalidity reports.   As mentioned above and in further detail below, indefiniteness under 35 U.S.C. § 112 was raised in Masabi's October 11, 2016 Initial Invalidity Contentions – well in advance of Bytemark's April 19, 2017 Claim Construction Brief and the May 31, 2017 Claim Construction Hearing.   Further, Masabi's October 11, 2016 Initial Invalidity Contentions and August 16, 2017 Amended Invalidity Contentions included indefiniteness defenses - both of which were prior to Dr. Meldal's invalidity reports.  Although indefiniteness was raised by Masabi well in advance of the claim construction process, Bytemark failed to address indefiniteness in its Opening Claim Construction Brief and now attempts to remedy its oversights over a year after the indefiniteness issue was raised by Masabi.  As a result, Bytemark has waived its right to contest indefiniteness, thereby necessitating denial of this motion.

## III. ARGUMENT

**A.** **Masabi's Initial and Amended Invalidity Contentions**
**Set Forth The Indefiniteness Defense**

On October 11, 2016, Masabi's Initial Invalidity Contentions included grounds for invalidity under 35 U.S.C. § 112 including indefiniteness. *See* Exhibit A.  In particular, Masabi's Initial Invalidity Contentions stated:

> the asserted claims of the '993 and '967 patents are invalid based on ***indefiniteness*** under 35 U.S.C. § 112, ¶ 2, lack of written description under 35 U.S.C. § 112, ¶ 1, and/or lack of enablement under 35 U.S.C. § 112, ¶ 1. (Exhibit A, p. 33.)
>
> Defendant reserves the right, to the extent permitted by the Court and the applicable statutes and rules, to supplement, amend, and/or modify these § 112 invalidity contentions as discovery progresses.  (Exhibit A, pp. 33-34.)
>
>  The non-exclusive and non-limiting list of claim terms presently identified by Masabi within the '967 patent and the '993 patent are as follows: … "token". (Exhibit A, p. 34.)

Thus, Masabi clearly raised indefiniteness in its Initial Invalidity Contentions. And in particular, with regard to the term "token".

On August 16, 2017, Masabi's Amended Invalidity Contentions further set forth its invalidity defenses under section 112.  *See* Exhibit B.  Consistent with Masabi's Initial Invalidity Contentions, pp. 35-36 of Masabi's Amended Invalidity Contentions states:

> the asserted claims of the '993 and '967 patents are invalid based on ***indefiniteness*** under 35 U.S.C. § 112, ¶ 2, lack of written description under 35 U.S.C. § 112, ¶ 1, and/or lack of enablement under 35 U.S.C. § 112, ¶ 1. Defendant reserves the right, to the extent permitted by the Court and the applicable statutes and rules, to supplement, amend, and/or modify these § 112 invalidity contentions. The non-exclusive and non-limiting list of claim terms presently identified by Masabi within the '967 patent and the '993 patent  are as follows: … "token" … "unique alphanumeric string."  (Exhibit B, pp. 35-36.) (Emphasis added.)

Further, Masabi's Amended Contentions provide further allegations regarding 35 U.S.C. § 112. With respect to the '967 patent, Masabi's Amended Contentions provided even more analysis regarding the indefiniteness of the duplicated instances of "a token." *See* Exhibit B**,** p.36.   For the '993 Patent, Masabi's Amended Invalidity Contentions provided more analysis with respect to Bytemark's failure to comply with the written description requirement, e.g., with respect to "a unique alphanumeric string" not being described in the specification.[1]  *See* Exhibit B, p. 37.   Thus, consistent with Masabi's Initial Invalidity Contentions that timely argued all grounds under 35 U.S.C. § 112 and thus preserved its rights to thereto (Exhibit B, p. 35), Masabi's Amended Invalidity Contentions argued all grounds under 35 U.S.C. § 112 along with more specific examples on indefiniteness for the '967 patent (*Id*. at p. 36) and lack of written description for the '993 patent (*Id*. at p. 37).   Accordingly, contrary to Bytemark's allegations, Masabi's Invalidity Contentions have maintained invalidity positions under 35 U.S.C. § 112 including indefiniteness.

**B.  Dr. Meldal's Invalidity Opinions on Indefiniteness Are Supported by Masabi's Initial and Amended Invalidity Contentions – They Should Not Be Excluded**

Consistent with Masabi's Invalidity Contentions, Dr. Meldal's August 16, 2017 declarations opined on invalidity based on, *inter alia*, 35 U.S.C. § 112.   More specifically, Dr. Meldal's invalidity declaration for the '967 patent discussed the indefiniteness of the term "a token" as follows:

> In particular, claims 1 and 18 recite that a server system receives "from the user's computer device a ***token*** associated with the received request" and determines "whether a ***token*** associated with the purchased electronic ticket has been stored."

---

[1] It is clear why Bytemark brought this motion as the key claims it is asserting against Masabi are defective for failure to comply with section 112.  These defects have been raised in Masabi's invalidity summary judgment motion.

It is unclear whether the claimed system and method uses two distinct tokens to provide validation of previously purchased electronic ticket or a unique number as disclosed in the specification." (Emphasis added) (DKT #109, Ex. A, ¶ 52.)

Further, Dr. Meldal's August 2017 invalidity declaration for the '993 patent alleged lack of written description for the term "the token is a unique alphanumeric string" as follows:

Independent claims 1 and 8 fail to comply with the above provided written description requirement. In particular, the claims recite "wherein the token is a unique alphanumeric string," which is not described in the specification in such a way as to reasonably convey to one skilled on the relevant art that the inventor at, the time the '993 patent application was filed, has possession of the claimed invention. The Specification of '993 patent merely discloses a web browser that permits users to actuate touch buttons or controls and input alphanumeric data to be processed. (Specification of '993 patent at Col 11, ln 5-10). Thus, disclosed alphanumeric data refers to a user input to the website displayed via web browser and not a token encoded as a unique alphanumeric string. Therefore, the above mentioned limitation recited in the independent claims 1 and 8 is not supported by the description of the invention in the application as filed. (DKT #109, Ex. B, ¶ 67, Meldal '993 report of invalidity.)

As a result, Dr. Meldal's invalidity declarations are supported by Masabi's Invalidity Contentions. Bytemark's claims 1, 2, 8, and 19 of the '967 patent and claims 1 and 8 of the '993 patent are subject to invalidity for failure to comply with 35 U.S.C. § 112 and Masabi's expert should be permitted to opine on this subject. These claims have been asserted by Bytemark in this suit and it's clear why Bytemark is attempting to exclude these opinions, however, the basis for such exclusion is improper.

## IV. PRAYER

Masabi's Initial and Amended Invalidity Contentions included timely 35 U.S.C. § 112 invalidity defenses that included indefiniteness. As such, there is no basis to strike Dr. Meldal's opinions regarding the same. Bytemark's motion (DKT #109) to strike portions of Masabi's expert Dr. Meldal regarding indefiniteness under 35 U.S.C. § 112 should be denied.

Respectfully submitted,


FISHMAN STEWART PLLC

By:    */s/ Douglas P. LaLone* (P45751)
       Douglas P. LaLone (P45751)
       Thomas E. Donohue (P57089)
       39533 Woodward Ave., Suite 140
       Bloomfield Hills, MI 48304
       Tel.: (248) 594-0600
       Fax: (248) 594-0610
       dlalone@fishstewip.com


STRASBURGER & PRICE, LLP

By:    /s/ Kasia Brozynski (24036277)
       Kasia Brozynski
       Texas Bar No. 24036277
       Antonio S. Devora
       Texas State Bar No. 24074133
       Sorana G. Ban
       Texas State Bar No. 24061520
       901 Main Street, Suite 6000
       Dallas, Texas 75202
       (214) 245-3068 Telephone
       (214) 245-3097 Fax
       kasia.brozynski@strasburger.com
       antonio.devora@strasburger.com

       *Attorneys for Defendant Masabi Ltd.*

7

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 18th day of October 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

By:     */s/ Douglas P. LaLone*
        Douglas P. LaLone

8