**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF BYTEMARK INC.'S OPPOSITION TO DEFENDANT MASABI LTD.'S
MOTION FOR LEAVE TO EXCEED THE PAGE LIMITS**

Plaintiff Bytemark, Inc. ("Bytemark") files this Opposition to the Motion for Leave to Exceed the Page Limits (Dkt. 111 and 110[1]) filed by Defendant Masabi Ltd. ("Masabi") and shows:

1. Masabi seeks leave of Court to exceed this District's combined sixty (60) page limit for multiple summary judgment motions by twelve (12) pages provided for in Local Rule CV-7(a)(3). Bytemark opposes Masabi's request because insufficient grounds are stated to support it and because additional pages of summary judgment briefing is unnecessary and only serves to further clutter the record with redundant information and argument that could be presented within the Court's existing page limitations.

2. Federal courts are vested with the inherent power to manage their affairs so as to achieve the orderly and expeditious disposition of cases. *Gulf Petro Trading Co. v. Nigerian Nat. Petroleum,* 233 F.R.D. 492 (E. D. Tex. 2005) (citing, *e.g., Woodson v. Surgitek, Inc.* 57 F.3d 1406,

---

[1] Docket entry no. 110 appears to be exactly the same Motion for Leave to Exceed the Page Limits that Masabi filed as docket entry no. 111, with the exception that the motion filed as docket entry no. 110 did not include a proposed order. Given this, Bytemark will direct this opposition to the motion Masabi filed as docket entry no. 111.

1417 (5th Cir.1995). They may adopt rules governing practice. *Id.,* citing Fed. R. Civ. P. 83. The local rules of this court are not suggestions, but are requirements. *Estrada v. Wallace,* No. 4:12-cv-139, 2014 WL 12598863, at *4 (E. D. Tex. Mar. 31, 2014) *rev'd on other grounds, Starnes v. Wallace,* 849 F.3d 627, (5th Cir. 2017). The judges of the Eastern District of Texas have adopted Local Rule CV-7(a)(1) which states that case dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained. In addition, Local Rule CV-7(a)(3) places further limits on the total number of pages for summary judgment motions. That rule provides that if a "party files more than one summary judgment motion, the following additional limitations shall apply: (A) a party's summary judgment motions shall not exceed sixty pages collectively, excluding attachments."

      3.     In this instance, Masabi seeks leave to exceed Local Rule CV-7(a)(3)'s limits by twelve (12) pages. As grounds for the requested relief Masabi states that it "believes that the added pages are necessary to fully address the issues raised in the above captioned action" and that it "would be unfairly prejudiced if it is not granted an extension of the page limit of the additional pages." Motion at pg. 2. Beyond these conclusory statements, Masabi does not offer any explanation as to why these additional pages or needed or what prejudice it will suffer if the Court limits their summary judgment briefing to sixty (60) total pages. This Court routinely deals with complex patent law issues involving non-infringement, willful infringement and invalidity. Nothing in the summary judgment motions filed by Masabi raises any novel issues or matters that would require extensive briefing in excess of the Court's already generous page limits for summary judgment briefing – especially given the fact that the Court puts no page limits on affidavits and other evidence that may be attached as exhibits to a motion for summary judgment.

4. In summary, Masabi has simply not made a case for why it needs twelve extra pages to adequately brief the issues that it has raised via its summary judgment motions.

WHEREFORE, Plaintiff Bytemark, Inc. requests the Court to deny Masabi's Motion for Leave to Exceed the Page Limits and for such other and further relief as the Court deems suitable and just.

Dated: October 19, 2017

Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 19th day of October, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel