**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF BYTEMARK, INC.'S OBJECTION TO AND MOTION TO STRIKE PORTIONS OF THE DECLARATION OF SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 8,494,967 AND THE DECLARATION OF <u>SIGURD MELDAL ON INVALIDITY OF U.S. PATENT 9,239,993</u>**

I.     INTRODUCTION

Plaintiff Bytemark, Inc. ("Bytemark") submits this Reply Brief in support of its Objection to and Motion to Strike Portions of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967 and the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993 (collectively, "the Meldal Declarations"). In its Response Brief (Dkt. No. 115), Defendant Masabi Ltd. ("Masabi") raises various arguments, all of which are without merit. Masabi's conspicuous failure to (1) dispute the fact that it never raised the issue of indefiniteness during the ***claim construction process*** as mandated by this Court's docket control orders and prior precedent and (2) to dispute the governing law cited in Bytemark's Motion to Strike demonstrates that Masabi has *no* ground on which it can establish that it did not waive its ability to present any evidence of indefiniteness by Meldal (or from any other witness). Accordingly, the Court should strike the portions of the Meldal Declarations in which Meldal provides testimony regarding the alleged indefiniteness of Bytemark's patent claims and prelude Masabi from offering opinions from Meldal or any other witness concerning the alleged indefiniteness of Bytemark's patent claims, either at trial or in support of any pretrial motions regarding the subject matter of indefiniteness that Masabi may file.

II.    ARGUMENT

Masabi does not dispute the fact that it never raised the issue indefiniteness during the entire claim construction process – either in its Patent Rule 4-1, 4-2, or 4-3 disclosures, in its claim construction briefing, or during the *Markman* hearing[1] – nor does it dispute the fact that this

---

[1] Masabi contends that Bytemark's motion to strike "contains factual inaccuracies" and is "wholly improper and misleading" because "Masabi's Initial Amended Invalidity Contentions raised all 35 U.S.C. § 112 invalidity bases including indefiniteness." *See* Dkt. No. 115, at p.2. However, as the portion of Bytemark's motion to strike cited by Masabi makes clear, Bytemark has not argued that Masabi never raised indefiniteness at any point during the litigation. Rather, Bytemark asserts that Masabi never raised the indefiniteness issue during the claim construction process: "However, prior to the service of its

1

Court's docket control orders and prior precedent clearly require that indefiniteness be raised during claim construction. Instead, Masabi attempts to distract the Court with the immaterial argument that it has not waived the issue of indefiniteness because it raised indefiniteness defenses in its October 11, 2016 Initial Invalidity Contentions and in its August 16, 2017 Amended Invalidity Contentions. Whether Masabi raised indefiniteness "well in advance of the claim construction process" is entirely irrelevant, because the law is clear that indefiniteness must be raised during the claim construction process or else it is waived.

      This Court and the Federal Circuit have long recognized that the question of indefiniteness is "inextricably intertwined with claim construction." *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 1355388, at *3 (E.D. Tex. Apr. 13, 2017) (quoting *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016)). Furthermore, "[i]ndefiniteness is a legal conclusion to be determined by the Court." *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2015 WL 11120799, at *2 (E.D. Tex. Jan. 9, 2015) (citing *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005)) ("A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."); *see also CIES BISKER, LLC v. 3M Co.*, No. 2:08-CV-115, 2010 WL 11530494, at *8 (E.D. Tex. Apr. 23, 2010), *aff'd*, 410 F. App'x 331 (Fed. Cir. 2011) (citing *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1346 (Fed. Cir. 2007)) ("[C]laim indefiniteness is a legal determination that arises from the Court's duty to construe claims. . . . In the face of an allegation of indefiniteness, general principles of claim construction apply."). By failing to raise the issue of indefiniteness during claim construction, Masabi

---

expert disclosure, Masabi had never raised the issue of indefiniteness – **either in its local rule claim construction disclosures, its claim construction briefing or at the claim construction hearing earlier this year**." *See id.* (emphasis added).

prevented the Court from performing its duty as the construer of patent claims. Instead, Masabi now impermissibly seeks to "circumvent the Court's claim construction process entirely." *See Droplets*, 2015 WL 11120799 at *2.

Masabi fails to address this Court's – or any other court's – precedent anywhere in its Response Brief. Nor does Masabi cite any authority for the proposition that it is sufficient for a defendant to address indefiniteness in its invalidity contentions but then neglect to raise indefiniteness at *any* time during the claim construction process. Rather, the instant case is directly on point with *Droplets, Inc. v. Overstock.com, Inc.*, where this Court granted the plaintiff's request to strike certain portions of a defense expert's testimony that related to the issue of indefiniteness. 2015 WL 11120799, at *2. In *Droplets*, as in this case, the defendants failed to raise the issue of indefiniteness as to the disputed claim terms either in their *Markman* brief, in other claim construction pleadings, or at oral argument. *Id.* This Court, explaining that "indefiniteness – like all issues of claim construction – is one to be determined as a matter of law" by the Court, struck from the expert's report "the portions relating to any definiteness determinations with respect to these terms" and "precluded [the defendants] from eliciting any testimony from [the expert] to that effect." *Id.* Masabi, like the *Droplets* defendants, has similarly failed to provide this Court with the opportunity to determine indefiniteness as a matter of law and there is no reason why the Court should deviate from its prior holding in the *Droplets*' case in the instant action.

Additionally, as Bytemark argued in its Motion to Strike, Masabi's failure to raise or argue the issue of indefiniteness during the claim construction process violates this Court's case management orders. The Amended Docket Control Order that was in effect at the time of the claim construction hearing on May 31, 2017, along with every other docket control order entered by the Court in this case, advised that "[i]n lieu of early motions for summary judgment, the parties

3

are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits." *See* Amended Docket Control Order (Dkt. No. 37, p.4). This directive is completely consistent with this Court's and the Federal Circuit's precedent, as detailed above. Masabi, however, included *no* arguments related to the issue of indefiniteness in its *Markman* briefing. Thus, by failing to raise "any arguments related to the issue of indefiniteness" at the time mandated by the Court, Masabi has forfeited its ability to do so now.

Masabi also contends that "Bytemark failed to address indefiniteness in its Opening Claim Construction Brief" and has therefore "waived its right to contest indefiniteness." This argument is meritless. Indefiniteness is an affirmative defense to patent infringement, *see, e.g.*, *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1317 (Fed. Cir. 2005), and Bytemark – the party alleging infringement – therefore had no obligation to address the issue in its Opening Claim Construction Brief, *see Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 97 (2011) (stating that *"*[a] patent shall be presumed valid," "[t]he burden of establishing invalidity . . . shall rest on the party asserting it," and "a defendant seeking to overcome this presumption must persuade the factfinder of its invalidity defense by clear and convincing evidence" ((citing 35 U.S.C. § 282)). As the burden to prove indefiniteness lies on the accused infringer, it is illogical for Masabi to argue that because Bytemark did not raise or argue an indefiniteness defense at any point during the claim construction process that Bytemark has committed an "oversight" and "waived its right to contest indefiniteness."

It is ironic that Masabi's response to Bytemark's Motion to Strike is that Bytemark waived the issue when, in fact, it is Masabi that has waived the issue. As a defense to patent infringement, the issue of indefiniteness was Masabi's responsibility to raise and argue – not Bytemark's. Had

4

Masabi properly raised the issue of indefiniteness by complying with the local patent rules governing the claim construction process (P.R. 4-1 to 4-6), or the directives in the Court's docket control orders, or the Court's prior precedent on this very issue, Bytemark would have had a reply claim construction brief available to refute this (unmeritorious) defense if it had been argued by Masabi in its *Markman* brief. The issue was not argued by Masabi so Bytemark had nothing to refute.

## PRAYER

For these reasons, Bytemark requests the Court to strike paragraphs 50-52 of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967 and thereafter preclude Masabi from presenting the issue of indefiniteness, either at trial or in any future pretrial motions.[2]

Dated: October 26, 2017

Respectfully submitted,

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
*Pro Hac Vice*
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyani.com

---

[2] In its Motion to Strike, Bytemark inadvertently requested that the Court strike paragraphs 66-67 of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993. Bytemark wishes to withdraw this request. However, because Masabi has waived its ability to argue the issue of indefiniteness, Bytemark continues to request that the Court strike the portions of the Declaration of Sigurd Meldal on Invalidity of U.S. Patent 8,494,967 that relate to indefiniteness and to preclude Masabi from presenting the issue of indefiniteness, either at trial or in any future pretrial motions.

5

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 26th day of October, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

/s/ Andy Tindel

Andy Tindel