**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI LTD.'S RESPONSE AND BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE**

NOW COMES Masabi LTD., Defendant in the above-captioned civil action, by and through its undersigned counsel, and in support of its opposition to Plaintiff's Motion for Status Conference (Doc. No. 138) filed on March 29, 2018, states:

1.  On February 14, 2018, this Court entered an Order (Doc. No. 137) staying this action pending further order of the Court. Defendant agrees that the Court's Order staying this action is proper and should continue for the reasons set forth below.

2.  On December 11, 2017, Defendant filed a Notice of Institution of Inter Partes Review regarding certain claims of the '967 Asserted Patent in this suit (Doc. No. 134). In instituting the IPR (Case IPR2017-01449, Paper 10), the Board held that "Based on our analysis above of independent claims 1, 17, and 18 in light of Terrell, we determine it is reasonably likely that Petitioner will prevail in establishing that claims 1, 17, and 18 are anticipated by Terrell." (Paper 10, at Pg. 22). Immediately following Defendant's filing of the notice, this Court cancelled the status conference set for the same day.

3. The PTAB discovery for the '967 IPR is currently pending. In that proceeding, Plaintiff Bytemark, Inc. voluntarily filed a Contingent Motion to Amend the three (3) independent claims of the '967 patent by proposing to cancel all three (3) independent claims, and proposing new claims for the PTAB to consider (Paper 18). Those three (3) independent claims are the same claims that are at issue in the instant suit. If Plaintiff does cancel the three (3) independent claims, then those claims will be surrendered and no longer alive, which means they cannot stand in this suit. Briefing on Plaintiff's motion to amend the claims of the '967 patent is still underway and will be completed soon.

4. On December 15, 2017, Defendant filed a Notice of Invalidity Challenge of Asserted Patents in Another Lawsuit (Doc. No. 135). That case is before Judge Paul Gardephe in the Southern District of New York, Civil Action No. 1:17-cv-01803-PGG. The Defendants in that case, Conduent et al., have filed a Rule 12 Motion to Dismiss (Dkt. No. 51), which has been fully briefed, on the basis that the '967 and '993 Asserted Patents are invalid under 35 U.S.C. § 101. Defendants are awaiting a decision. If the Asserted Patents are found invalid, then such ruling may be informative to this Court.

5. On January 26, 2018, Defendant filed a Notice of Third Party Petition for Covered Business Method Review regarding the '967 and '993 Asserted Patents (Doc. No. 136). Those two CBM proceedings (Case CBM2018-00011 and Case CBM 2018-00018) are still under review by the PTAB and Defendant awaits the PTAB's decision of whether it will institute those proceedings. The grounds for those CBM proceedings are as follows:

- Ground 1: Claims 1-6, 17-23 and 34 are invalid for failure to comply with 35 U.S.C. §112, first and second paragraphs.

- Ground 2: Claims 1-6, 17-23 and 34 are invalid for being directed to patent ineligible subject matter under 35 U.S.C. § 101.

- Ground 3: Claims 1, 3-6, 17-18, 20-23 and 34 are obvious over Terrell in view of Saarinen under 35 U.S.C. § 103.

- Ground 4: Claims 2 and 19 are obvious over Terrell in view of Saarinen in further view of Rosen under 35 U.S.C. § 103.

- Ground 5: Claims 1, 3-6, 17-18, 20- 23 and 34 are obvious over Terrell in view of Wheeler under 35 U.S.C. § 103.

- Ground 6: Claims 2 and 19 are obvious over Terrell in view of Wheeler in further view of Rosen under 35 U.S.C. § 103.

6. Because a decision in any of the related pending actions discussed above may affect the disposition of the instant suit, it is in the interests of judicial economy to continue the stay. Moreover, it would be a waste of resources for Masabi to now file its Reply briefs to its Motions for Summary Judgment of invalidity and non-infringement, when the related pending actions may affect their disposition. Defendant believes that Plaintiff's request is predicated on a desire to determine when and under what circumstances a lift of the Court's stay order would be indicated or appropriate. In instituting the stay order it can be inferred that the Court finds it prudent to await developments in the other pending actions before proceeding with this one. The Court's determination should not be disturbed and the stay should continue.

7. And finally, Plaintiff also asserts the need for a status conference "to discuss *potential entry* of an amended Docket Control Order" (Doc. No. 138, Pg. 1, emphasis added) to set new deadlines when and if the Court's stay is lifted. By its own statement Plaintiff

effectively admits that entry of such an order may be unnecessary. We submit it is premature to reset deadlines in view of the above comments.

WHEREFORE, Defendant Masabi Respectfully requests the Court deny Plaintiff's Motion for Status Conference and continue the stay pursuant to its February 18, 2018 Order.

Dated: April 12, 2018

Respectfully submitted,

FISHMAN STEWART PLLC

By: */s/ Douglas P. LaLone*
Douglas P. LaLone
Michigan Bar No. P45751
Thomas E. Donohue
Michigan Bar No. P57089
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel.: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com
tdonohue@fishstewip.com


SPENCER FANE LLP

By: */s/ Kasia Brozynski* (24036277)
Kasia Brozynski
Texas Bar No. 24036277
Antonio S. Devora
Texas Bar No. 24074133
5800 Granite Parkway, Suite 800
Plano, TX 75024
Tel.: (214) 245-3068
Fax: (214) 245-3097
kbrozynski@spencerfane.com
adevora@spencerfane.com

*Attorneys for Defendant Masabi LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, and a true and correct copy of the foregoing paper has been electronically served on all counsel of record pursuant to Local Rule CV-5(a)(3)(A).

/s/ Jessica M. Morley-Mark
Jessica M. Morley-Mark
Legal Specialist
Fishman Stewart PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI  48304
Tel: (248) 594-0600
Fax: (248) 594-0610
litigationparalegals@fishstewip.com