**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF PLAINTIFF BYTEMARK, INC.'S
MOTION FOR STATUS CONFERENCE**

Plaintiff Bytemark, Inc. ("Bytemark") respectfully requests that the Court grant its motion to set a status conference ("Motion," Dkt. No. 138) and reject Defendant Masabi Ltd. ("Masabi")'s Response and Brief in Opposition Plaintiff's Motion ("Opposition," Dkt. No. 139). Bytemark brought actions for patent infringement against Masabi in this Court on May 20, 2016. Now, almost two years later, Masabi continues to infringe the claims of Bytemark's patents, and Bytemark is still without recourse to stop the infringement. Plaintiff requests that the Court reject Masabi's Opposition for the following reasons:

1. District courts typically consider three factors when determining whether to grant a stay pending IPR: (1) "whether the stay will unduly prejudice the nonmoving party," (2) "whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set," and (3) "whether the stay will likely result in simplifying the case before the court." *Infernal Tech., LLC v. Elec. Arts Inc.*, No. 2:15-CV-01523-JRG-RSP, 2016 WL 9000458, at *1 (E.D. Tex. Nov. 21, 2016) (citation omitted). Here, all three favors weigh against granting such a stay in this case.

2.      Bytemark is being irreparably damaged by Masabi's continued infringement and by its competition with Masabi's infringing system for contracts and customers.  Absent a resolution to the instant litigation, Bytemark will continue to suffer economic and reputational damage and be significantly prejudiced.

3.      The proceedings before the court have reached an advanced stage, "with discovery complete and a trial date set."  *Id.*  This case was originally placed on the Court's December 4, 2017 docket (with jury selection scheduled for that date), and the parties had completed all fact and expert discovery, exchanged trial exhibit lists, and were prepared to go forward with a trial.  Accordingly, a status conference in this action is necessary and appropriate.

4.      There is no basis to stay the case on account of the Patent Trial and Appeal Board's instituting an *inter partes* review of some of the asserted claims of the '967 Patent.  With respect to the IPR petition referenced by Masabi in its Opposition, the PTAB did not institute *any* IPR proceedings with respect to any of the claims of the '993 Patent.  Additionally, the PTAB declined to institute review of claims 2 and 19 of the '967 Patent,[1] and instituted review only on claims 1, 3-6, 17, 18, 20-23 and 34.  Accordingly, any ultimate determination by the PTAB with respect to Masabi's IPR will have no bearing on the claims of the '993 Patent or on the claims of the '967 Patent that were not instituted, nor will it result in simplifying the case before the Court.  Moreover, the IPR, about which Masabi notified the Court on December 11, 2017—an unjustified delay of

---

[1] The Board found, "What is missing from the Terrell disclosure and from Dr. Meldal's testimony, however, is any discussion of what happens if, when the database is checked, it is determined 'that no such token has been stored,' as recited in claims 2 and 19.  We have not been directed to persuasive evidence that upon determining that a token has not been stored in the database, Terrell then initiates an additional step to confirm that the ticket, in fact, has been purchased, and if so, to then store a token in the database."  (Case IPR2017-01449, Paper 10, pp. 23-24.)  The Board also noted, "We observe also that, in connection with claims 2 and 19, Petitioner does not direct us to any persuasive evidence that either Cruz or Dutta disclose the limitations in claims 2 and 19 arranged or combined in the same way as recited in these claims."  (*Id.* at p. 33.)

more than one and a half years after the instant litigation commenced—is only in its preliminary stages.  Thus, the instant litigation will be resolved before any final decision and appeal in those proceedings.

5.     There is likewise no basis to stay the case on account of the PTAB's Covered Business Method Review of the '967 and '993 Patents-in-Suit.  Masabi notified the Court regarding these proceedings three months ago, on January 26, 2018—again, over one and a half years after the instant litigation began.  The preliminary response is due April 29, 2018, and, like the IPR, the instant litigation will be resolved long before any final decision and appeal in this review.  Moreover, because Masabi did not join in defendants' CBMR, it is not bound by the full scope of statutory estoppel.

6.     There is no basis to stay the case on account of the current litigation in the Southern District of New York (Civil Action No. 1:17-cv-01803-PGG), and, in particular, on the basis of the defendants' pending motion to dismiss on the basis that the '967 and '993 Patents are invalid under 35 U.S.C. § 101.  In fact, Judge Paul Gardephe indicated that he would *not* dismiss the case on those grounds and that Bytemark has put forth a cognizable § 101 claim.  During the October 16, 2017 phone conference to discuss the defendants' proposed motion to dismiss, Judge Gardephe stated: "For purposes of pleading, it appears to me that plaintiff has likely pled a sufficiently inventive concept to survive a motion to dismiss."

7.     None of Masabi's pending actions will streamline this case.  Any decisions by the PTAB would provide limited, if any, guidance to the Court, as the substantive standards for the determination of invalidity (anticipation and obviousness) and the evidentiary burdens are different on IPR than those applied at the district court.  *See, e.g., Novartis AG v. Noven Pharm. Inc.*, 2017 WL 1229742, at *2 (Fed. Cir. Apr. 4, 2017).  This Court is the only forum in which all of the

asserted patent claims and all of the defenses and legal issues raised by the parties, i.e., novelty, non-obviousness, indefiniteness, and infringement, among others, can be decided.

For the foregoing reasons, Bytemark respectfully requests the Court to grant its Motion for Status Conference.

Dated: April 19, 2018

Respectfully submitted,

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Bytemark, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 19th day of April, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

Andy Tindel