IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG-RSP |
| | § | |
| MASABI LTD., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | PATENT CASE |

**PLAINTIFF BYTEMARK, INC.'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS (DKT. 146) OF THE UNITED STATES MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule CV-72, Plaintiff Bytemark, Inc. ("Bytemark") objects to the United States Magistrate Judge's Report and Recommendation ("R&R") (Dkt. 146) filed November 26, 2018. The Magistrate Judge erred in recommending that the Court grant Defendant Masabi Ltd. ("Masabi")'s motion for summary judgment of invalidity (Dkt. 113). Accordingly, the Court should decline to adopt the R&R, sustain Bytemark's objections, and deny in full Masabi's motion for summary judgment.

**II.    STANDARD OF REVIEW**

A district court reviews de novo those portions of the magistrate judge's findings and recommendations to which a party has made specific and timely objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)); *Haynes v. Crenshaw*, 166 F. Supp. 3d 773, 775 (E.D. Tex. 2016).

**III.    ARGUMENT**

Bytemark requests that the Court decline to adopt the R&R based on the following:

A.  **The Court should Decline to Adopt the R&R's Conclusion that all of the Asserted Claims of Bytemark's Patents are Not Patent-Eligible.**

1.  **The Magistrate Judge Erred by Not Limiting Masabi's Arguments to Claim 1 of the '967 Patent and Claim 1 of the '993 Patent.**

Masabi failed to meet its burden of showing that claim 1 of the '967 patent and claim 1 of the '993 patent are representative claims and the Magistrate Judge overreached by extending his holding to all of the asserted claims. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1348 (Fed. Cir. 2014); *Perdiemco, LLC v. Industrack LLC*, No. 2:15-CV-1216-JRG-RSP, 2016 WL 5719697 (E.D. Tex. Sept. 21, 2016), *report and recommendation adopted*, No. 2:15-CV-727-JRG, 2016 WL 5475707, at *7 (E.D. Tex. Sept. 29, 2016); *see also Uniloc USA, Inc. v. AVG Techs. USA, Inc.,* No. 2:16-CV-00393-RWS, 2017 WL 1154927, at *4 (E.D. Tex. Mar. 28, 2017); *Versata Software, Inc. v. NetBrain Techs., Inc.,* No. 13-676-LPS-CJB, 2015 WL 5768938, at *4 (D. Del. Sept. 30, 2015).

Here, the Magistrate Judge's conclusion that "the claims that depend from claims 1 and 8 of the '993 patent, like the dependent claims of the '967 patent, recite additional steps, but the essence of the invention is captured by the independent claims" is insufficient basis to find all asserted claims[1] patent-ineligible. In its Opposition (Dkt. 121) to Masabi's motion for summary judgment of invalidity, Bytemark specifically shows how the claims identified by Masabi are not representative of all of the asserted claims. For example, Bytemark demonstrates how claim 13 adds the limitation "wherein the remote display device displays the secured validating display object ***without a network connection*** with the central computer system." Accordingly, the Court

---

[1] In its Amended Complaint (Dkt. 36), Bytemark asserts at least claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, and 34 of the '967 Patent and at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 patent.

should decline to adopt the Magistrate Judge's application of his holding to claims 2-6, 17-23, and 34 of the '967 patent and claims 2-17 and 22-24 of the '993 patent.

### 2. The Inventions Disclosed and Claimed in the Asserted Claims are not Directed Towards an Abstract Idea.

The inventions disclosed and claimed in the asserted claims are not directed towards an abstract idea, and the cases relied upon by the Magistrate Judge are inapposite. In *Intellectual Ventures*, the district court found the patent at issue was directed towards abstract idea of "tracking financial transactions to determine whether they exceed a pre-set spending limit (i.e., budgeting)" and that increasing the speed or efficiency of the process does not confer patent eligibility on an otherwise abstract idea. *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367, 1370 (Fed. Cir. 2015). Similarly, the Federal Circuit held that the inventions in *Smart Systems*, were directed at "the formation of financial transactions in the mass transit industry and data collection related to such transactions." *Smart Sys. Innovations, LLC v. Chi. Transit Auth.,* 873 F.3d 1364, 1372 (Fed. Cir. 2017). Those inventions involved long-existing technology (bank cards) being used in a conventional manner (providing bankcard data) to validate entry into a transit system. *Id*. at 1373.

In this case, Bytemark's inventions are not directed towards an abstract idea, and the Court should decline to adopt the R&R's oversimplification of Bytemark's inventions. Unlike in *Intellectual Ventures*, the claims are not directed towards a financial transaction, such as budgeting. The R&R's characterization of the claims as being directed towards "security of financial transactions" and "collecting, storing, recognizing, and manipulating data, or encoding or decoding data, to make the data human- or machine-readable" oversimplifies Bytemark's invention and fails to properly acknowledge key solutions. Further, unlike in *Smart Systems*, the inventions disclosed and claimed in the patents-in-suit involve using new technology, such as

3

smartphones, in an unconventional manner to provide a tangible technological solution to real-world problems.

Also, contrary to the Magistrate Judge's assertion, the claims at issue in this case are directed to improved computer technology, similar to *Thales*. In *Thales*, the Federal Circuit cautioned courts to "articulate what the claims are directed to with enough specificity to ensure the step one inquiry is meaningful." *Thales Visionix Inc. v. United States,* 850 F.3d 1343, 1347 (Fed. Cir. 2017). In *Thales*, the Federal Circuit rejected a lower court's conclusion that the claims were merely directed to the abstract idea of using "mathematical equations for determining the relative position of a moving object to a moving reference frame" and instead found that the claims were are directed to systems and methods that use traditional inertial sensors in a non-conventional manner to reduce errors in measuring the relative position and orientation of a moving object on a moving reference frame. *Id.* at 1348–49.

As in *Thales*, the methods and systems disclosed in the claims of Bytemark's patents eliminate complications inherent in a previous mass transit ticketing solution. Specifically, the claimed invention overcomes problems arising from computer technology previously used to implement mobile ticketing. '967 Patent Col. 1:28-43; '993 Patent Col. 1:31-46. ("Barcode scanners were not designed to read a lit LCD screen...[t]he reflectivity of the screen can defeat the scanning process"). Further, the abstract describes that "the system also can permit ticket purchase verification in the absence of a network connection during verification." *See* '993 Patent Abstract, claim 12, 13. As with *Thales*' use of inertial sensors, which were well known in the art, in a non-conventional manner, the Bytemark patent claims' use of various known computer components (e.g., servers, devices) in a non-conventional manner reduces errors associated with bar coding. *See* '967 Patent, Col. 2:66-3:11.

### 3. The R&R Erroneously Concludes that the Asserted Claims of the '967 and '993 Patents Lack an Inventive Concept.

The R&R's opinion with respect to the inventive concept analysis consists of one paragraph and does not identify or discuss any particular claim elements or their unique combination and wholly fails to address Bytemark's expert opinion relating to this issue. Further, the Magistrate Judge's argument that there is no inventive concept in general software and data components mischaracterizes and oversimplifies the claimed invention.[2] The specific combination and order of claim elements in Bytemark's inventions, disclosed and claimed in the claims of the patents-at-issue, are crucial to the inventive solutions and improvements to computer technology. The R&R fails to reflect any analysis of these specific combinations of limitations that embody the inventor's asserted advance over the prior art.

Further, the R&R does not address any limitations of the dependent claims. For example, claim 24, which depends from claim 8, recites the additional limitation of: "wherein the secured validation display object is configured to be unique to a specific remote display device it is intended to be displayed on." Claim 22 requires the additional limitation: "wherein the secured validation display object is further configured to display in different versions of appearance where the selection of version is dependent on a pre-determined schedule." Neither Masabi (nor the R&R) provides any analysis or reasoning sufficient to establish that these limitations are not inventive. Moreover, the R&R fails to articulate and apply the controlling evidentiary standard to the section 101 subject matter eligibility issue. The Federal Circuit has clarified that the clear and convincing evidence standard applies to this issue. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (2018).

---

[2] In Bytemark's parallel infringement case on the same patent claims in the Southern District of New York, Judge Gardephe found that "The patents suggest an 'arguably inventive device or technique for displaying information' in response to 'a problem specifically arising in' the mobile technology field." *Bytemark v. Xerox et al.*, 1:17-cv-01803-PGG, Dkt. No. 49 (S.D.N.Y.) (**Ex. A**).

**B.    The Magistrate Judge Erred in Concluding There Are No Disputed Underlying Facts.**

The Magistrate Judge incorrectly concluded that there are no factual issues to resolve. The question of whether a claim element is well-understood, routine, and conventional to a skilled artisan in the relevant field is a question of fact and deference must be given to the determination made by the fact finder on this issue. *Exergen Corp. v. Kaz USA, Inc.*, 725 F. App'x 959, 965 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1370 (Fed. Cir. 2018) ("Whether a claim element or combination of elements would have been well-understood, routine, and conventional to a skilled artisan in the relevant field at a particular point in time may require "weigh[ing] evidence," "mak[ing] credibility judgments," and addressing "narrow facts that utterly resist generalization."); *see also*, *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2018 WL 4927279, at *2 (E.D. Tex. Sept. 18, 2018) ("[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact" **that must be "proven by clear and convincing evidence.**") (emphasis added). Indeed, the issue of whether claims of a patent contain an "inventive concept" has recently been treated as an issue to be resolved at trial. *Maxwell, Ltd. v. ZTE (USA) Inc.*, 5:16-cv-00179-RWS, Dkt. 228 (E.D.T.X. June 29, 2018) (**Ex. B**); *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, 2018 WL 4184338, at *11 (N.D. Cal. Aug. 31, 2018) (holding on summary judgment that "the Court will wait to have the benefit of the trial record before determining whether Claim 10 contains an inventive concept such that it is patent eligible").

In its Opposition, Bytemark specifically disputes Masabi's argument that the claim elements of Bytemark's patents are conventional and routine, and Bytemark identifies supporting factual evidence making a finding that Bytemark's patents are directed to unpatentable subject

6

matter improper. For example, relying on its expert, Dr. Oded Gottesman, Bytemark's Opposition explains how the use of a token as disclosed and claimed in Bytemark's patents is non-conventional and innovative. Dr. Gottesman testifies that the use of a token as disclosed and asserted claimed in the claims of the patents in suit provide non-conventional security protocols. Expert Report of Dr. Oded Gottesman (September 13, 2017) **(Ex. C)** at 55-56. Dr. Gottesman also describes how the combination of claim elements taught by the asserted claims of the patents-in-suit are a new and useful improvement of existing technology that was not known at the time of invention and amounts to significantly more than the alleged abstract idea of merely distributing and visually validating electronic tickets. *Id*.

Again, whether a claim element is well-understood, routine, and conventional is a question of fact which Masabi and Bytemark dispute that must be proven by clear and convincing evidence.[3] As questions of fact exist with respect to this issue, summary judgment is not appropriate.

C. **The Magistrate Judge Should Not Have Considered Bytemark's Pending Patent Applications and Other Issues/Arguments Not Raised By Masabi.**

In the R&R, the Magistrate Judge gave improper weight to pending applications involving other Bytemark patents with different claims and claim elements. *See, e.g.*, R&R at 7-10, 13-15. Courts have cautioned that non-final rejections of patent applications should not be "outcome determinative." *See Univ. Secure Registry, LLC v. Apple Inc.*, No. CV 17-585-CFC-SRF, 2018 WL 4502062, at *12 (D. Del. Sept. 19, 2018). Moreover, Masabi never raised any argument regarding the pending office actions in its motion for summary judgment, and therefore

---

[3] As Bytemark argued in its Opposition, Masabi's expert testimony on this issue is nothing more than attorney argument and should be rejected. *See* Opposition at n.5. Nevertheless, even if the Court accepts Masabi's expert testimony, there is at a minimum a "battle of the experts" in this case on whether the patent claims contain an inventive concept. *Id*., Gottesman Report **(Ex. C)** at 55-56.

this argument is waived. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008); *United States v. Green*, 508 F.3d 195, 203 (5th Cir. 2007).

D.  **The Preemption Inquiry Is Relevant to the § 101 Analysis.**

Contrary to the R&R's reasoning, preemption is the underlying concern that drives the § 101 analysis. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014). This is because monopolization of "the basic tools of scientific and technological work" would thwart the patent laws' primary object: to promote future innovation. *Id.* Indeed, courts have often cited the lack of preemption concerns to support a determination that a claim is patent-eligible under § 101. *See, e.g.*, *McRO, Inc. v. Bandai Namco Games Am., Inc.*, 837 F.3d 1299, 1315-16 (Fed. Cir. 2016). Accordingly, the R&R's assertion that preemption does not apply was in error.

IV.  **CONCLUSION**

For the foregoing reasons, the Court should decline to adopt the R&R in its entirety.

Dated: December 10, 2018

> Respectfully submitted,
>
> /Andy Tindel w/ permission of Lead Attorney/
>
> Dariush Keyhani, Lead Attorney
> New Jersey State Bar No. 044062002
> *Pro Hac Vice*
>
> MEREDITH & KEYHANI, PLLC
> 125 Park Avenue, 25th Floor
> New York, NY 10017
> (212) 760-0098 Telephone
> (212) 202-3819 Facsimile
> Email: dkeyhani@meredithkeyhani.com

8

Andy Tindel
Texas State Bar No. 20054500

MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

***Attorneys for Plaintiff Bytemark, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 10th day of December, 2018. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel