**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 2:16-cv-00543-JRG/RSP |
| | § | |
| MASABI LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT MASABI'S RESPONSE TO PLAINTIFF BYTEMARK'S
OBJECTIONS TO THE REPORT AND RECOMMENDATION (DKT. 146)**

Masabi hereby responds to Bytemark's Objections to the R&R and requests that the R&R

be adopted and it should be affirmed that Bytemark's patents are not patent-eligible.

**A.      Magistrate Payne Properly Analyzed the Claims of the '967 and '993 Patents**

Bytemark improperly alleges that Masabi failed to establish claim 1 of the '967 patent

and claim 1 of the '993 patent were "representative claims" and that Magistrate Payne

"overreached by extending his holding to all the claims." Dkt. 147, p. 2 ("Obj"). Bytemark cites

to *Content Extraction & Transmission LLC v. Wells Fargo Bank*, N.A., 776 F.3d 1343, 1348

(Fed. Cir. 2014). However, Masabi argued <u>all</u> the asserted claims included recitations amounting

to abstract ideas. Likewise, Magistrate Payne properly analyzed all the asserted claims in his

determination of patent ineligibility. Finally, *Content Extraction* supports a finding of patent

ineligibility for <u>all</u> asserted claims when, as here, "the claims of the asserted patents are

substantially similar in that they recite little more than the same abstract idea." *Content

Extraction,* 776 F.3d at 1348.

Masabi specifically addressed the content of the dependent claims of the '967 and '993

patents: "In much the same way as the independent claims, the dependent claims rely on

conventional equipment or steps and fail to transform the abstract idea into something

more…These, however, lack any inventive concept to salvage the underlying abstract ideas."
Dkt. 113, pp. 30-31. This assertion alone supports Magistrate Payne's holding to all the claims
of the '967 and '993 patents. In addition, there is virtually no support to argue that claims 1 of
the '967 and '993 patents are NOT representative claims. All of the independent claims of both
patents recite nearly identical systems and utilize nearly identical claim language (as recognized
by Magistrate Payne, Dkt. 146, p. 3, referred to as the "R&R"). "Furthermore, the dependent
claims of both patents lack any inventive concept to savage the underlying abstract ideas as
properly asserted by Masabi."

Magistrate Payne clearly and properly recognized the lack of diversity in the claims of
the '967 and '993 patents with respect to inventive concepts. His analysis:

> The claim language of claims 1, 17 and 18 of the '967 patent and claims 1 and 8
>
> of the '993 patent are mirrored word for word…. (Dkt. 146, p. 3)

Magistrate Payne further made an analysis of the asserted dependent claims of the '967
patent and '993 patent, in an analysis similar to that provided in Masabi's Motion, and found that
the recitations contained therein did not change the analysis: "Finally, although claim 1 of both
patents is sufficiently representative, see *Content Extraction*, 776 F.3d at 1348, the dependent
claim limitations do not alter the analysis." Dkt. 146, p. 13. Magistrate Payne addressed the lack
of content in the dependent claims of both patents as capable of altering the analysis of
invalidity.

Finally, Bytemark's sole basis for arguing that claims of the patents are NOT
representative stem from their cited recitation from claim 13 of the '993 patent (depending on
independent claim 8) reciting "without a network connection". Dkt. 147, p. 2. However,
Bytemark failed to provide any analysis, or argument as to how a recitation to a lack of network

connection is an innovative concept or alters the analysis of Masabi or Magistrate Payne.  In fact, the recitations of claim 13 of the '993 patent clearly do not represent an innovative concept and do nothing to move the abstract idea of independent claim 8.  The R&R by Magistrate Payne is supported and well-reasoned.

      **B.**      **The Objections Fail to Address the Abstract idea of "verifying authenticity of an electronic ticket" or Identify any Claim Elements that are Supposedly Not Directed to an Abstract Idea under Part One of the Alice test.**

Bytemark objects to the holding that the claims are directed to an abstract idea on the basis that the cases supporting this decision are supposedly "inapposite."  Dkt. 147, p. 3.  The Objections, however, fail to address why the asserted claims are supposedly not directed to abstract idea of "verifying authenticity of an electronic ticket" or identify any legal or factual errors in the R&R for arriving at this holding.  Nor do the Objections propose an alternative that would have been supposedly more appropriate for consideration under part one of the *Alice Corp* test.  Further, the Objections fail to identify a single recitation of the claims that is supposedly not directed to the abstract idea according to the R&R.

Bytemark alleged issues with reliance on *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367, 1370 (Fed. Cir. 2015) ("*Intellectual Ventures 2015*") and *Smart Sys. Innovations, LLC v. Chi. Transit Auth.*, 873 F.3d 1364, 1372 (Fed. Cir. 2017) ("*Smart Systems 2017*") and implied that the holding should have instead been based on *Thales Visionix Inc. v. United States*, 850 F.3d 1343, 1347 (Fed. Cir. 2017) ("Thales").  The Objections mischaracterize the R&R and fail to identify any errors associated with the same.

As reflected on pp. 11-16, the R&R applied a variety of decisions from the CAFC.  The R&R stated that "the claims are a hybrid of two categories of claims routinely invalidated under §101" (p. 15) - the first category being "collecting, storing, recognizing, and manipulating data, or encoding or decoding data, to make the data human- or machine-readable" while citing to

3

*Smart Systems 2017* and the second being "business practices or financial transactions" while citing to *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340-41 (Fed. Cir. 2017) ("*Intellectual Ventures 2017*").  Dkt. 146, p. 15.  In addition, the R&R relied on *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1259 (Fed. Cir. 2017) to establish that the asserted claims "do not resemble claims directed to improved computer technology that have survived scrutiny under Alice step one."  Dkt. 146, p. 16.  Thus, the R&R considered a variety of cases not limited to those involving financial transactions.

Contrary to the Objections implying that *Thales* was overlooked, the R&R applied *Thales* to determine that the asserted claims do not recite a technological improvement under part one of the two-part analysis under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  See Dkt. 146, pp. 11 and 16.  After considering whether any "improvement[s] to computer functionality" (p. 11) and "technological improvement[s]" (*Id.*)  of the asserted claims, the R&R held that the claimed "computers, services, and devices" that use "conventional functions" to "verify the authenticity of a ticket quickly and efficiently," the R&R determined that this is "not an improvement to technology itself."   (*Id.,* at 12.)    The Objections failed to identify any technological improvements that are recited in the claims, but instead merely referenced Dr. Gottesman's testimony regarding a token that is generically claimed and allegedly non-conventional, and unclaimed security protocols.  As such, Bytemark failed to identify a single technological improvement that is recited in the claims.  The claims are abstract according to *Thales*.

Also, *Smart Systems 2017* was an affirmance by the CAFC of *Smart Sys. Innovations, LLC v. Chi. Transit Auth* (No. 14 C 08053, 2015 WL 4184486, at *5-6 and *16 (N.D. Ill. July 10, 2015) ("*Smart Systems 2015*"), which was one of the leading cases in Masabi's Motion for

4

Summary Judgment of Invalidity (Dkt. 113, p. 22, "Motion").   Bytemark's Opposition to Summary Judgment (Dkt. 121, "Opposition") was after both these decisions, but Bytemark addressed this for the first time in its Objections.  As stated in the Motion (pp. 22-23 and 30), *Smart Systems 2015* held that "an identifying token" for "validating entry" into a transit network is "drawn to the abstract concept of a fundamental commercial transaction, paying for a fare" that is ineligible under the first step of the Alice (*5-6 and *16) and "[t]he server/computer system and user/remote device exchange information after validating a token [is] a purely conventional function" (*5).  Similar to these decisions, Bytemark's Objections and Opposition briefs fail to identify any non-conventional function that is recited by the claims.

In attempting to sidestep the abstract language of the asserted claims, the Objections alleged that "the Bytemark patent claims' (sic) use of various known computer components (e.g., servers, devices) in a non-conventional manner reduces errors associated with bar coding." Dkt. 147, p. 4.  Not only is this supposed "error reduction" for the first time fabricated in the Objections with no mention in the Opposition, but the asserted claims are completely silent regarding "error reduction."  Further, Bytemark admitted that the asserted claims merely use "known computer components," but alleged that an unspecified "non-convention manner" should somehow save the asserted claims.  *Id.*   Regardless of the unclaimed "non-conventional manner", the R&R appropriately acknowledged the CAFC's precedent "is clear that merely adding computer functionality to increase the speed or efficiency of the process does not confer patent eligibility on an otherwise abstract idea."  Dkt. 146, p. 12 (citing to *Intellectual Ventures 2015*, at 1370).  The asserted claims of the patents are abstract.

**C.      The Objections Mischaracterize the R&R and Still Fail to Identify an Inventive Concept Recited by the Claims according to Part Two of the *Alice* test.**

The Objections alleged that the R&R erroneously concluded that the asserted claims lack an inventive concept, allegedly for the analysis not reflecting "specific combinations of limitations that embody the inventor's asserted advance over the prior art" with respect to claims 22 and 24, not providing "any analysis or reasoning sufficient to establish that these limitations are not inventive," and for supposedly failing to "articulate and apply the controlling evidentiary standard to the section 101 subject matter eligibility issue" while citing to *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (2018) ("*Berkeimer*").   Dkt. 147, p. 5.   Contrary to the misrepresentations in the Objections, pages 25-31 of the Motion and pages 16-18 of the R&R contain comprehensive analysis and reasoning to establish that the asserted claims lack an inventive concept under part two of the *Alice* test.   In reply to the Motion, the Opposition merely reiterated elements of claim 1 of each of the '993 and '967 Patents (Dkt. 147, pp. 18-19), but it failed to identify a particular inventive concept recited by any of the asserted claims, and certainly did not even mention claims 22 and 24 that are raised for the first time in the Objections.   Similar to this case, *Berkheimer* acknowledges that "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry."   *Berkheimer*, 881 F.3d at 1368.   Bytemark has yet to identify an inventive concept that is recited by the claims, and thus no material issues exist.   The R&R was proper.

**D.      Magistrate Payne Properly Concluded There Are No Disputed Underlying Facts**

Bytemark argues Magistrate Payne erred in concluding there are no disputed underlying facts and that whether a claim element of grouping of claim elements is well understood, routine,

and conventional.  Dkt. 147, p. 6.  The R&R properly found that Bytemark demonstrated no relevant disputed underlying facts in this case.  Dkt. 146, p. 11.

Bytemark attempts to utilize its expert's, Dr. Gottesman, testimony to establish that the patent recites elements that amount to "non-conventional security protocols" and that these somehow represent an underlying disputed fact.  Dkt. 147, p. 7.  Bytemark, however, failed to disclose that "security protocols" are not recited in any claims of the '967 and '993 patents – thus the argument is irrelevant.  Magistrate Payne *__did__*, in fact, take such facts in the favor of the non-moving party as is proper.  Dkt. 146, p. 16.

Bytemark's expert Dr. Gottesman's Ipse Dixit statements claimed there was new and improved technology which amounted to significantly more than an abstract idea.  However, ipse dixit testimony from an expert is often insufficient, as here, to preclude summary judgment.  See *Parallel Networks LLC v. Kayak Software Corporation*, 704 F.3d. 958, 970 (Fed. Cir. 2013).  Bytemark's expert provided no FACTS in support of his statements and, therefore, no disputed fact exists.    "[T]to defeat the motion the non-movant must present sufficient evidence to show an evidentiary conflict as to the material fact in dispute. . . with due consideration to the evidentiary burdens." *Opryland USA Inc. v. Great American Music Show*, Inc., 970 F.2d 847, 850 (Fed. Cir. 1992).

In addition, Magistrate Payne clearly did consider Dr. Gottesman's legal conclusions and found them devoid of any disputed underlying facts:

> The claims of the '967 and '993 patents may have improved the way ticket takers verify the authenticity of an electronic ticket… But under the law as it stands today, the asserted claims are not patent-eligible. (Dkt. 146, pp. 17-18).  The Court finds no relevant disputed underlying facts in this case, nor has Plaintiff demonstrated any.  (Dkt. 146, p. 11).  [T]he asserted claims do not include an inventive concept sufficient to move the claims away from the abstract idea. (Dkt. 146, p. 16).

Magistrate Payne properly assessed the lack of disputed underlying facts, and properly considered the ipse dixit legal conclusions of Dr. Gottesman as not rising to the level of disputed underlying facts.

### E.   Magistrate Payne Rightfully Considered Bytemark's Pending Patent Applications

Bytemark argued Magistrate Payne "gave improper weight to pending applications involving other Bytemark patents with different claims and claim elements." Dkt. 147, p. 7. Magistrate Payne's referrals to the pending family patent applications arises in his background discussion (pp. 7-10). Within his analysis (pp. 13-15), Magistrate Payne makes no reference of analysis of the related patents or pending applications but rather properly focuses on the specification and prosecution history of the '967 and '993 patents. Pages 13-15 of the R&R properly review details of the prosecution and its impact on the claims. Bytemark offers no arguments as to what elements of the prosecution are in dispute or raise an issue of material fact.

### F.   The Objections Fail to Identify Any Issues Associated with Preemption

The Objections discuss the general concept of preemption, which was addressed in the R&R on page 17. The Objections, however, fail to identify any supposed factual or legal issues with the R&R, or identify an environment recited by the claims that would narrow them to supposedly alleviate the preemption concerns. Thus, no such issues exist, and the R&R was proper. For these reasons, the R&R should be respectfully adopted.

Dated:  December 21, 2018

Respectfully submitted,
FISHMAN STEWART PLLC
By:     */s/ Douglas P. LaLone*
Douglas P. LaLone (Michigan Bar No. P45751)
Thomas E. Donohue (Michigan Bar No. P57089)
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel.: (248) 594-0600
dlalone@fishstewip.com/tdonohue@fishstewip.com

SPENCER FANE LLP

By:     */s/ Kasia Brozynski*
        Kasia Brozynski
        Texas Bar No. 24036277
        Antonio S. Devora
        Texas Bar No. 24074133
        5800 Granite Parkway, Suite 800
        Plano, TX 75024
        Tel.: (214) 245-3068
        kbrozynski@spencerfane.com
        adevora@spencerfane.com
        *Attorneys for Defendant Masabi LTD.*


## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, and a true and correct copy of the foregoing paper has been electronically served on all counsel of record pursuant to Local Rule CV-5(a)(3)(A).

By:     */s/ Douglas P. LaLone*
        Douglas P. LaLone